IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 1 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mark Clifton, # 16744056 )
F.C.I -OTISVILLE )
POB 1000 Pro se Petitioner, )
OTISVILLE, New York 10963 )
)
)
v. )
)
)
UNITED STATES POSTAL INSPECTION )
SERVICE. )

Case: 1:08-cv-00052
Assigned To : Bates, John D.
Assign. Date : 1/11/2008
Description: FOIA/PRIVACY ACT

Complaint

## PETITION FOR WRIT OF MANDAMUS

This pro se petitioner Mark Clifton, Petition's the United States District Court for the District of Columbia, for a **Writ of Mandamus** to compel the **United States Postal Inspection Service FOIA/PA Section,** to perform acts which the law specifically enjoins as duties arising out of office, and exercise its judgment or discharge its functions as the law require, Congress enacted **FOIA** to facilitate public access to Government documents. See, **United States Dep't of State v. Ray,** 502 U.S. 164, 173 - 74, 116 L.Ed.2d 526 (1991).

Petitioner is a layman of law and therefore his motion to compel should be construed liberally, or held in less stringent standard than formal pleading drafted by a lawyer. see, **Haines v. Kerner, 404 U.S. 519 (1972).**

Petitioner has no other remedy at law to redress the **United States Postal Inspection Service FOIA/PA Sections** abuse of discretion, which is so clear and undisputably in this case as to compel the prompt intervention by the district court.

The petitioner request the court to make finding of fact and conclusion of law thereto, and to hear and determine this petition as expeditiously as the ends of justice require. The matters at issue herein are of exceptional circumstance amounting to a usurpation of power justifying the issuance of a mandamus that involve a persistent disregard for the **United States Constitution** and **Federal** statutory law, by the **United States Postal Inspection Service,** as more fully described herein.

## PRELIMINARY STATEMENT

On February 6, 1997 following a jury trail, petitioner Clifton was convicted for **Conspiracy to distribute** an **unspecified amount of Cocaine base.** The district court sentenced petitioner Clifton to 360 **months** for **count one** and 360 **months** for **count two,** to run concurrent.

# I. JURISDICTION

The authority of this Court to issue an extraordinary writ derived from 28 U.S.C. § 1361. See, **Allid Chemical Corp. v. Daiflon Inc., 449 U.S. 33, 66 L.Ed.2d 193, 101 S.Ct. 188 (1980)**. Remedy of mandamus is a dramatic one to be invoked only in extraordinary situations.

## II. ISSUE PRESENTED

Whether the United States Postal Inspection Service Freedom of Information/Privacy Act failed to respond to petitioner's FOIA/PA numerous individual request.

## III. FACTS REGARDING THE ISSUE

The petitioner Mark Clifton, respectfully submits the following facts that are related to the issue presented in this instant matter, and makes this affirmative pursuant to 28 U.S.C. § 1361 and 28 U.S.C. § 1746.

1. On November 7, 2002 Petitioner Mark Clifton, filed a **Freedom of Information/Privacy Act** request and **Affidavit** in relation to his **Criminal Case No: 7:96-CR-0062-02**, See, Exhibits A & B

2. On November 22, 2002 "**United States Department of Justice, United State Attorney** for the **Eastern District** of **North Carolina**, mailed petitioner an acknowledgment letter stating " as required

by **Federal Regulation 28 C.F.R. § 16.3.** I am sending your letter to:

> "Freedom of Information Act/Privacy Act
> Unit Executive Office for United States
> Attorneys, 600 E Street, N.W.
> Washington, DC 20530." See, (EX-C).

3.    On November 26, 2002 the United States Postal Inspector Service acknowledged receipt of petitioner's November 7, 2002 letter, "requesting access to certain records that may be in the custody of the **U.S. Postal Inspection Service** pertaining to you." "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request."

4.    On December 30, 2002, the **U.S. Department of justice** forward a letter to petitioner stating:

> "A search for records located in the
> United States Attorney's Office(s) for
> the Eastern District of North Carolina
> has revealed no records." "The records
> which you have requested cannot be
> located." "This is the final action
> my office will take on this particular
> request."

5.    On January 7, 2003 petitioner filed a **Notice of Appeal** to the decision given by **EOUSA/FOIA** on December 30, 2002.

6.    On January 31, 2003 the petitioner was contacted by the **Office of Information and Privacy,** which has the responsibility of adjudicating such appeals. Petitioner was assigned **(Appeal Number 03-1129).**

"We will notify you of the decision on your appeal as soon as we can." (See, Ex-H).

7.    On May 20, 2003 Petitioner once again made another formal request to the **United States Postal Inspection Service National Forensic Laboratory,** requesting photographed documents filed with that agency concerning a copy of photographed latent fingerprints marked as **(exhibits Q-1 and Q-2).** See, (Ex - I & J).

8.    On May 21, 2003 the **U.S. Department of Justice, Office of Information and Privacy Act** decided to process petitioner's request within a releasable portions of those records to you directly. See, (Ex - K).

9.    On September 22, 2003 petitioner wrote a letter to the **Executive Office for the U.S. Attorney's** FOIA/PA unit inquiring about **(request No: 02-3734)** which was filed with that agency November 18, 2002.See(Ex - L).

10.    On November 28, 2003 the **United States Postal Inspection Service Office of Counsel** responded to petitioner's November 7, 2002, and May 20, 2003 inquries. (Enclosed are two pages of record material)(Ex - K-1 and Q-2)which can be released to you in their entirety. Since no latent fingerprints were developed on **Exhibit Q-1** this record is not available for disclosure. Any latent fingerprints which may have been developed on **Exhibit Q-2** would be exempt from disclosure under **Section 552(b)(6). See, Ex - M, N, & O).**

11.    On June 29, 2005 the **U.S. Department of Justice** wrote to petitioner stating:

> This letter constitutes a supplemental reply from the Executive Office for the United States Attorney, the official record keeper for all records located in this office and the various United States Attorney's Offices. In response to your Freedom of Information/Privacy Act request, the paragraph(s) checked below apply:

[X] "Those records were found in the U.S. Attorney's office files and may or may not be responsive to your request." See, (Ex - P & P1)

12.    On August 1, 2005 the **United States Inspection Service Office of Counsel** informed petitioner in "reference to your (Freedom of Information Act) request addressed to the **U.S. Department of Justice**, dated July 13, 2005, for access to records regarding you. Found in the files of the **U.S. Department of Justice** were **17 pages** of **record material** that originated with the **U.S. Postal Inspection Service**. Those pages were referred to this office for a releasablility determination and direct response to you. See, (Ex - Q).

13.    On August 20, 2005 petitioner filed a **Freedom of Information Appeal** letter, stating:"Your office is in possession of **14 pages of documents** from DCA and **16 pages** from **Postal Services**, they refused to provide me on grounds of documents obtained from other agency." See, (EX - R).

14. On September 11, 2006 **U.S. Department Of Justice Office Of Information** and **Privacy** affirm EOUSA's action concerning petitioner's request for a **"picture copy"** and **"laboratory analysis of latent fingerprints"** labeled (Ex-Q-2) and **latent fingerprints** labeled (Ex-K-1). See, (Ex-S).

15. on October 16, 2006 petitioner wrote a letter to **Katherine L. Myrick, Chief of Freedom Of Information Operation Unit**, asking the "status of that referral and the response from your office." See, (Ex-T).

16 On October 27, 2006 **United States Postal Service** responded to petitioner's October 16, 2006 FOIA request by forwarding said request to the **Chief Postal Inspector**. See, (Ex-U & U1).

17. On November 8, 2006 Petitioner made another "FOIA request and had directed it to the **Executive Office for the United States Attorney'**. Specifically, petitioner requested a **(photocopy of the twelve latent fingerprints and three latent palm prints)** developed from an exhibit known as **(Exhibit Q-2)** and a **(photocopy of his own inked finger prints)** that were submitted for analysis along with two other exhibits, **one known as Q1** and the other known as **Q2**." See, (ex-V).

18. On January 9, 2007 **United States Postal Inspection Service Office of Counsel** in reference to petitioner's November 8, 2006 request letter. "There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request. See, (Ex-W).

19.    Once again the **United States Postal Inspection Service, Office of Counsel**, responded on February 16, 2007 to petitioner's request by stating, "our records indicate that this office previously responded to your latest query by letters dated **August 1, 2005 and October 27, 2006.** See, (Ex-X).

20.    On April 12, 20007 petitioner filed another administrative appeal requesting among other things " a photo copy of his own inked fingerprint." See, (x-Y).

21.    On June 5, 2007 the **United States Postal Service** responded to petitioner with a (5 page) lettered motion explaining why the records referenced above were properly withheld from disclosure pursuant to **FOIA Exemption 2,5,6, and 7(c), 5 U.S.C. § 552(6)(2)(6)(5),(6)(7)(c). See, (Ex-Z & 5 attached pages).**

## IV. LEGAL ARGUMENT as to why MANDAMUS Should be Granted

Petitioner has tired diligently through correspondence for **five (5) years**, to the **Executive Office** for the **United States Attorney's** and the **United States Postal Inspection Service, Freedom of Information/Privacy Act**, to process his FOIA/PA request in accordance with **5 U.S.C. § 552**. For some profane reason the **United States Department of Justice** and the **United States Postal Inspection Service has held steadfast in depriving** petitioner of public access to government documents pertaining to the instant case, regarding his personal latent print used to convict him at trial.

At petitioner's trial Mr. Kenneth Smith a forensic latent print analyst testify in Court to the following:

The Court: All right. Hearing no objections the court will allow Mr. Smith to testify as an expert in his field.

Now members of the jury, let me tell you what this maens. Scientific, technical, or other specialized knowledge might assist you in understanding the evidence or as determining a fact and issue, a witness qualified as an expert by knowledge, skill, training or education, may testify and state his opinion concerning such matters.

See, Tr.Trans.Page 116.

The Court: Let 15 be admitted.

Q. Now did you compare the latent print.That you found on exhibit number 1 to the inked impressions of the defendant <u>Mark</u> <u>Clifton</u> on number 17?

A. Yes I did

Q. And as a result of that were you able to form any opinion or conclusions as a result of your examination and comparison?

A. Yes. The one latent print that appears on the edge of the card board box in the area I'm pointing to here I was able to identify as having been made by the left index finger of <u>Mark</u> <u>Clifton.</u> As shown on the Governments exhibit 15 and this latent print could not have been made by any other person. See, Tr.Trans. page 121.

The petitioner <u>Mark</u> <u>Clifton</u>, contends that the United States Department of Justice, Executive Office for the Attorney'

and United States Postal Inspection Service, Freedom of information/Privacy Act, has intentionally refuse to disclose the latent print of the left index finger of petitioner.

At which Kenneth Smith, forensic latent print analyst, testify to using in order to compare it with the petitioner's inked print that were already on file from previous arrest.

It would appear that the **Department of Justice** and the **U.S. Postal Inspection Service**, in this instant matter intentionally withhold the photo copy of petitioner's latent print used to convict him in a jury trial.

Congress enacted FOIA to facilitate public access to government documents. See, **United States Dep't of State v. Ray, 502 U.S 164, 173-74, 112 S.Ct. 541, 116 L.Ed.2d 526(1991).** Without question, FOIA reflects a general philosophy of full agency disclosure.

**John Doe Agency v. John Doe Corp, 493 U.S. 146, 152, 110 S.Ct. 47 475, 107 L.Ed.2d 462(1989)**(quoting) Dep't of Air Force v. Rose, 425 U.S. 352, 360-61, 96 S.Ct. 1598-99, 48 L.Ed.2d 11(1979).

Where a plaintiff charge a federal agency with constitutional or statutory violation, mandamus is an appropriate remedy. See, **Almonte v. Pierce, 666 F.Supp. 517, S.D.N.Y. 1987.**

A pleading wherein plaintiff state sufficient facts to make out an arguable right to mandamus vest district court with jurisdiction to determine facts, hear grievance and decide case on its merits. See, **Brown v. United States, 365 F.Supp. 328.**

Petitioner contend that the **First Amendment** of the **United States Constitution** and **Tital 5 U.S.C. § 552** grant him the right to request disclosure of **(photo copies)** of his **own latent prints** used at trial all in relation to the case which has been closed for years. And for the **United States Department of Justice** and the **United States Postal Inspection Service** of **FOIA/PA Act** to deny petitioner access to his own latent print of his left index finger, violates the **United States Constitution** and statutory rights to said information.

The general purpose of **FOIA** is to ensure an informed citizenry which is needed to check against corruption and hold the governors accountable to the governed. See, **N.L.R.B. v. Robbins Tire & Rubber Co.,** **437 U.S. 214, 242, 98 S.Ct. 2311 (1978).**

## V. RELIEF SOUGHT

For all of the above reasons set forth in this petition, the petitioner respectfully request that this Court Order the **United States Postal Inspection Service,** under the **Freedom of Information/Privacy Act**, to **release** **(photo copies)** of **latent prints** used to be compare with petitioner's inked prints all done in the interest of justice.

## VI. **CONCLUSION**

**WHEREFORE**, petitioner Mark Clifton, pro se, respectfully prays that this Honorable Court will issue an Order granting his **Petition for Writ of Mandamus** pursuant to 28 U.S.C. § 1361, **to** compel an officer of the **United States** to perform his/her duty.

Compelling the **United States Postal Inspection Service** under the **Freedom of Information/Privacy Act** to perform acts which the law specifically enjoins as duties arising out of office, and **to** exercise its judgment or discharge its function as the law requires in releasing **(photo copies)** of petitioner's latent print of his left index finger.

The petitioner further prays for any other relief the Court may deem just and appropriate in this matter.


**Mark Clifton**, under the penalty of perjury say that the foregoing is true and correct to the best of his knowledge. 28 U.S.C. § 1746.


Respectfully Submitted

By _Mark Clifton_

Dated: December _5_, 2007

## PROOF OF SERVICE

I certify that on December __5__, 2007, I **Mark Clifton**, mailed a copy of the enclosed legal document via first class mail to the following parties listed below:

United States Postal Inspection Service
475 L'ENFANT PLAZA SW, Room 3411
Washington, DC 20260-2181

I **Mark Clifton**, do swear or declare that this document was given to prison officials on this the_____day of December, 2007, to be forwarded to the above address from this the Federal Correctional Institution (F.C.I. Otisville) P.O. Box 1000, Otisville, New York 10963.

I **Mark Clifton**, do certify under the penalty of perjury that the forgoing is true and correct pursuant to 28 U.S.C. § 1746

_Mark Clifton_
Mark Clifton

12/5/07
Dated:

A

MARK R. CLIFTON
REG. NO. 16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON, N.J. 08320

November 7, 2002

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
FREEDOM OF INFORMATION  / PRIVACY ACT
600 E. STREET, N.W.;  RM. # 7100
WASHINGTON, D.C. 20530

RE:  UNITED STATES  V  MARK CLIFTON
     CASE NO.  7:96-CR-62-2  (MJH)
     DISCOVERY MATERIAL

Dear    Department Of Justice          :

     Pursuant to the Freedom Of Information Privacy Act provided under
5 USC § 552, please send me a **picture copy** and laboratory analysis of the
following evidence used in relation to the above referenced federal
prosecution:  (1) latent fingerprints labeled as **Exhibit Q-2** and (2)
latent fingerprints labeled as **Exhibit K-1.** (see the attached Forensic
Laboratory Examination Report)  The information requested is necessary and
pertinent to prepare an appeal against the aforementioned criminal
prosecution.  In support thereofan affidavit has been enclosed.
     Upon acceptance of this request please send me the available
information at your earliest convenience.  Your cooperation is greatly
appreciated.

                              Sincerely

                              *Mark R Clifton*

                              Mark R. Clifton

EXHIBIT-A

B

## AFFIDAVIT IN SUPPORT OF AFFIANT'S
## REQUEST FOR LATENT FINGERPRINT COPIES

I, Mark R. Clifton, Affiant hereby certify under penalty of perjury pursuant to 28 USC § 1746, the following statements are true and correct to the best of my knowledge:

1. I am the writer / affiant of this affidavit and requestor of the preceding letter requesting information regarding my arrest for which I am presently confined to federal prison.

2. My date of birth is August 6, 1965.

3. My place of birth is _____ .

4. I am a United States Citizen.

5. My social security number is  # 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.

6. I am a federal prisoner serving a prison term of three hundred sixty months executed on May 28, 1997.

7. I was arrested on October 16, 1996 in Clinton, North Carolina for conspiracy to possess a schedule II controlled substance in violation of 21 USC § 846  in connection with  21 USC § 841 (a)(1).

8. On the above arrest date, I was arrested by the United States Postal Inspector, Drug Enforcement Administration, and Sampson County Drug Task Force of Clinton, North Carolina.

9. A two count indictment was filed against me on November 7, 1996 in Fayetteville Division of the United States District Court for the Eastern District Of North Carolina.

10. I was prosecuted before the Honorable Judge, Malcom J. Howard under case number  7:96-CR-62-2.

11. I was convicted on February 6, 1997 pursuant to allegations charged by the federal government.

Respectfully submitted on this _____ day of November, 2002.

MARK R. CLIFTON
REG. NO.  16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON, N.J. 08320

EXHIBIT-B



**U. S. Department of Justice**

*United States Attorney*
*Eastern District of North Carolina*

---

*310 New Bern Avenue*
*Suite 800, Federal Building*
*Raleigh, North Carolina 27601-1461*

*Telephone (919) 856-4530*
*Criminal FAX (919) 856-4487*
*Civil FAX (919) 856-4821*
*www.usdoj.gov/usao/nce*

November 22, 2002

Mr. Mark R. Clifton
#16744-056
Fairton FCI
P.O. Box 420
Fairton, NJ 08320

RE: FOIA REQUEST

Dear Mr. Clifton:

　　Your letter requesting information pursuant to the Freedom of Information and Privacy Acts has been forwarded to me. As required by Federal Regulation 28 F.C.R. § 16.3, I am sending your letter to:

　　Freedom of Information Act/Privacy Act Unit
　　Executive Office for United States Attorneys
　　600 E Street, N.W., Room 7300
　　Washington, D.C.   20530
　　Phone: 202-616-6757   Fax: 202-616-6478

　　If you have any questions, or need to facilitate any future FOIA communications, please correspond by mail or phone with the Washington D.C. FOIA Unit. That office coordinates the processing of all FOIA requests for all of the United States Attorney Offices.

　　All other correspondence to you regarding this matter will be from the Executive Office for United States Attorneys.

　　　　　　Sincerely,

　　　　　　FRANK D. WHITNEY
　　　　　　United States Attorney

　　　　　　LINDA H. HAYES
　　　　　　Paralegal Specialist
　　　　　　Criminal Section

EXHIBIT-C



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF THE COUNSEL

November 26, 2002

Mr. Mark R. Clifton
Reg. No. 16744-056
Fairton FCI
P.O. Box 420
Fairton, NJ 08320-0420

RE: FOIA # 2003-0053

Dear Mr. Clifton:

This will acknowledge receipt of your letter dated November 7, 2002, requesting access to certain records that may be in the custody of the U.S. Postal Inspection Service pertaining to you.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis. We will be in contact with you as soon as possible concerning this matter.

Sincerely,

B. White

for J. G. Eyre
Information Disclosure Specialist

475 L'ENFANT PLAZA SW, ROOM 3411
WASHINGTON DC 20260-2181
TELEPHONE: 202-268-4420
FAX: 202-268-7741

EXHIBIT-D

MARK R. CLIFTON
REG. NO. 16744-056
FAIRTON F.C.I.
P.O. BOX 420
FAIRTON, N.J. 08320


December 10, 2002


U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
FREEDOM OF INFORMATION / PRIVACY ACT
600 E. STREET, N.W.: RM.# 7100
WASHINGTON, D.C. 20530


    RE:  Request Number 02-3734
          Subject: Self (7:96-CR-62-2  (MJH)


Dear Freedom Of Information / PA :

    To prevent any unnecessary delay in regards to processing my request
please be advised that my  'project request'  is specifically itemized
as to particularized information requested.  (see attachments)


                          Sincerely


                          Mark R. Clifton


EXHIBIT - E

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 02-3734

Requester: Mark R. Clifton

Subject: Self (7:96-CR-62-2(MJH))

Dear Requester:

The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request</u>. If we need additional information, we will contact you within two weeks.

Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or we will consider that you have agreed to a due date of nine months from the date of this letter.

By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR §16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time</u>! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

Sincerely,

*Marie A. O'Rourke*

Marie O'Rourke
Assistant Director
FOIA/PA Unit

Form No. 001 - 3/02

EXHIBIT- E1

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757 Fax 202-616-6478

DEC 30 2002

Request Number: 02-3734 _____    Date of Receipt: ___11/18/02_____

Requester: __Mark Clifton_____

Subject: ____Self_____

Dear Requester:

In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1. [ ]    A search for records located in this office has revealed no records.

2. [XX]   A search for records located in the United States Attorney's Office(s) for the_Eastern District of North_ _Carolina_____ has revealed no records.

3. [XX]   The records which you have requested cannot be located.

4. [ ]    This office is continuing its work on the other subject/districts mentioned in your request.

5. [XX]   This is the final action my office will take on this particular request.

You may appeal my decision in this matter by writing within sixty (60) days, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 6/02

EXHIBIT-F

MARK CLIFTON
REG. NO. 16744-056
FAIRTON F.C.I.
P.O. BOX 420
FAIRTON, N.J. 08320

January 7, 2003

OFFICE OF INFORMATION and PRIVACY
UNITED STATES DEPARTMENT OF JUSTICE
FLAG BUILDING, SUITE 570
WASHINGTON, D.C. 20530

  RE: FREEDOM OF INFORMATION ACT APPEAL
    REQUEST NUMBER:  02-3734

Dear FOIA / PA

  This is a notice to appeal a decision given by EOUSA / FOIA on December 30, 2002 regarding my request for pictured fingerprint copies used against me in a criminal prosecution.  Pursuant to appeal process, please direct EOUSA / FOIA to forward me all information requested.

  EOUSA / FOIA asserted, a search for records located in the United States Attorney's Office for the Eastern District of North Carolina has **revealed no records** and that the requested records **cannot be located.** The records requested, however, were filed in the clerk's office of the given court, used to incriminate me and to link me to illegal criminal activity which I did not commit.  Requested records are therefore necessary and pertinent to challenge my criminal conviction.

  WHEREFORE, I, Mark Clifton request and prays that relief is Granted.

        Sincerely

        _Mark Clifton_

        Mark Clifton

EXHIBIT-G

*H*



**U.S. Department of Justice**

Office of Information and Privacy

_____

Telephone: *(202) 514-3642*                    *Washington, D.C. 20530*



Mr. Mark Clifton
Register No. 16744-056
Fairton Federal Correctional Institution
Post Office Box 420
Fairton, NJ  08320

      Re:    EOUSA No. 02-3734

Dear Mr. Clifton:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on January 15, 2003.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **03-1129**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

                      Sincerely,

                      Priscilla Jones
                      Administrative Specialist

EXHIBIT - H

MARK CLIFTON
REG. NO. 16744-056
FAIRTON F.C.I.
P.O. BOX 420
FAIRTON, N.J. 08320


May 20, 2003


UNITED STATES POSTAL INSPECTION SERVICE
NATIONAL FORENSIC LABORATORY
DENNIS M. GRISWOLD, POSTAL INSPECTOR
P.O. BOX 1450
WILMINGTON, N.C. 28402-1450

    RE: CASE NO.: 661-1198768-PMN(1); PE-07270(1)
    TOOLMARK EXAMINATION

Dear U.S. Postal Inspector:

    I would like to obtain a copy of photographed documents filed with this agency regarding a criminal investigation. If there is a purchasing fee, please send me the cost to obtain a copy of **photographed latent fingerprints** marked as exhibits **Q-1** and **Q-2** regarding the above referenced matter. (see attached letter)


                           Sincerely


                           Mark Clifton


EXHIBIT-I



FORENSIC LABORATORY EXAMINATION REPORT

United States Postal Inspection Service
National Forensic Laboratory
22433 Randolph Drive
Dulles VA 20104-1000

January 14, 1997

Case Number 661-1198768-PMN(1); FP-07270(2)
Latent Print Examination
Date of Requests November 15 and December 23, 1996

D. M. Griswold
Postal Inspector
P.O. Box 1450
Wilmington, NC  28402-1450

PROBLEM:     Examine Exhibits Q-1 and Q-2 for latent prints of value for
             identification and compare them with the inked finger
             prints of Mark R. Clifton, K-1.

FINDINGS:    Twelve latent finger prints and three latent palm prints
             were developed on Exhibit Q-2. No latent prints were
             developed on Exhibit Q-1.

             One latent finger print developed on the box, Q-2, was
             identified as having been made by Mark R. Clifton, K-1.
             This latent finger print could not have been made by any
             other person.

             The other latent prints remain unidentified.

REMARKS:     The latent prints developed were photographed for our
             files.  The inked finger prints submitted will be retained
             for possible inclusion in PAFIS.

EXHIBITS:    Q-1 and Q-2 are enclosed under registered mail number
             R229 074 586.

Kenneth O. Smith
Forensic Latent Print Analyst

EXHIBIT - J

703-406-7100
Fax: 703-406-7115



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                    Washington, D.C. 20530

MAY 2 1 2003

Mr. Mark Clifton
Register No. 16744-056
Federal Correctional Institution    Re:  Appeal No. 03-1129
Post Office Box 420                      Request No. 02-3734
Fairton, NJ  08320                       RLH:JYC:NSQ

Dear Mr. Clifton:

    You appealed from the action of the Executive Office for United
States Attorneys on your request for access to records concerning
fingerprint evidence in your criminal case.

    After carefully considering your appeal, and as a result of
discussions between EOUSA personnel and a member of my staff, the
EOUSA has conducted a further search and located records which may be
responsive to your request.  In light of this fact, I have decided to
remand your request to the EOUSA for processing of these records.
The EOUSA will provide any responsive and releasable portions of
those records to you directly.  If you are dissatisfied with the
ultimate action on those records, you may appeal again to this
Office.

    If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                                Sincerely,

                                Richard L. Huff
                                Co-Director


                    EXHIBIT-K

MARK CLIFTON
REG. NO. 16744-056
FAIRTON F.C.I.
P.O. BOX 420
FAIRTON, N.J. 08320

September 22, 2003

EXECUTIVE OFFICE FOR U.S. ATTORNEYS
FOIA / PA UNIT
600 E st., N.W. RM. #7300
WASHINGTON D.C. 20530

Dear Sir / Madam:

I am inquiring about request no. 02-3734 which was filed with
your agency November 18, 2002 and was appealed to the office of information
and privacy. I am in receipt of a letter from their office stating that
they remanded my request to your agency for processing. I have not received
a response from your office. Please send me a response upon your acceptance
of this letter. The requested information is very pertinent to my present
imprisonment and necessary to file a post conviction motion for relief.

Thank You

Mark Clifton

Mark Clifton

CC: File

EXHIBIT - L

*M*



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

November 28, 2003

Mr. Mark Clifton
Reg. No. 16744-056
Fairton F.C.I.
P.O. Box 420
Fairton, NJ 08320-0420

RE: FOIA # 2003-0053

Dear Mr. Clifton:

This is in further reference to your letters dated November 7, 2002, and May 20, 2003, requesting, pursuant to the Freedom of Information/Privacy Acts, access to latent fingerprints labeled as Exhibits Q-1, Q-2 and Exhibit K-1.

Enclosed are two pages of record material (Exhibits K-1 and Q-2) which can be released to you in their entirety. Since no latent fingerprints were developed on Exhibit Q-1 this record is not available for disclosure. Any latent fingerprints which may have been developed on Exhibit Q-2 would be exempt from disclosure under section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is enclosed.

Sincerely,

*M. R. Baxter*

M. R. Baxter
Information Disclosure Technician

Enclosures

475 L'ENFANT PLAZA SW, ROOM 3411
WASHINGTON, DC 20260-2181
TELEPHONE: 202-268-4421
FAX: 202-268-7741

EXHIBIT - M





EXHIBIT-N

LEAVE BLANK

TYPE OR PRINT ALL INFORMATION IN BLACK

LAST NAME **NAM**    FIRST NAME    MIDDLE NAME

CLIFTON        MARK

Inspection Service
Exhibit
Label 113, July 1987

STATE USAGE

ALIASES        **COPY**

SIGNATURE OF PERSON FINGERPRINTED

CONTRIBUTOR **ORI**        NY0303000

PD
NEW YORK NY

DATE OF BIRTH **DOB**   08/08/55

THIS DATA MAY BE COMPUTERIZED IN LOCAL, STATE AND NATIONAL FILES

DATE    SIGNATURE OF OFFICIAL TAKING FINGERPRINTS

DATE ARRESTED OR RECEIVED **DOA**    08/25/82

SEX N    RACE N    HGT. 5-07    WGT. 150    EYES BRO    HAIR BLK    PLACE OF BIRTH **POB** NEW YORK

CHARGE? POSS WEAP LOADED FIREAR

TOUR NO. **OCA**    K82034978L

FBI NO. **FBI**

LEAVE BLANK

CLASS.    O 31W II O
I 32W OO I 19

REF.

FINAL DISPO.

MO NO. **SID**    4881918Q

SOCIAL SECURITY NO. **SOC**

1033C

NCIC CLASS    FPC

CAUTION



EXHIBIT-0



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JUN 2 5

---

Request Number: ___02-3734___        Date of Receipt: ___04/21/2004___

Requester: __Mark R. Clifton__        Subject: __Latent fingerprints labeled as Exhibit Q-2 and
latent fingerprints labeled as Exhibit K-1__

Dear Requester:

      This letter constitutes a supplemental reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorney's offices.  In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.    [ X ]    A review of the material revealed documents that originated with another government component.  **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.**  These records were referred to the following components listed for review and direct response to you:

                **Drug Enforcement Administration (14 Pages Referred)**
                **United States Postal Service (16 Pages Referred)**

2.    [   ]    The records responsive to your request have been destroyed pursuant to Department of Justice guidelines.

5.    [   ]    The Freedom of Information Act only applies to records already in existence and does not require an agency to conduct research, create new records, or answer questions disguised as FOIA requests.

6.    [   ]    Your request concerns material which is publicly available through the Government Printing Office.  You can obtain/purchase a copy of the requested material by writing to the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C.  20402.

7.    [   ]    This office is continuing its work on the other subject/districts mentioned in your request.

8.    [ X ]    **This is the final action my office will take on your request.**

      You may appeal my decision in this matter by writing within sixty  (60) days, to:

                Office of Information and Privacy
            United States Department of Justice
                   Flag Building, Suite 570
                 Washington, D.C.  20530

      Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

EXHIBIT-P

(Page 1 of 2)
Form No. 005A - 11/02

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

(Page 2 of 2)

Form No. 005A - 11/02

EXHIBIT - P1





UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 1, 2005

Mr. Mark R. Clifton
Reg. No. 16744-056
Fairton FCI
P.O. Box 420
Fairton, NJ  08320-0420

RE: FOIA No. 2005-FPIS-00047

Dear Mr. Clifton:

This is in reference to your Freedom of Information Act request addressed to the
U.S. Department of Justice dated July 13, 2005, for access to records regarding you.

Found in the files of the U.S. Department of Justice were 17 pages of record material
that originated with the U.S. Postal Inspection Service.  These pages were referred
to this office for a releasability determination and direct response to you.

Enclosed are 5 pages in question that can be released to you.  Certain deletions
have been made to this material pursuant to title 5, United States Code, section
section 552(b)(6), where release of personnel and similar files would constitute a
clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where
disclosure could reasonably be expected to constitute an unwarranted invasion of
personal privacy.

In addition to these enclosures, there are 11 other pages which are exempt from
disclosure in their entirety in accordance with section 552(b)(2), which concerns
records related solely to the internal personnel rules and practices of an agency;
section 552(b)(5), which exempts inter-agency or intra-agency memorandums or
letters that would not be available by law to a party other than an agency in litigation
with the U.S. Postal Service; and section 552(b)(6), where release of personnel and
similar files would constitute a clearly unwarranted invasion of personal privacy; and
section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an
unwarranted invasion of personal privacy.

EXHIBIT-Q & Q1

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision.  A copy of the appeal procedure is also enclosed.

Sincerely,


M. R. Baxter
Information Disclosure Technician

Enclosures

Ex - Q1

FREEDOM OF INFORMATION "APPEAL LETTER"

FOI/PA Request No. **02-3734**                    Date: **8-20-05**

To: **EOUSA, FOI, Privacy Act**    From: **MARK CLifton**
   **600 E St, NW, Room 7300**     Reg. No. **16744056**  Unit **S803**
   **Washington, DC**              P.O. Box 7000
   **20530**                       Fort Dix, NJ    08640

This is an "Administrative Appeal" under the Freedom of
Information Act, Title 5 U.S.C. § 552(a)(6), and pursuant to
28 C.F.R. § 16.8.

On **8-9-05**  I received a letter from **EOUSA**
        of your agency denying my request for
**LATent FinGer Prints labeled as Exhibit Q-2
And LATent FinGer Print labeled AS Exhibit K-1**

This reply indicated that an "appeal letter" could be
sent to you.  I am enclosing a copy of my exchange of corres-
pondence with your agency so that you can see exactly what files
I have requested and the insubstantial grounds on which my re-
quest has been denied.

You will note that your agency has withheld the [entire]
or [nearly entire] documents that I requested.  Since the FOIA
provides that "any reasonably segregable portion of a record
shall be provided to any person requesting such record after
deletion of the portions which are exempt,..." I believe that
your agency has not complied with the FOIA.  I believe that
there must be additional segregable portions which do not fall
within the FOIA exemptions and which must be released.

Your agency has used the **reason of other AGency**
exemptions to withhold information. [describe specific arguments of
exemptions claimed of items withheld from the documents you received.] [at-
tach extra pages if needed]
**Your office is in possession of 14 pages of document From DEA
And 16 pages from postal service, they refused to provide me
on grounds of documents obtained from other agency**

If you choose to continue to withhold some of all of the
material which was denied in my initial request to your agency,
I ask that you send me an index of such material, [Vaughn Index,
see Vaughn v. Rosen, 484 F.2d 820, (D.C. Cir. 1973) together
with the justification for the denial of each item which is still
withheld.

I expect a reply within the twenty working-day time limit
pursuant to Title 5 U.S.C. § 552(6)(A)(ii). Please be advised that
any refusal to comply with the FOI/PA requirements will lead to
a lawsuit.

Sincerely,

*Mark Clifton*
Signature of Requestor

Enclosures:
   Copy of original FOI/PA request

EXHIBIT - R



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*

**SEP 1 1 2006**

Mr. Mark R. Clifton                           Re:    Appeal No. 05-2711
Register No. 16744-056                               Request No. 02-3734
Federal Correctional Institution                     BVE:GLB:KAM
Post Office Box 7000
Fort Dix, NJ  08640

Dear Mr. Clifton:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to yourself. Specifically, you requested a "picture copy" and laboratory analysis of latent fingerprints labeled Exhibit Q-2 and latent fingerprints labeled Exhibit K-1.

After carefully considering your appeal, I am affirming EOUSA's action on your request. These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.81 (2006). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

EOUSA located 158 pages in its files, that were deemed non-responsive to your specific request. A member of my staff reviewed these pages and it was determined that EOUSA's response was correct.

EOUSA also located an additional fourteen pages that originated with the Drug Enforcement Administration (DEA) and an additional sixteen pages that originated with the United States Postal Service (USPS). EOUSA referred these pages to DEA and USPS for processing and direct response to you. These referrals were proper and in accordance with Department of Justice regulations. See 28 C.F.R. § 16.4(c) (2006). Inquiries regarding the status of EOUSA's referrals may be sent directly to these components at the following addresses:

                    Katherine L. Myrick, Chief
                    Freedom of Information Operations Unit
                    Drug Enforcement Administration
                    Department of Justice
                    700 Army Navy Drive
                    Arlington, VA  22202

EXHIBIT-S ≠ S1

- 2 -

Jane Eyre, Manager
Records Office
United States Postal Service
475 L'Enfant Plaza West SW.
Washington, DC  20260-5202

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Ex. 51

October 16, 2006


Katherine L. Myrick, Chief
Freedom of Information Operations Unit
Drug Enforcement Administration
Department of Justice
700 Army Navy Drive
Arlington, Virginia 22202

Re: **Status of Executive Office for United States Attorneys'
     referral**

Dear Ms. Myrick:

   I had made a request for access to records pertaining to
myself and my request was reviewed under the Freedom of In-
formation Act.  I directed my request to the Executive Office
for United States Attorneys.  Specifically, I requested a
"picture copy" and laboratory analysis of latent fingerprints
labeled Exhibit Q-2 and latent fingerprints labeled Exhibit
K-1.

   EOUSA located 158 pages in its files that were deemed
non-responsive to my specific request.  EOUSA also located an
additional fourteen pages that originated with the Drug En-
forcement Administration (DEA).  EOUSA referred these pages
to DEA for processing and direct response to me.  I was in-
formed that inquiries regarding the status of EOUSA's referral
may be sent directly to your office.  (See attached copy of
appeal decision).

   The purpose of my letter is to ascertain the status of
that referral and the response from your office.  My sincere
hope is that your office will be able to furnish me with the
specific information I seek.  I look forward to hearing from
you in the near future.  Any assistance afforded me would be
greatly appreciated.

                                   Respectfully submitted,


                                   _____
                                   Mark R. Clifton
                                   Reg. No. 16744-056
                                   FCI Fort Dix (West)
                                   Unit _____
                                   P.O. Box 7000
                                   Fort Dix, NJ 08640-0907


EXHIBIT-T

RECORDS OFFICE



**UNITED STATES**
**POSTAL SERVICE**

October 27, 2006

MARK CLIFTON
REG No. 16744-056
FCI – Fort Dix West
PO BOX 7000
FORT DIX, NJ  08640-0907

RE: FOIA Case No. 2007-FPRO-00046

Dear Mr. Clifton:

This responds to your Freedom of Information Act (FOIA) request dated October 16, 2006 in which you seek access to Postal Service records.

Based on the information provided by you, the agency official having jurisdiction over the subject matter of your request is Lee Heath, Chief Postal Inspector, 1735 N Lynn St., 4th Floor, Arlington VA 22209.  I have forwarded your request to that office for action and direct response to you.  You may contact Betty White, Information Disclosure Specialist at 703-292-3995.

You will receive a response to your request directly from that office.  Please feel free to contact us with any questions.

Sincerely,

*alice m Parks*

ALICE M PARKS

cc:  Betty White

EXHIBIT-U



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

October 27, 2006

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, NJ  08640-0907

RE: FOIA No. 2007-FPIS-00019

Dear Mr. Clifton:

This is in further reference to your letter dated October 14, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding you.

On August 6, 2005, our envelope addressed to you at Fairton FCI, Fairton, NJ was returned, marked "attempted-not known, unable to forward, return to sender".

Enclosed please find our August 1, 2005 letter and attachments.

Sincerely,

/s/

T. A. Warner
Information Disclosure Technician

Enclosures

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-3944
FAX:  703-292-4083

EXHIBIT-41

November 8, 2006

Lee Heath
Chief Postal Inspector
1735 N. Lynn Street, 4th Floor
Arlington, Virginia  22209

Attn:  Betty White, Information Disclosure Specialist
Re:  Status of Forwarded Request from USPS Records Office
     FOIA Case No. 2007-FPRO-00046

Dear Ms. White:

I had made a Freedom of Information Act (FOIA) request and had directed it to
the Executive Office for United States Attorneys.  Specifically, I requested a
photocopy of the twelve latent fingerprints and three latent palm prints develop-
ed from an exhibit known as Exhibit Q-2 and a photocopy of my own inked finger-
prints that were submitted for analysis along with two exhibits, one known as
Q-1 and one known as Exhibit Q-2.

EOUSA located 158 pages in its files that were deemed non-responsive to my speci-
fic request.  EOUSA also located an additional sixteen pages that originated
with the United States Postal Service (USPS).  EOUSA referred these pages to
USPS for processing and direct response to me.

I then contacted Jane Eyre, Manager, Records Office, United States Postal Service,
475 L'Enfant Plaza SW, Washington, D.C.  20260-0001, to ascertain the status of
EOUSA's referral.  That office, in turn, referred me to your office.  (Please see
attached copy of referral letter.)

I'm writing to you to ascertain the status of that referral.  After I started
this letter, I found a document among my paperwork that might make it easier for
you to comply with my request.  It's a forensic laboratory examination report
from the United States Postal Inspection Service in Dullas, Virginia.  (Please
see attached copy.)  I'm hoping this additional information will prove helpful.

My sincere hope is that your office will be able to furnish me with the specific
information I seek.  I look forward to hearing from you in the near future.  Any
assistance afforded me will be greatly appreciated.

Very truly yours,

Mark R. Clifton
16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, New Jersey  08640-0907

-1-

EXHIBIT - V



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

January 9, 2007

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, NJ  08640-0907

RE: FOIA No. 2007-FPIS-00041

Dear Mr. Clifton:

This will acknowledge receipt of your letter dated November 8, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service pertaining to you.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis.

Sincerely,

*M. Renee Baxter*

M. Renee Baxter
Information Disclosure Technician

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-3944
FAX:  703-292-4083

EXHIBIT - W





United States Postal Inspection Service

Office of Counsel

February 16, 2007

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, NJ 08640-0907

RE: FOIA No. 2007-FPIS-00041

Dear Mr. Clifton:

This is in further reference to your letter dated November 8, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding a referral from the Executive Office of United States Attorneys.

Our records indicate that this office previously responded to your latest query by letters dated August 1, 2005, and October 27, 2006.

We have again enclosed another copy of our initial response letter and all releasable pages.

Please be advised that the Freedom of Information Act (FOIA), 5 USC §552, is a records and document statute that permits access only to federal agency records unless the records qualify for one of several exemptions.

The core purpose of the FOIA is to provide the public with information about the conduct of government agencies and does not require the Postal Service to provide you with information that is not contained in its records. The FOIA does not require an agency to create documents in response to an individual's request for information nor is it intended to compel agencies to become *ad hoc* investigators for requesters.

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-3944
FAX: 703-292-4083

EXHIBIT - X

April 12, 2007

7006 0810 0005 3625 0117

Chief Counsel
Customer Programs
U.S. Postal Service
475 L' Enfant Plaza, SW
Washington, D.C. 20260-1135

**RE: FOIA NO. 2007-FPRO-00046**

Dear Chief Counsel,

This is an "<u>Administrative Appeal</u>" under the Freedom of Information Act, title 5 U.S.C. § 552(a)(6), and pursuant to 28 C.F.R. § 16.8.

On March 23, 2007, I received a letter from M. Renee Baxter, Information Disclosure Technician, dated February 16, 2007, of your agency denying my request for a photo-copy of the twelve latent fingerprints an three latent palm developed from an exhibit known as exhibit Q-2 a d a photo-copy of my own inked fingerprints that were submitted fo analysis along with two exhibits , one known as exhibit Q-1 a d the other known as exhibit Q-2. The two exhibits were submitte to the United States Postal Service National Forensic Laboratory at 22433 Randolph Drive, Dulles, Virginia 20104-1000, by D.M. Griswold Postal Inspector, P.O. Box 1450, Wilmington, North Carolina 28402-1 50. In a response dated January 14, 1997, Kenneth O. Smith, Fore sic Latent Print Analyst, of the National Forensic Laboratory, s nt Mr. Griswold a report of his findings. (please see attached c py) This was furnished to the office of lee Heath, Chief Postal In pector, to assist in complying with my request.

This reply indica ed that an "Appeal Letter" could be sent to you. I am enclosing c pies of the majority of my exchange of my correspondence with yo r agency so that you can see exactly what files I have requested and the insubstantial grounds on which my request has been denie . Please note that on several occasions an inordinate amount of t me has passed from the time your agency sent a particular response ntil I actually received the response. (For example, the response rom your agency date August 1, 2005, I didn't receive until November 2006. The delay was probably due to the fact that the Federal ureau of Prisons moved me from the institution at fairton, New Jersey to the institution at Fort Dix, New Jersey.)

EXHIBIT - Y &Y1

Also please note that most contracts I've had with employees of the USPS have been positive, (See letter of Alice M. Parks, dated October 27, 2006). In contrast, the response from M. Renee Baxter, dated February 16, 2007, wherein, she tells me that, "The core purpose of the FOIA is to provide the public with information about the conduct of government agencies and does not require the Postal Service to provide you with information that is not contained in its records." (The Postal Service's own records confirm that the information I seek is indeed contained in its records.) Ms. Baxter goes on to inform me that, " the FOIA does not require an agency to create documents in response to an individual's request for information nor is it intended to compel agencies to become ad hoc investigators for requesters." The information I seek was the sole basis for the Court's imposition of a 30-year sentence in my case, thus my fervent quest to obtain the information.

You will note that your agency has withheld the entire documents that I requested. Since the FOIA provides that "any reasonable segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt...", I believe that your agency has not complied with the FOIA. I believe that there must be additional segregable portions which do not fall within the FOIA exemptions and which must be released.

If you choose to continue to withhold some of all of the material which was denied in my initial request to your agency, I ask that you send me an index of such material, (Vaughn Index, see Vaughn v. Roven, 484 F. 2d 820 (D.C. Cir. 1973) together with the justification for the denial of each item which is still withheld.

Please be advised that although the denial from your agency was dated February 16, 2007, I did not receive it until March 23, 2007. The cause for the delay can be attributed to the fact that the Federal Bureau of Prisons has once again moved me from the prison at Fort Dix (West) to the prions at Fort Dix (East).

Respectfully submitted,

Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, New Jersey 08640-0907

Ex-Y1

(2)

CORPORATE LAW



**UNITED STATES**
**POSTAL SERVICE**

_CERTIFIED MAIL – RETURN RECEIPT REQUESTED_

June 5, 2007

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, NJ  08640-0907

Freedom of Information Act Appeal 07-082

Dear Mr. Clifton:

This responds to your letter dated April 12, 2007, which was received in our office on May 8, 2007.  In your letter, you appeal the response to your request for information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

     I.      Background

Your appeal concerns two sets of correspondence which are described below.

          A.  Fingerprint Records

By letters dated November 7, 2002, and May 20, 2003, you requested access to latent fingerprint records labeled Exhibits Q-1, Q-2 and K-1 in the custody of the U.S. Postal Inspection Service.  In your letter of April 12, 2007, you stated that your request for this information was denied.  Review of Postal Inspection Service records reveals that M.R. Baxter, Information Disclosure Technician, Postal Inspection Service, responded your request by letter dated November 23, 2003.  Enclosed with that letter were two pages of record material (Exhibits K-1 and Q-2).  The Inspection Service informed you that no latent fingerprints were developed on Exhibit Q-1; consequently, no responsive records were available for disclosure in relation to that request.  You were informed that access to any latent fingerprints developed on Exhibit Q-2 were exempt from disclosure under FOIA Exemptions 6 and 7(C).[1]  5 U.S.C. § 552(b)(6), (b)(7)(C).

By letter dated November 7, 2002, addressed to the U.S. Department of Justice, you requested access to records concerning you.  On June 29, 2005, the U.S.

---

[1] The latent fingerprints that were withheld concerned an unidentified person.

475 L'ENFANT PLAZA SW
WASHINGTON, DC  20260-1135
WWW.USPS.COM

EXHIBIT-2

- 2 -

B. Other Records Pertaining to You

Department of Justice, Executive Office for United States Attorneys (EOUSA), referred 17 pages of records material that originated with this agency to the U.S. Postal Inspection Service for processing. Thereafter, by letter dated August 1, 2005, the Postal Inspection Service granted your request in part. You were granted five pages of material with certain redactions. The redactions were made to the material pursuant to Exemptions 6 and 7(C). 5 U.S.C. § 552(b)(6), (b)(7)(C). Eleven other pages of material were identified as exempt from disclosure in their entirety. These pages were withheld pursuant to FOIA Exemptions 2, 5, 6, 7(C). 5 U.S.C. § 552(b)(2), (b)(5), (b)((6) and (b)(7)(C).

By letter dated October 14, 2006, you requested information concerning the status of the referral from EOUSA to the U.S. Postal Inspection Service. By letter dated October 27, 2006, the Postal Inspection Service responded to your request. The Postal Inspection Service informed you that on August 6, 2005, the material addressed to you at the Fairton Federal Correctional Institution (FCI), Fairton, New Jersey was returned, marked "attempted-not known, unable to forward, return to sender." As a result, the Postal Inspection Service enclosed with its October 27 letter a second copy of the August 1, 2005, response and its attachments.

By letter dated November 8, 2006, you duplicated your request for the status of the EOUSA referral to the U.S. Postal Inspection Service. The Postal Inspection Service responded to your request by letter dated February 16, 2007. In your appeal, you allege that the Postal Inspection denied your request for documents under the FOIA. However, review of the records shows that that the Postal Inspection Service informed you that it had responded to your requests. The Inspection Service enclosed a third set of documents accompanied by the initial response letters of August 1, 2005 and October 27, 2006.[2]

II.    Analysis

After careful review, we are upholding the initial decisions provided on November 23, 2002 and August 1, 2005 for the reasons set forth below.

As background, the FOIA generally requires government agencies to disclose records within their possession. The Act contains several exemptions, however, that permit agencies to withhold certain records. 5 U.S.C. § 552(b)(1)-(9). With exception of material provided to you on November 23, 2003, and again enclosed with this letter, and records provided to you by letter dated August 1, 2005, the records referenced above were properly withheld from disclosure pursuant to FOIA Exemptions 2, 5, 6, and 7(C). 5 U.S.C. § 552(b)(2), (b)(5), (b)(7)(C).

---

[2] We note that you included with your April 12 appeal a copy of the U.S. Postal Inspection Service documents.

- 3 -

Exemption 2 applies to information concerning routine, internal matters of no interest to the general public.  See Department of the Air Force v. Rose, 425 U.S. 352, 369 (1976).  Examples of information that may be withheld pursuant to Exemption 2 are purely administrative documents that only relate to matters of internal significance, such as routing slips.  In the instant matter, a case file checklist was properly withheld under Exemption 2.

Records were also properly withheld under Exemption 5.  Exemption 5 permits agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  The exemption permits agencies to withhold records that would be privileged in the context of civil discovery.  NLRB v. Sears. Roebuck & Co.. 421 U.S. 132, 149 (1975).  One privilege recognized under Exemption 5 is the "deliberative process" privilege.  This privilege is intended to protect the free flow of ideas in the decision-making process of government agencies, and it protects internal documents that are both "predecisional" and "deliberative."  See NLRB v. Sears. Roebuck & Co., 421 U.S. at 150-52.  Once it is established that records are "intra-agency" and "predecisional," the records are exempt from disclosure under FOIA Exemption 5 to the extent that they contain "deliberative" information.  In this case, the notes and memoranda by the forensic examiners and postal examiners are "deliberative" as that term has been defined for purposes of Exemption 5 by the federal courts.  The withheld information in this case includes the requests for laboratory examinations, forensic reports, analyses, conclusions, and memoranda containing recommendations of Postal Inspectors and forensic examiners who prepared the memoranda.  This type of information is "deliberative" within the meaning of FOIA Exemption 5.  See Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).  Even factual information may be protected by the deliberative process privilege when the information is "inextricably intertwined" with deliberative information, see EPA v. Mink. 410 U.S. 73, 90-93 (1973), or when disclosure of factual material would reveal the deliberative process of the agency, see National Wildlife Federation v. United States Forest Service, 861 F.2d 1114,1118-19 (9th Cir. 1988).  Accordingly, we are upholding the decision of the Inspection Service to withhold documents in their entirety pursuant to Exemption 5.

The initial decisions of the Inspection Service also relied in part on FOIA Exemption 6, which permits agencies to withhold "personnel files and medical files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6).  However, because the records also qualify for the application of Exemption 7(C), and Exemption 7(C) provides greater protection of personal privacy than Exemption 6, we will limit our discussion to the application of Exemption 7(C).  FOIA Exemption 7(C) applies to "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7).  Records of agency investigations that focus on specifically alleged acts which, if proved, could result in criminal or civil sanctions are "compiled for law enforcement purposes" within the meaning of FOIA Exemption 7.  Stern v. FBI, 737 F.2d 84, 89 (D.C. Cir. 1984).

- 4 -

Exemption 7(C) permits agencies to withhold records compiled for law enforcement purposes the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The exemption protects the privacy interests of any individuals mentioned in records compiled for law enforcement purposes, whether they are the subjects of an investigation, witnesses, or third parties. King v. Department of Justice, 830 F.2d 210, 233 (D.C. Cir. 1987). Exemption 7(C) protects both information that is in itself embarrassing or intimate, and information that might cause adverse effects on an individual's life if it were disclosed. L & C Marine Transport. Ltd. v. United States, 740 F.2d 919, 923 (11th Cr. 1984). An individual does not lose his or her privacy interest under Exemption 7(C) because the individual's identity may be otherwise discoverable, id. at 922, or even if the individual's name has been disclosed elsewhere, Kirk v. Department of Justice, 704 F. Supp. 288, 292 (D.D.C. 1989). The protection of personal privacy under Exemption 7(C) continues after an investigation is closed, and it is not destroyed by the passage of time. See Keys v. Department of Justice 830 F.2d 337, 348 (D.C. Cir. 1987).

FOIA Exemption 7(C) requires us to weigh the privacy interests of the named and unnamed individuals against the public interest, if any, that would be served by disclosure. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762 (1989). In this case, there is no public interest in disclosure sufficient to outweigh the individuals' privacy interests. Although you may have a strong personal interest in obtaining the information, the FOIA requires that we balance the individuals' privacy interests against the interest of the public in general—shedding light on the conduct of government agencies—and not the particular interest of the requester. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. at 771-73. Disclosure of the withheld information would not contribute significantly to the public's knowledge of the operations and activities of the Postal Service. Therefore, the records are exempt from disclosure under FOIA Exemption 7(C), and were properly withheld.

We also note that the Privacy Act does not provide you with a right of access to the records you are requesting. Under the Act, individuals generally are entitled to obtain access to records concerning themselves that are maintained in a system of records covered by the Act. See 5 U.S.C. § 552a(d)(1). The Privacy Act contains exemptions, however, that permit agencies to exempt certain systems of records from the Act's access provisions. These exemptions apply to systems of records maintained for law enforcement purposes, see 5 U.S.C. § 552a(j)(2) and (k)(2); and the Postal Service has issued regulations that apply these exemptions to the investigative files of the Postal Inspection Service. See 39 C.F.R. § 266.9(b)(2). Because the records you are requesting are maintained in Inspection Service investigative files, the Privacy Act does not require the Postal Service to provide you with access to the records.

Finally, in your appeal, you request a "Vaughn Index" which describes each withheld record and specifies the exemption or exemptions that apply to the record. In some

- 5 -

cases, courts engaged in judicial review of denials of FOIA requests have required agencies to submit detailed indices of withheld records. See, e.g., Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). A Vaughn Index is not required, however, at the administrative level of review. See Mayock v. INS, 714 F. Supp. 1558, 1567 (N.D. Cal. 1989), rev'd and remanded on other grounds sub nom. Mayock v. Nelson, 938 F.2d 1006 (9th Cir. 1991). "Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the administrative process." Judicial Watch, Inc. v. Clinton, 880 F. Supp. 1, 11 (D.D.C. 1995), aff'd, 76 F.3d 1232 (D.C. Cir. 1996). Therefore, we decline to provide you with a Vaughn Index.

As a courtesy, we are enclosing copies of the initial response letters dated November 23, 2003, August 1, 2005, October 27, 2006, and February 16, 2007, accompanied by all segregable, releasable documents previously disclosed to you.

This is the final decision of the Postal Service on your right of access pursuant to the FOIA to these records. You may obtain judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

Thank you for your interest.

For the General Counsel,

Anthony F. Alverno
Chief Counsel
Customer Programs

Enclosures

cc:     Ms. Baxter
        Ms. Eyre

Page 121

1    this analysis?

2        A    Yes it is.

3        Q    Your Honor I tender the admission of number 15.

4            **THE COURT:** No objections?

5            **MR. GILBERT:**    No objections

6            **THE COURT:** Let 15 be admitted.

7        Q    Now did you compare the latent print.  That you

8    found on exhibit number 1 to the inked impressions of the

9    Defendant Mark Clifton on number 15?

10       A    Yes I did.

11       Q    And as a result of that were you able to form

12   any opinion or conclusions as a result of your

13   examination and comparison?

14       A    Yes .  The one latent print that appears on the

15   edge of the card board box in the area I'm pointing to

16   here I was able to identify as having been made by the

17   left index finger of Mark Clifton.  As shown on the

18   Governments exhibit 15, and this latent print could not

19   have been made by any other person.

20       Q    And did you in that capacity then prepare a

21   report to that effect?

22       A    Yes I did.

23   Q    Let me show you what's been marked as Governments

24   exhibit number 16.  Can you identify that document?

25       A    Yes I can.  It is my original Report that bears

1         **THE COURT:**   Well you probably would, sounds

2    like you probably should, but Mr. Bennett may want to get

3    it on the record.  Are you finished, Mr. Bennett?

4         **MR. BENNETT:**   I have about one more question,

5    then I was going to ask the Court qualify him.

6         **THE COURT:**   All right.  Go ahead.

7         **MR. BENNETT:**   All right.  Thank you, Your

8    Honor.

9         Q    And the final thing is have you had an occasion

10   to qualify as an expert in the science of fingerprint

11   identification in prior courts?

12        A    Yes, in excess of 200 times at the trial level.

13        **MR. BENNETT:**   And your Honor, at this time we

14   would tender Mr. Smith as an expert in the field of

15   fingerprint identification.

16        **MR. GILBERT:**   No objection.

17        **THE COURT:**   All right.  Hearing no objection,

18   the Court will allow Mr. Smith to testify as an expert in

19   his field.  Now members of the jury, let me tell you what

20   this means.  If scientific, technical, or other

21   specialized knowledge might assist you in understanding

22   the evidence or as determining a fact and issue, a

23   witness qualified as an expert by knowledge, skill,

24   training or education, may testify and state his opinion

25   concerning such matters.  The regular witnesses cannot

I
08-0052
JDB

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Mark Clifton

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (P2)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 16744-056

## DEFENDANTS

U.S. Postal Inspection Service

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
T

Case: 1:08-cv-00052
Assigned To : Bates, John D.
Assign. Date : 1/11/2008
Description: FOIA/PRIVACY ACT

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

□ 3 Federal Question
(U.S. Government Not a Party)

✗ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX

FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### □ A. Antitrust

□ 410 Antitrust

### □ B. Personal Injury/ Malpractice

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. Administrative Agency Review

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other) OR □ F. Pro Se General Civil

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
✗ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

| ☒ 1 Original<br>Proceeding | ☐ 2 Removed<br>from State<br>Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated<br>or Reopened | ☐ 5 Transferred from<br>another district<br>(specify) | ☐ Multi district<br>Litigation | ☐ 7 Appeal to<br>District Judge<br>from Mag.<br>Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (FOIA)

**VII. REQUESTED IN**
**COMPLAINT**   CHECK IF THIS IS A CLASS
☐   ACTION UNDER F.R.C.P. 23

**DEMAND $**
O   Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES   ☒ NO

**VIII. RELATED CASE(S)**
**IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 1/11/08   SIGNATURE OF ATTORNEY OF RECORD   NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd