UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CLIFTON,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )    Civil Action No. 08-00052 (JDB)
                                       )
UNITED STATES POSTAL                   )
    INSPECTION SERVICE,                )
                                       )
        Defendant.                     )
_____   )

## ANSWER

Defendant, by its undersigned attorneys, hereby answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The United States Postal Inspection Service (USPIS) is not a proper party defendant.

### THIRD DEFENSE

The Complaint fails to name proper party defendants.

### FOURTH DEFENSE

In response to the unnumbered paragraphs, numbered paragraphs, and numbered sections of the Complaint, defendant admits, denies, or otherwise avers as follows:

First unnumbered paragraph, first sentence, first and second clauses:  These clauses consist of plaintiff's characterization of this action, which do not require an answer, but insofar as an

-2-

answer may be deemed required, deny.  First sentence, third clause, including citation:  Deny, as a conclusion of law.

Second unnumbered paragraph, including citation:  This sentence consists of statements regarding plaintiff's pro se status, which does not require an answer, but insofar as an answer may be deemed required, deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted and as conclusions of law.

Third unnumbered paragraph:  This paragraph consists of plaintiff's further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

Fourth unnumbered paragraph, first sentence:  This sentence consists of plaintiff's prayer for relief, which does not require an answer, but insofar as an answer may be deemed required, deny. Second sentence:  This sentence consists of plaintiff's further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

Fifth unnumbered paragraph:  Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

Sixth unnumbered paragraph:  This paragraph, which appears under the heading "I. Jurisdiction," consists of plaintiff's

-3-

allegation of jurisdiction, which does not require an answer, but insofar as an answer may be deemed required, deny.

Seventh unnumbered paragraph:  This paragraph, which appears under the heading "II. Issue Presented," consists of plaintiff's further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

In response to the unnumbered and numbered paragraphs of the Complaint that appear under the heading "III. Facts Regarding the Issue," defendant admits, denies, or otherwise avers as follows:

First unnumbered paragraph:  This paragraph consists of plaintiff's further characterization of the action, which does not require an answer, but insofar as an answer may be deemed required, deny.

1.  Deny, except to aver USPIS's receipt of a letter from plaintiff dated November 7, 2002, to which the Court is respectfully referred for a complete and accurate statement of its contents.

2.  Deny, except to aver transmittal of a letter to plaintiff from the United States Department of Justice, Executive Office for United States Attorneys (EOUSA), dated November 22, 2002, a copy of which is attached to the Complaint as Exhibit C, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

-4-

3.  Deny, except to aver transmittal of a letter to
plaintiff from USPIS dated November 26, 2002, a copy of which is
attached to the Complaint as Exhibit D, and to which the Court is
respectfully referred for a complete and accurate statement of
its contents.

4.  Deny, except to aver transmittal of a letter to
plaintiff from EOUSA dated December 30, 2002, a copy of which is
attached to the Complaint as Exhibit F, and to which the Court is
respectfully referred for a complete and accurate statement of
its contents.

5.  Deny, except to aver receipt of a letter from plaintiff
to the United States Department of Justice, Office of Information
and Privacy (OIP), dated January 7, 2003, a copy of which is
attached to the Complaint as Exhibit G, and to which the Court is
respectfully referred for a complete and accurate statement of
its contents.

6.  Deny, except to aver transmittal of a letter to
plaintiff from OIP dated January 31, 2003, a copy of which is
attached to the Complaint as Exhibit H, and to which the Court is
respectfully referred for a complete and accurate statement of
its contents.

7.  Deny, except to aver receipt of a letter from plaintiff
to USPIS dated May 20, 2003, a copy of which is attached to the
Complaint as Exhibit I, as well as the attachment to that letter,

-5-

attached to the Complaint as Exhibit J, and to which the Court is respectfully referred for a complete and accurate statement of their contents.

8.  Deny, except to aver transmittal of a letter to plaintiff from OIP dated May 21, 2003, a copy of which is attached to the Complaint as Exhibit K, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

9.  Deny, except to aver plaintiff's attachment to the Complaint as Exhibit L, a letter to EOUSA dated September 22, 2003, and to which the Court is respectfully referred.

10.  Deny, except to aver transmittal of a letter from USPIS to plaintiff dated November 28, 2003, a copy of which is attached to the Complaint as Exhibit M, as well as attachments to that letter, attached to the Complaint as Exhibits N and O, and to which the Court is respectfully referred for complete and accurate statements of their contents.

11.  Deny, except to aver transmittal of a letter from EOUSA to plaintiff dated June 29, 2005, a copy of which is attached to the Complaint as Exhibits P and P1, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

12.  Deny, except to aver transmittal of a letter from USPIS to plaintiff dated August 1, 2005, a copy of which is attached to

-6-

the Complaint as Exhibits Q and Q1, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

13.  Deny, except to aver receipt of a letter from plaintiff to EOUSA dated August 20, 2005, a copy of which is attached to the Complaint as Exhibit R, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

14.  Deny, except to aver transmittal of a letter from OIP to plaintiff dated September 11, 2006, a copy of which is attached to the Complaint as Exhibits S and S1, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

15.  Deny, except to aver receipt of a letter from plaintiff to the United States Department of Justice, Drug Enforcement Administration, dated October 16, 2006, a copy of which is attached to the Complaint as Exhibit T, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

16.  Deny, except to aver transmittal of a letter from United States Postal Service (USPS) to plaintiff dated October 27, 2006, a copy of which is attached to the Complaint as Exhibit U, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

-7-

17.  Deny, except to aver USPIS's receipt of a letter from plaintiff dated November 8, 2006, a copy of which is attached to the Complaint as Exhibit V, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

18.  Deny, except to aver transmittal of a letter from USPIS to plaintiff dated January 9, 2007, a copy of which is attached to the Complaint as Exhibit W, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

19.  Deny, except to aver transmittal of a letter from USPIS to plaintiff dated February 16, 2007, a copy of which is attached to the Complaint as Exhibit X, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

20.  Deny, except to aver USPS's receipt of a letter from plaintiff dated April 12, 2007, a copy of which is attached to the Complaint as Exhibits Y and Y1, and to which the Court is respectfully referred for a complete and accurate statement of its contents.

21.  Deny, except to aver transmittal of a letter from USPS to plaintiff, dated June 5, 2007, a copy of which is attached to the Complaint as Exhibit Z, and to which the Court is

-8-

respectfully referred for a complete and accurate statement of its contents.

In response to the unnumbered paragraphs of the Complaint that appear under the heading "IV. Legal Argument as to why Mandamus Should be Granted," defendant admits, denies, or otherwise avers as follows:

First unnumbered paragraph, first sentence:  Deny, except to aver USPIS's receipt of letters from plaintiff dated November 7, 2002 and May 20, 2003, and EOUSA's receipt of a letter dated November 7, 2002, to which the Court is referred for complete and accurate statements of their contents.  First unnumbered paragraph, second sentence:  Deny, and aver that USPIS withheld the latent fingerprints of third parties.

Second through seventh unnumbered paragraphs:  Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

Eighth unnumbered paragraph, first sentence:  Deny, and aver that USPIS withheld the latent fingerprints of third parties. Second sentence:  Deny, for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

Ninth unnumbered paragraph:  Deny, and aver that USPIS withheld the latent fingerprints of third parties.

-9-

Tenth through fourteenth unnumbered paragraphs:  These paragraphs consist of plaintiff's legal conclusions, which do not require answers, but insofar as answers may be deemed required, deny, as conclusions of law.

In response to the unnumbered paragraphs that appear under the headings "V. Relief Sought," which consists of one paragraph, and "VI. Conclusion," which consists of four paragraphs, defendant admits, denies, or otherwise avers as follows:

First through fourth unnumbered paragraphs:  These paragraphs contain plaintiff's prayer for relief, which does not require an answer, but insofar as an answer may be deemed required, deny.

Fifth unnumbered paragraph:  This paragraph contains plaintiff's attestation with regard to the veracity of his Complaint, which does not require an answer, but insofar as an answer may be deemed required, deny.

Each and every allegation not heretofore expressly admitted or denied, is denied.

Defendant denies that plaintiff is entitled to the relief prayed for or to any relief whatsoever.

-10-

WHEREFORE, defendant, having fully answered, respectfully asks that this action be dismissed with prejudice and that defendant be granted its costs.

Respectfully submitted,

_____
JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney

_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney

_____/s/_____
Dated:   February 15, 2008    Thomas E. Hitter
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., NW, Suite 11050
Washington, DC  20530-0001
(202) 307-6003

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Answer was served upon plaintiff pro se by deposit of a copy thereof in the U.S. mail, postage prepaid, first class mail, addressed to:

> Mr. Mark Clifton
> Register No. 16744-056
> F.C.I. Otisville
> Post Office Box 1000
> Otisville, NY  10963

on this 15th day of February 2008.

THOMAS E. HITTER