IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

Mark Clifton,

    Petitioner,

v.

UNITED STATES POSTAL INSPECTION,
    Defendant.

---

Criminal No.7:96_CR-62-2(MJH)

Request No. 02-3734

Civil Action No. 08-00052(JDB)

## REPLY MOTION TO RESPONSE OF U.S. DEPARTMENT OF JUSTICE, FOR THE UNITED STATES POSTAL INSPECTION SERVICE

    **COMES NOW**, Mark Clifton, herein "the Petitioner" respectfully request this Honorable Court to compel the **United States Postal Inspection Service** and the **United States Department of Justice,** under **5 U.S.C. § 552 Freedom of Information/Privacy Act** to produce the requested **(photo copies)** of petitioner's personal **latent print's** used to convict him at trial, which are public documents, pursuant to 5 U.S.C. § 552.

(1)

RECEIVED

MAR 3 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(2)

Petitioner **Mark Clifton's** pro se, finds the defendant's responsive explanation without supporting case law is an insult to the Court and public integrity of interest to benefit from knowing the truth.

Especially when it involves petitioner being wrongfully convicted due to the government knowingly committing <u>fraud</u> upon the trial court and <u>**Brady**</u> violation. Withholding material evidence from the court and jury that would prove petitioner innocence of the alleged crime.

The defendant's, in its response for the first defense stated "the complaint fails to state a claim upon which relief can be granted". see, (Gov. Resp. First Defense).

Petitioner's intent for filing the **Writ of Mandamus** was to get this **Honorable Court** to compel the defendant to turn over **(photo copies)** of <u>petitioner's</u> <u>own</u> <u>personal</u> <u>latent</u> <u>prints</u> that were used to convict petitioner at trial via trial testimony from "**expert witness Mr. Kenneth Smith, a Forensic Latent Print Analyst** . See, (Trans. p. 121).

Petitioner contends that the government's continued refusal to release the copies of the <u>latent</u> <u>prints</u> belonging to the petitioner per testimony of **Mr. Kenneth Smith** the government's chief witness .

(2)

(3)

Who indirectly announced two (2) constitutional violations through its own-non-compliance to release the **(photo copies)** of said latent prints.

Petitioner will rest his reply to the defendant on the following claims:

1. <u>Brady</u> <u>violation</u>

2. knowingly committing <u>fraud</u> upon the trial court. The requested **(photo copies)** of documents relating to petitioner's personal latent prints are very much material going to the heart of petitioner innocence.

To the extent that a prosecutor knows of material evidence favorable to the petitioner in a criminal prosecution, the government has a due process obligation to disclose that evidence to the petitioner, especially when the jury's assessment of the credibility of a significant prosecution witness. See, <u>Leka v. Protuondo</u>, 257 F.3d 89 (2nd Cir. 2001).

In <u>United States v. Agurs</u>, 427 U.S 97, 49 L.Ed 2d 342, 96 S.Ct. 2392 (1976) the court held that were evidence which is undisclosed to the defense before trial demonstrates that the prosecution has used testimony it knows is false, the conviction must be revered if there is any reasonable likelihood that it

could have affected the judgement of the jury.

> "The Court has applied a strict standard of materiality, just because they involve prosecutorial misconduct, but more importantly because they involve a corruption of the truthi seeking function of the trial process."

See, 427 U.S. at 104

Furthermore, the petitioner contents that the **United States Postal Inspection Service (U.S.P.I.S.)** is correct and proper party.

Due to the fact that on November 28, 2003, the **United States Postal Inspection Service, Office of Counsel** responded to petitioner's November 7, 2002 and May 20, 2003 inquires, by forwarding the following in its **Statement of Response:**

> "Enclosed are two pages of record material(Ex.K-1 and Q-2) which can be released to you in their entirety since no latent fingerprints were developed on Exhibit Q-1 this record is not available for discloure. Any latent fingerprints which may have been developed on #Exhibit Q-2 would be exempt from disclosure under Section § 552(b)(6).

See, (Ex. M,N. & O).

Petitioner contends the defendant's affidavit/response was noting more than conclusory and generalized allegation, in order to influence this Honorable Court into denying petitioner's **Summary Judgement.**

In truth the petitioner has introduced evidence that's actually placed <u>material issues of fact</u> in dispute concerning the defendant response to withholding of the documents and records pertaining to the requested **latent prints**...which is a showing of bad faith on the defendants part.

In **Kamman v. IRS**, 56 F.3d 46, 49 (9th Cir. 1995), finding agency failed to satisfy burden of proof and awarding **Summary Judgement** to plaintiff when agency affidavit's "are nothing more than conclusory and generalized allegations. See also, **Voinche v. FBI**, 46 F.Supp.2d 30 (D.D.C. 1999), denying Summary Judgement when agency provided conclusory affidavit to support invocation of exemption **7(A)**.

Trial testimony from expert witness **Mr. Kenneth Smith, the Forensic Latent Print Analyst**, has in fact made a proclamation in front of the jury and public spectators when he testified to comparing the petitioner' latent prints ["that you found on **exhibit #1** to be impressions of the **defendant Mark Clifton**"]. See, (Tr.Trans. p. 121).

Such proclamation made in front of a jury automatically becomes a public interest for public benefit.

The purposes of the FOIA is to provide wide-ranging public access to government documents without <u>question</u>, the Act is broadly conceived.It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a

(5)

(6)

judicially enforceable public right to secure such information from possibly unwilling official hands. See, <u>Miller v. U.S. Dept. of Agriculture</u>, 13 F.3d 260 (8th Cir. 1993).

The FOIA sets out specific statutory exemption from disclosure but these limited exemptions <u>do not obscure</u> the basic policy that disclosure not secrecy is the dominant objective of the Act. See, <u>Department of the Air Force v. Rose</u>, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976).

> Congress has directed the Federal Courts, to require more evidence of exempt status then mere location of records in a law enforcement file.

See, <u>Celcum Communication corp. v. F.CC.</u>, 789 F.2d 67 (D.C. Cir. 1986).

## INCONCLUSION

Petitioner Mark Clifton, prays that this Honorable Court will grant Summary Judgement to compel the government to release the <u>photo</u> <u>copies</u> of his <u>latent print of left index finger</u>.

I, Mark Clifton, a pro se litigant in want of counsel do hereby certify and depose that **Statements of Facts** herein reply **Motion** are all true and correct to the best of my knowledge and belief.

The above is averred to under penalty of perjury pursuant to 28 U.S.C. 1746.

Respectfully Submitted

*Mark Clifton*

PROOF   OF   SERVICE


I certify that on February 26, 2008 I, Mark Clifton mailed a copy of the enclosed reply motion via <u>First Class Mail</u> to the following parties:


       Thomas E. Hitter
       Attorney - Advisor
       Office of Information and Privacy
       United States Department of Justice
       1425 New York Ave., NW Suite 11050
       Washington, DC 20530-0001


I, Mark Clifton, do certify under the penalty of perjury that the forgoing is true and correct pursuant to 28 U.S.C. § 1746


Dated: 2/26/08 , 2008


*[signature: Mark Clifton]*
Mark Clifton, # 16744-056
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963

MVB 3 -