UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CLIFTON,                        )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )    Civil Action No. 08-00052 (JDB)
                                     )
UNITED STATES POSTAL                 )
   INSPECTION SERVICE,               )
                                     )
        Defendant.                   )
_____     )

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, by its undersigned attorneys, hereby moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment on the grounds that no genuine issue of material fact exists and that defendant is entitled to judgment as a matter of law.[1]  In support of this

---

[1] Plaintiff should take notice that any factual assertions contained in the declarations submitted in support of this motion may be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting those assertions.  See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); L. Cv. R. 7(h).  Rule 56(e) of the Federal Rules of Civil Procedure provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts

(continued...)

-2-

motion, the Court is respectfully referred to the Declaration of
David M. Reardon, Inspector Attorney, Office of Counsel, United
States Postal Inspection Service, United States Postal Service;
to the Declaration of John W. Kornmeier, Attorney-Advisor,
Executive Office for United States Attorneys, United States
Department of Justice; to Defendant's Statement of Material Facts
as to Which There is No Genuine Issue; and to the Memorandum of
Points and Authorities in Support of Defendant's Motion for
Summary Judgment, all filed herewith.

                    Respectfully submitted,


            _____
            JEFFREY A. TAYLOR
            (DC Bar #498610)
            United States Attorney


            _____
            RUDOLPH CONTRERAS
            (DC Bar #434122)
            Assistant United States Attorney


                         /s/
            _____
Dated:  April 23, 2008   Thomas E. Hitter
            Attorney-Advisor
            Office of Information and Privacy
            United States Department of Justice
            1425 New York Ave., NW, Suite 11050
            Washington, DC  20530-0001
            (202) 307-6003

_____

[1](...continued)
showing that there is a genuine issue for trial.  If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the
adverse party.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CLIFTON,                        )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )    Civil Action No. 08-00052 (JDB)
                                     )
UNITED STATES POSTAL                 )
  INSPECTION SERVICE,                )
                                     )
        Defendant.                   )
_____)

DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO
GENUINE ISSUE, PURSUANT TO LOCAL CIVIL RULE 7(h)

Pursuant to Local Civil Rule 7(h), defendant submits the following statement of material facts as to which there is no genuine issue:

1.  By letter dated November 7, 2002, plaintiff submitted a request to the United States Postal Inspection Service (USPIS), a component of the United States Postal Service (USPS), pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974, 5 U.S.C. § 552a (2000). (See Declaration of David M. Reardon, Inspector Attorney, Office of Counsel, USPIS, United States Postal Service [hereinafter Reardon Decl.], filed herewith, ¶ 8 & Ex. 1.)  Plaintiff sought access to copies of photographed latent fingerprint impressions that had been used during USPIS's criminal investigation of plaintiff, which were labeled for purposes of laboratory analysis, as Exhibits Q-2 and K-1.  (See id.)  Plaintiff also

-2-

requested a copy of the laboratory analysis of those prints and included a copy of the laboratory analysis with his request. (See id.)

2.  By letter dated November 7, 2002, plaintiff also submitted a request to the Executive Office for United States Attorneys (EOUSA), a component of the United States Department of Justice, pursuant to the FOIA and Privacy Act.  (See Declaration of John W. Kornmeier, Attorney-Advisor, Freedom of Information and Privacy Act Unit, EOUSA, U.S. Department of Justice [hereinafter Kornmeier Decl.], filed herewith, ¶ 4; Complaint, Ex. A.)  In this request plaintiff also sought copies of, and laboratory analysis of, certain latent fingerprints.  (See Kornmeier Decl.; Compl., Ex. A.)

3.  By letter dated November 26, 2002, USPIS acknowledged plaintiff's request dated November 7, 2002, and assigned it request number 2003-0053.  (See Reardon Decl. ¶ 9 & Ex. 2.)

4.  By letter dated May 20, 2003, plaintiff submitted a second request to USPIS pursuant to the FOIA.  (See id. ¶ 10 & Ex. 3.)  Plaintiff again sought a copy of photographed latent fingerprint impressions labeled as Exhibit Q-2 during USPIS's laboratory analysis, and also asked for a copy of photographed latent fingerprints identified as Exhibit Q-1.  (See id.)

5.  In response to the FOIA requests from plaintiff, staff in the Office of Counsel at USPIS conducted a computer records

-3-

search, as well as a search of the records maintained by the field division, and its National Forensic Laboratory (forensic laboratory). (See id. ¶¶ 23, 25.)  Furthermore, as plaintiff's investigative file was closed, the closed case storage center in Chicago, Illinois was searched.  (See id. ¶¶ 24-25.)

6.  Pursuant to these record searches three responsive records maintained in a system of records entitled "Inspection Service Investigative File System" were located.  (See id. ¶¶ 27, 30.)

7.  The "Inspection Service Investigation File System" is exempt from the access provision of the Privacy Act, 5 U.S.C. § 552a(d), pursuant to (j)(2) and (k)(2), as implemented by 39 C.F.R. § 266.9(b)(2) (2007).  (See Reardon Decl. ¶ 30.)  In order to provide plaintiff with the greatest possible access to the requested records, USPIS reviewed the responsive documents for release under the FOIA.  (See id.)

8.  The three documents requested by plaintiff, copies of Exhibits Q-1, Q-2, and K-1, were located and transferred to the Office of Counsel's Information Disclosure Technician assigned to plaintiff's FOIA request who reviewed them and provided a recommendation as to whether material could be released.  (See id. ¶ 26.)  That recommendation was reviewed by the Information Disclosure Specialist, the supervisor for the FOIA/PA Unit within the Office of Counsel. (See id.)

-4-

9.  Two of these three documents, Q-1 and Q-2, are copies of
photographs of exhibits, and the third, K-1, is a copy of
plaintiff's inked fingerprint impressions.  All of these
underlying exhibits were used in USPIS's investigation and
conviction of plaintiff for violating 21 U.S.C. § 841(a)(1)
(2000), and 21 U.S.C. § 846 (2000).  (See Reardon Decl. ¶ 29.)
USPIS conducted the investigation under the authority of 18
U.S.C. § 3061 (2000) to enforce laws related to the criminal
misuse of U.S. Mail.  (See Reardon Decl. ¶¶ 39, 40.)

10.  These documents were compiled for law enforcement
purposes, specifically in connection with USPIS's criminal
investigation into plaintiff's violation of 21 U.S.C. § 841
(a)(1), and 21 U.S.C. § 846.  (See Reardon Decl. ¶ 41.)

11.  On November 28, 2003, USPIS responded to plaintiff's
November 26, 2002 and May 20, 2003 requests, addressing documents
Q-1, Q-2, and K-1, the three documents at issue.  (See id. ¶¶ 12,
32, 35, 38.)

12.  Document K-1 is a copy of the inked impressions of
plaintiff's fingerprints.  (See id. ¶ 31.)  By letter dated
November 28, 2003, a copy of this document was released to
plaintiff in its entirety, with no redaction made or exemption
applied.  (See id. ¶ 32.)

13.  Document Q-1 is a copy of a photograph of physical
evidence recovered by USPIS, and submitted to the USPIS's

-5-

forensic laboratory, in the course of its investigation of plaintiff.  (See id. ¶ 33.) This evidence was submitted to the laboratory in order to locate any latent fingerprints on the item and develop them for identification purposes. (See id. ¶ 34.)

14.  As stated in the forensic laboratory's January 14, 1997 analysis, a copy of which plaintiff attached to his November 7, 2002 request, the forensic laboratory found no latent fingerprints on the evidence.  (See id. ¶ 35, Ex. 1, Attachment.) Consequently, document Q-1, a copy of the photograph of this exhibit (Q-1), was not responsive to plaintiff's request.  (See id. ¶ 35.)  Plaintiff was advised of this by letter dated November 28, 2003.  (See id. & Ex. 5.)

15.  Document Q-2 is a copy of a photograph of additional physical evidence recovered by USPIS.  (See id. ¶ 36.)  In the course of the investigation of plaintiff, this evidence was submitted to the USPIS's forensic laboratory, in order to locate any latent fingerprints on the item and develop them for identification purposes.  (See id.)

16.  As stated in the laboratory examination analysis, dated January 14, 1997, fifteen latent prints were located, one of which was identified as plaintiff's print.  (See id. ¶ 37, Ex. 1, Attachment.)  By letter dated November 28, 2003, USPIS provided plaintiff with document Q-2, a copy of the photograph of the evidence, in part.  (See id. ¶ 38.)  USPIS released the portion

-6-

of document Q-2 that was identified as plaintiff's latent
fingerprint and withheld the remaining latent fingerprints from
disclosure under Exemptions 6 and 7(C).  (See id.)

17.  By letter dated June 29, 2005, EOUSA responded to
plaintiff that it had located fourteen pages that originated with
the Drug Enforcement Administration (DEA), United States
Department of Justice, and sixteen pages that originated with the
USPS, that may or may not be responsive to plaintiff's request,
and that it was referring those records to those originating
offices for a direct response to plaintiff, advising him of that
fact.  (See Kornmeier Decl. ¶ 5; Compl., Ex. P.)

18.  There were no photographs or copies of fingerprints,
latent or otherwise, among the documents referred by EOUSA to
DEA. (See Kornmeier Decl. ¶ 6.)  By letter dated October 31,
2007, DEA responded directly to plaintiff.  (See id. & Ex. A.)

19.  On July 13, 2005, USPIS received the referral from
EOUSA.  (See Reardon Decl. ¶ 13 & Ex. 6.)  The request to EOUSA
asked for the same material identified in plaintiff's request to
USPIS, both dated November 7, 2002.  (See id.)

20.  By letter dated August 1, 2005, USPIS responded
directly to plaintiff concerning the material referred by EOUSA

-7-

to USPIS.[1]  (See id. ¶ 15 & Ex. 7.)  In this response, five pages
were released in part and eleven were withheld.  (See id.)

21.  None of the records referred by EOUSA and processed by
USPIS, contained photographs or copies of fingerprints, latent,
or otherwise, of plaintiff, or any other third party.  (See id.
¶ 50.)  These have not been put at issue in plaintiff's
Complaint, which seeks only production of latent fingerprints.
(See id.; see also Compl., at 12.)

22.  By letter dated April 12, 2007, plaintiff appealed the
action of USPIS to the USPS, Office of Counsel.  (See Reardon
Decl. ¶ 21 & Ex. 13.)

23.  On June 5, 2007, USPS affirmed the action of USPIS on
plaintiff's requests to USPIS for copies of the photographs of
latent fingerprint impressions, upholding the redactions made
pursuant to FOIA Exemptions 6 and 7(C), and affirmed the action
of USPIS on the documents referred by EOUSA.  (See id. & Ex. 14.)

---

[1] USPIS's letter to plaintiff dated August 1, 2005, was
returned as undeliverable on August 6, 2005.  (See Reardon Decl.
¶ 16 & Ex. 8.)  On October 27, 2006, USPIS received a letter from
plaintiff dated October 16, 2006, requesting a status report on
the documents referred by EOUSA.  (See id. ¶ 17 & Ex. 9.)  On
October 27, 2006, USPIS mailed plaintiff a letter and enclosed
the August 1, 2005 response, including its attachments.  (See id.
¶ 18 & Ex. 10.)  On November 15, 2006, USPIS again received a
status request from plaintiff.  (See id. ¶ 19 & Ex. 11.)  On
February 16, 2007, a letter was mailed to plaintiff explaining
that USPIS had complied with his request and all releaseable
material had previously been released.  (See id. ¶ 20 & Ex. 12.)
USPIS again included a copy of the August 1, 2005 correspondence
and attachments.  (See id.)

-8-

24.  In summary, concerning the documents at issue, USPIS
released document K-1 in its entirety, document Q-2 in part, and
determined that document Q-1 was not responsive to plaintiff's
requests.

25.  USPIS has reviewed each page of the responsive records
at issue, and has determined that for the one document which was
not released in full, all reasonably segregable information has
been disclosed to plaintiff.  (See Reardon Decl. ¶ 51.)  It is
not possible to reasonably segregate any portion of them for

-9-

release to plaintiff without disclosing information that is exempt under Exemption 7(C).  (<u>See</u> <u>id.</u> ¶ 51.)

26.  Plaintiff commenced this action on January 11, 2008, asserting that defendant has improperly withheld plaintiff's latent fingerprints.  (<u>See</u> Compl., at 12.)

Respectfully Submitted,

_____

JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney

_____

RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney

_____/s/_____

Dated:  April 23, 2008      Thomas E. Hitter
Attorney-Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., NW, Suite 11050
Washington, DC  20530-0001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CLIFTON,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )    Civil Action No. 08-00052 (JDB)
                                       )
UNITED STATES POSTAL                   )
  INSPECTION SERVICE,                  )
                                       )
        Defendant.                     )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

Plaintiff commenced this action pro se on January 11, 2008, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974, 5 U.S.C. § 552a (2000) seeking the release of records concerning himself, that might be maintained by the United States Postal Inspection Service (USPIS).[1]  Specifically, plaintiff sought access to

_____

[1] Although plaintiff names USPIS, a component of the United States Postal Service (USPS), as a defendant in this action (see Complaint at 1), the FOIA creates a right of action only against federal agencies, not their respective components.  See 5 U.S.C. § 552(a)(4)(B) ("the district court . . . has jurisdiction to enjoin the agency from withholding agency records"); 5 U.S.C. § 552(f)(1) (defining the term "agency"); see also, e.g., Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 31 n.1 (D.D.C. 2002); Peralta v. United States Attorney's Office, 69 F. Supp. 2d 21, 30-31, 35-36 (D.D.C. 1999).  Thus, the USPS is the proper party defendant in this FOIA action, rather than USPIS.  Further, plaintiff has failed to name the United States Department of Justice as a defendant in this case, yet in his Complaint
(continued...)

-2-

photocopies of latent fingerprints collected during USPIS's investigation of plaintiff.

Pursuant to the Court's Order dated February 27, 2008, defendant filed a proposed briefing schedule on March 17, 2008, proposing that defendant file its motion for summary judgment on April 23, 2008.  As the Court approved the proposed briefing schedule, defendant now moves for summary judgment.

In support of its motion for summary judgment, defendant files herewith the declaration of David M. Reardon, Inspector Attorney, Office of Counsel, USPIS, USPS, [hereinafter Reardon Declaration].  This declaration recounts the chronology of plaintiff's FOIA request, describes the search that USPIS conducted for responsive records, itemizes the documents at issue, and explains the basis upon which portions of the information at issue were withheld pursuant to Exemption 7(C) of the FOIA, 5 U.S.C. § 552(b)(7)(C).  Defendant also files herewith the Declaration of John W. Kornmeier, Attorney-Advisor, EOUSA, United States Department of Justice [hereinafter Kornmeier Declaration], which recounts the processing of plaintiff's request to EOUSA by its referral of documents to USPIS and the

_____

(...continued)
plaintiff named and discussed the FOIA activities of the
Executive Office for United States Attorneys (EOUSA), a component
of the U.S. Department of Justice, when referring to his requests
for copies of, and analysis of, latent fingerprints used in
USPIS's investigation of him.

-3-

Drug Enforcement Administration (DEA), United States Department
of Justice.

Based upon the Reardon Declaration, the Kornmeier
Declaration, and the entire record herein, and for the reasons
set forth below, defendant respectfully submits that there exists
no genuine issue of material fact and that it is entitled to
judgment as a matter of law pursuant to Rule 56 of the Federal
Rules of Civil Procedure.

## Factual and Procedural Background

### USPIS Request

By letter dated November 7, 2002, plaintiff submitted a
request to USPIS pursuant to the FOIA and Privacy Act seeking
access to records concerning himself. (See Reardon Decl. ¶ 8 &
Ex. 1.) In the request, plaintiff sought copies of photographs
of latent fingerprint impressions that had been analyzed by
USPIS's National Forensic Laboratory [hereinafter forensic
laboratory] and which were labeled for purposes of that analysis
as Exhibits Q-2 and K-1. (See id.) Plaintiff also requested the
laboratory analysis of those prints that had been conducted by
USPIS. (See id.)

By letter dated May 20, 2003, plaintiff submitted a second
request to USPIS, pursuant to the FOIA and Privacy Act. (See id.
¶ 10 & Ex. 3.) Plaintiff again asked for a copy of the of
photographed latent fingerprint impressions identified as Exhibit

-4-

Q-2 during USPIS's laboratory analysis, and also asked for a copy
photographed latent fingerprints identified as Exhibit Q-1,
during USPIS's laboratory analysis.  (See id.)  Both of these
exhibits consisted of physical evidence used during USPIS's
investigation of plaintiff.

   By letter dated November 28, 2003, USPIS responded to both
of plaintiff's requests.  (See id. ¶ 12 & Ex. 5.)  USPIS provided
plaintiff with two pages of responsive records, now identified as
documents K-1 and Q-2.  (See id.)  USPIS provided plaintiff with
document K-1, a copy of the inked impressions of plaintiff's
fingerprints, in its entirety.[2]  (See id. ¶¶ 31-32 & Ex. 5.)

   USPIS also provided plaintiff with document Q-2, in part.
(See id. ¶ 37.)  Document Q-2 is a copy of a photograph of
physical evidence recovered by USPIS during its investigation of
plaintiff.  (See id. ¶ 36.)  This evidence was subsequently
submitted by USPIS to its forensic laboratory, for its analysis
and identification of any latent fingerprints.  (See id.)  The
laboratory analysis located a total of fifteen prints, one of
which was identified as plaintiff's print.  (See id. ¶ 37.)  The
remaining prints were identified as prints of third parties.
(See id.)  USPIS released the portion of document Q-2 that

---

   [2] Although plaintiff's Complaint specifically limited the
records sought to his latent fingerprints, USPIS released a
photocopy of plaintiff's actual prints to him as well because
plaintiff specifically asked for this document identifying it by
exhibit number in his November 7, 2002 request.

-5-

consisted of a copy of the latent print that was identified as plaintiff's print, and withheld the remaining portions of the document, which consisted of third party prints pursuant to Exemptions 6 and 7(C), of the FOIA.  (See id.)

     In its response letter, USPIS further informed plaintiff that document Q-1, another photograph of physical evidence recovered by USPIS while conducting its investigation, was not responsive to plaintiff's request.  (See id. ¶¶ 33, 35 & Ex. 5.) This evidence was also submitted to the USPIS's forensic laboratory for analysis and identification of any latent fingerprints on the item and to develop them for identification purposes.  (See id. ¶ 34.)  The forensic laboratory found no latent fingerprints on the evidence.  (See id. ¶ 35 & Ex. 1.) Consequently, document Q-1 was not considered responsive to plaintiff's request and was not processed.  (See id. ¶ 35.)

     The documents located in response to plaintiff's request were compiled for law enforcement purposes during the course of USPIS's performance of its law enforcement function in preventing the criminal use of the mail.  (See id. ¶¶ 40, 41.) Specifically, the documents were compiled in connection with a criminal investigation into plaintiff's violation of 21 U.S.C. § 8419(a)(1) (2000) and 21 U.S.C. § 846 (2000).  (See Reardon Decl. ¶ 41.)

-6-

### EOUSA Request

Plaintiff submitted a request to EOUSA, also by letter dated November 7, 2002, seeking access to the same material as the November 7, 2002 request to USPIS. (See Kornmeier Decl. ¶ 4; Compl., Ex. A.)  By letter dated June 29, 2005, EOUSA responded to plaintiff's request and informed him that it had located documents that originated with other agencies.  (See id. ¶ 5; Compl., Ex. P.)  It informed plaintiff that it was referring fourteen pages to the DEA and sixteen pages to the USPS for processing and direct response to plaintiff.  (See Kornmeier Decl. ¶ 5; Ex. P.)

By letter dated October 31, 2007, DEA responded directly to plaintiff, with regard to the fourteen pages of records referred to it by EOUSA.  (See id. & Ex. A.)  There were no photographs or copies of fingerprints, latent or otherwise, among the documents referred to and processed by DEA.  (See id.)

By letter to plaintiff, dated August 1, 2005, USPIS released in part the records referred to it by EOUSA.  (See Reardon Decl. ¶ 50.)  None of the documents referred by EOUSA, and processed by USPIS, contained photographs or copies of fingerprints, latent, or otherwise, of plaintiff, or any third parties.  (See id.)

### Administrative Appeal

By letter dated April 12, 2007, plaintiff administratively appealed the actions of USPIS to the USPS challenging the

-7-

withholdings made by USPIS.  (See id. ¶ 21 & Ex. 13.)  By letter
dated June 5, 2007, USPS affirmed the action of USPIS on the
requests from plaintiff for latent fingerprint impressions used
in his criminal investigation, including the redactions made
pursuant to Exemption 6 and 7(C).[3]  (See id. ¶ 22 & Ex. 14.)

      In sum, plaintiff requested three specific records; USPIS in
turn, located the three records that were potentially responsive
to plaintiff's request for copies of latent fingerprints.  Upon
further review, it determined that one of those three records was
not responsive to plaintiff's requests, as it contained no
prints, latent or otherwise.  It thereafter released to plaintiff
the two remaining pages, one in its entirety, and the second in
part.  Although, EOUSA referred documents to DEA and USPIS for
processing, none of the documents contained photographs, or
copies of fingerprints, latent or otherwise, of plaintiff, or any
third party.  Thus, those records are not encompassed within this
action.  (See generally, Compl.)

      USPIS has reviewed each page of the responsive records at
issue.  One page was released in full, and the second was
released in part.  USPIS has determined that it is not possible
to further segregate any portion of the released in part record

------

      [3] USPS also affirmed the action of USPIS on the documents
referred to USPIS by EOUSA, which as mentioned above did not
contain photographs or copies of fingerprints, latent, or
otherwise, of plaintiff, or any third parties.  (See Reardon
Decl. ¶ 50.)

-8-

without disclosing information that is exempt under Exemption

7(C).[4]   (<u>See</u> <u>id.</u> ¶ 51.)

Plaintiff filed this Complaint on January 11, 2008,

asserting that USPIS improperly withheld photocopies of latent

fingerprints, as used during the investigation of plaintiff by

USPIS.  (<u>See</u> Compl., at 11.)

<u>Argument</u>

SUMMARY JUDGMENT FOR DEFENDANT IS PROPER INASMUCH AS NO
<u>INFORMATION HAS BEEN IMPROPERLY WITHHELD FROM PLAINTIFF</u>

In accordance with the statutory requirements of the FOIA

and the requirements of <u>Vaughn v. Rosen</u>, 484 F.2d 820, 827 (D.C.

Cir. 1973), defendant's declarations contain a complete

description of, and justification for, the information withheld

by defendant pursuant to Exemption 7(C) on the documents at

issue.

I.   The Records Plaintiff Requested Concerning Himself
     Are Maintained in a System of Records That Is
     <u>Exempt from the Privacy Act's Access Provision</u>

An agency may deny an individual's right of access to

records under subsection (d)(1) of the Privacy Act if the system

of records in which the records are maintained has been exempted

pursuant to subsections (j) or (k) of the Act, 5 U.S.C. § 552a(j)

and (k).  In this case, USPIS invoked 5 U.S.C. § 552a(j)(2) to

---

[4] Although defendant USPIS asserted Exemption 6 and 7(C)
during the administrative processing of plaintiff's request, it
now has limited its protection of certain third party information
to Exemption 7(C), 5 U.S.C. § 552(b)(7)(C).

-9-

deny plaintiff access to the records he requested concerning himself.[5]

The records plaintiff requested concerning himself are maintained in a Privacy Act system of records entitled "Inspection Service Investigation File System." (See Reardon Decl. ¶ 30.)  The USPS has promulgated a regulation, 39 C.F.R. § 266.9 (2007), which exempts this system of records from the Privacy Act's provision concerning access to records, 5 U.S.C. § 552a(d)(1).  (See Reardon Decl. ¶ 30.)

As a criminal law enforcement component of the USPS, the investigative files of USPIS are exempt from disclosure under the Privacy Act.  See Anderson v. USPS, 7 F. Supp. 2d 583, 586 n.3 (E.D. Pa. 1998)(noting that USPIS's "investigative records have been exempted, by rule, from disclosure" under the Privacy Act

---

[5] 5 U.S.C. § 552a(j) provides, in relevant part:

> The head of any agency may promulgate rules, in accordance with the requirements . . . of sections 553(b)(1), (2), and (3), (c), and (e) of this title, to exempt any system of records within the agency from any part of this section except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i) if the system of records is . . . (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws . . . and which consists of (A) information compiled for the purpose of identifying individual criminal offenders . . . (B) information compiled for the purpose of a criminal investigation . . . or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws.

-10-

and its principal function is law enforcement), <u>aff'd</u>, 187 F.3d
625 (3d Cir. 1999); <u>see also</u> Reardon Decl. ¶ 39.)  Accordingly,
USPIS properly invoked subsection (j)(2) of the Privacy Act to
withhold from plaintiff the records he requested concerning
himself under the Privacy Act and instead processed plaintiff's
requests under the FOIA.

> II.  Pursuant to 5 U.S.C. § 552(b)(7), USPIS Properly
>      Withheld Records or Information Compiled for Law
>      Enforcement Purposes the Release of Which Could
>      Reasonably Be Expected To Cause Certain
>      Enumerated Harms

Exemption 7 of the FOIA, 5 U.S.C. § 552(b)(7), protects from
mandatory disclosure "records or information compiled for law
enforcement purposes, but only to the extent that the production
of such records" could reasonably be expected to cause the types
of harm enumerated in subsections (b)(7)(A)-(F), 5 U.S.C. § 552
(b)(7)(A)-(F).  To invoke Exemption 7, USPIS must initially
demonstrate that the records were compiled for a law enforcement
purpose.  See <u>John Doe Agency v. John Doe Corp.</u>, 493 U.S. 146,
148 (1989); <u>see also</u> <u>Pratt v. Webster</u>, 673 F.2d 408, 420-21 (D.C.
Cir. 1982).  To satisfy this threshold requirement, a criminal
law enforcement component, such as USPIS, need only show that the
records at issue are related to the enforcement of federal laws
and that the enforcement activity is within the law enforcement
duty of the agency.

-11-

As the Reardon Declaration clearly demonstrates, the
documents at issue "were compiled for law enforcement purposes,
during the course of [its] performance of its law enforcement
function in preventing the criminal use of mail."  (Reardon Decl.
¶ 40.) USPIS is a criminal law enforcement component within the
USPS and is responsible for enforcing laws related to the
criminal misuse of the U.S. Mail.  See id.; see also 18 U.S.C.
§ 3061 (2000); 39 C.F.R. § 233 (2007).  USPIS conducts its
criminal investigations under the authority of 18 U.S.C. § 3061.
(See Reardon Decl. ¶ 40.)

The documents at issue were specifically compiled during the
USPIS's investigation of plaintiff's violation of 21 U.S.C.
§ 841(a)(1), possession with intent to distribute a controlled
substance, and 21 U.S.C. § 846, conspiracy to distribute a
controlled substance.  (See Reardon Decl. ¶ 41.)  Accordingly,
the records of this investigation, were compiled for criminal law
enforcement purposes and satisfy the threshold requirement for
applying Exemption 7.  See, e.g., Stern v. FBI, 737 F.2d 84, 89
(D.C. Cir. 1984); Dohse v. Potter, No. 04-355, 2006 WL 379901 (D.
Neb. Feb. 15, 2006) (upholding USPIS's application of Exemption
7(C) and 7(D) to withhold records compiled as part of a criminal
investigation); Germosen v. Cox, No. 98-1294, 1999 WL 1021559
(S.D.N.Y. Oct. 29, 1999) (upholding USPIS's application of
Exemption 7 to documents located in the Investigative File System

-12-

of the USPIS); <u>Anderson</u>, 7 F. Supp. 2d at 586 n.3 (stating
USPIS's principal function is law enforcement); <u>Housely v. U.S.</u>
<u>Dep't of the Treasury</u>, 697 F. Supp. 3, 5 (D.D.C. 1988) (finding
Exemption 7 applies to records compiled during investigation that
could lead to criminal sanctions).  Therefore, these documents
are law enforcement records that meet Exemption 7's law
enforcement threshold.

> III. USPIS Properly Withheld Information the Release of
> Which Could Reasonably Be Expected to Constitute
> an Unwarranted Invasion of Personal Privacy
> Pursuant to 5 U.S.C. § 552(b)(7)(C)

Exemption 7(C) of the FOIA protects from disclosure "records
or information compiled for law enforcement purposes, but only to
the extent that production of such law enforcement records or
information . . . (C) could reasonably be expected to constitute
an unwarranted invasion of personal privacy."  5 U.S.C.
§ 552(b)(7)(C).  Determining whether information has been
properly withheld under this exemption requires a balancing of
the individual's right to privacy against the public's right of
access to information in government files.  <u>See</u> <u>U.S. Dep't of</u>
<u>Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S.
749, 774 (1989) [hereinafter <u>Reporters Comm.</u>]; <u>see also</u> <u>SafeCard</u>
<u>Servs., Inc. v. SEC</u>, 926 F.2d 1197, 1205 (D.C. Cir. 1991).  If
disclosure of a document invades a third party's privacy and
sheds no meaningful light on government functions, it may be

-13-

withheld pursuant to Exemption 7(C).  See Reporters Comm., 489
U.S. at 774.

In this case, USPIS invoked Exemption 7(C) to protect the
latent prints of third parties located in the criminal law
enforcement records created during the investigation of
plaintiff.  (See Reardon Decl. ¶¶ 38, 42-43.)  Specifically,
USPIS invoked Exemption 7(C) to protect the third party latent
prints identified in document Q-2, a copy of a photograph of
certain evidence recovered by USPIS during its investigation of
the plaintiff, and identified as Exhibit Q-2.  (See id. ¶ 38.)
After analyzing document Q-2, and balancing the interests at
stake, USPIS determined that the type of personal information,
pertaining to third parties contained in this record must be
withheld.  (See id. ¶ 48.)

As explained in the Reardon Declaration, document Q-2 was
the only record sought by plaintiff that contained a copy of any
latent prints.  (See id. ¶¶ 31-38.)  Although in his request
letters of November 18, 2002 and November 28, 2003, plaintiff
also requested copies of latent prints on laboratory Exhibits Q-1
and K-1, as labeled by USPIS during its investigation of
plaintiff, neither of those documents contain latent
fingerprints.[6] (See id. ¶¶ 8, 10.)  Document Q-1 is a copy of a

_____

[6] By letter dated November 7, 2002, plaintiff also submitted
a request to EOUSA for a "picture copy and laboratory analysis"
(continued...)

-14-

photograph of an exhibit that was used in USPIS's investigation
of plaintiff.  (See id. ¶ 29.)  According to USPIS's forensic
laboratory analysis, dated January 14, 1997, which plaintiff
attached to his request, no latent fingerprints were located on
Exhibit Q-1.  (See id. ¶ 35 & Ex. 1.)  Consequently, USPIS
determined that document Q-1 was not responsive to plaintiff's
request for copies of latent fingerprints.  (See id. ¶ 35.)
Plaintiff was notified of this determination by letter dated
November 28, 2003.  (See id.)

Furthermore, Exhibit K-1 is the inked impressions of
plaintiff's actual finger and palm prints.  (See id. ¶ 31.)
Plaintiff was provided a copy of this document in its entirety by
letter dated November 28, 2003.  (See id. ¶ 32.)[7]

---

[6](...continued)
of certain latent fingerprints.  (See Kornmeier Decl. ¶ 4.)  In
response to this request, EOUSA referred fourteen pages to the
Drug Enforcement Administration (DEA) and sixteen pages to the
USPS, for direct response to plaintiff.  (See id. ¶ 5.)  DEA
responded to plaintiff by letter dated October 31, 2007.  (See
id. ¶ 6.)  As explained in the Kornmeier Declaration, "[t]here
were no copies of fingerprints, latent or otherwise, among the
documents referred to DEA."  (See id.)  Furthermore, as explained
in the Reardon Declaration, USPIS responded to plaintiff by
letter dated August 1, 2005, releasing in part the documents
referred by EOUSA.  (See Reardon Decl. ¶ 50.)  None of the
documents referred by EOUSA, and processed by USPIS, contain
copies of fingerprints, latent or otherwise, of plaintiff, or any
other third party.  (See id.)  Plaintiff, who asks only for the
production of latent fingerprints in his Complaint, has not put
any of the documents processed by either DEA or EOUSA at issue in
this case.  (See generally, Compl.)

[7] Plaintiff's November 18, 2002 request also asks for the
(continued...)

-15-

In its review of document Q-2, USPIS first determined that there was a privacy interest in the third parties' information found on that document.  (See id. ¶¶ 42, 44.)  Courts have repeatedly held that third parties mentioned in law enforcement records have a substantial privacy interest "'in not being associated unwarrantedly with alleged criminal activity.'" Fitzgibbon v. CIA, 737 F.2d 755, 767 (D.C. Cir. 1990) (quoting Stern, 737 F.2d at 91-92); see also, e.g., King v. United States Dep't of Justice, 830 F.2d 210, 233 (D.C. Cir. 1987).  The Supreme Court has recognized the privacy interest inherent in law enforcement information pertaining to third parties and has held "as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy." Reporters Comm., 489 U.S. at 780.  Following this rationale, Exemption 7(C) is used to protect against the comment and speculation that the association with a criminal file will engender.  See, e.g., Rugiero v. U.S. Dep't of Justice, 257 F.3d 534, 552 (6th Cir. 2001) (protecting identifying information about third parties); Morley v. U.S. CIA, 453 F. Supp. 2d 137,

---

[7](...continued)
laboratory analysis of Exhibits Q-2 and K-1.  (See Reardon Decl. ¶ 8 & Ex. 1.)  It is noted that a copy of this analysis was submitted by plaintiff as an attachment to his requests to USPIS, (see id.), and is not at issue in this litigation.

-16-

155 (D.D.C. 2006) (recognizing that D.C. Circuit "has found a considerable stigma inherent in being associated with law enforcement proceedings").

In this case, USPIS invoked Exemption 7(C) to specifically protect the latent fingerprints of third parties.  Fingerprints are unique to each individual.  Consequently, law enforcement agencies rely on fingerprints as a source of evidence to identify suspects.  See, e.g., Vondette v. FBI, No. 04-665, 2005 WL 913280, at *1 n.2 (D.D.C. Apr. 17, 2005) (explaining the FBI's Fingerprint Identification Records System, a repository for criminal history information based on fingerprint submissions from criminal justice agencies).  Courts, in turn, have consistently found privacy interests in individual identifiers, such as fingerprints, social security numbers, or handwriting.  See, e.g., Spirko v. USPS, 147 F.3d 992, 999 (D.C. Cir. 1998) (upholding use of Exemption 7(C) to protect fingerprints, palm prints, and photographs); Greidinger v. Davis, 988 F.2d 1344, 1353 (4th Cir. 1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."); Church of Scientology Int'l v. IRS, 995 F.2d 916, 920-21 (9th Cir. 1993) (deciding privacy interest exists in handwriting of IRS agents in official documents); Wichlacz v. U.S. Dep't of Interior, 938 F. Supp. 325 (E.D. Va 1996) (upholding agency's

-17-

withholding of writing samples in order to protect identities of law enforcement officers), <u>aff'd</u>, 114 F.3d 1178 (4th Cir. 1997). In its analysis of the one document at issue, document Q-2, USPIS determined that the "disclosure of the third party latent prints could allow for the identification of those third parties by persons familiar with the circumstances and facts of USPIS's investigation of plaintiff." (<u>See</u> Reardon Decl. ¶ 45.)

USPIS concluded that releasing information that would identify third parties could reasonably be expected to constitute an invasion of the personal privacy of these third parties.  In its analysis, USPIS specifically noted the possible humiliation a third party could face if associated with the investigation into possible drug possession and distribution.  (<u>See</u> <u>id.</u>) Furthermore, USPIS considered the possibility of plaintiff contacting any third parties identified through the disclosure of this information.  (<u>See</u> <u>id.</u>)  Accordingly, USPIS released to plaintiff all the identifying information pertaining to him on the documents at issue, but withheld all third party prints in document Q-2, determining there was a "strong privacy interest" of the third parties in not being associated unwarrantedly with the criminal investigation. (<u>See</u> <u>id.</u> ¶¶ 43, 46.)

Once this privacy interest was established, USPIS balanced it against the magnitude of any public interest that would be served by disclosure.  (<u>See</u> <u>id.</u> ¶ 42.)  The relevant public

-18-

interest standard under Exemption 7(C) is whether disclosure of the withheld information would shed light on the operations and activities of the government.  <u>Reporters Comm.</u>, 489 U.S. at 772.

USPIS could not identify any clear public interest that outweighed the strong privacy interests that the third parties have in their fingerprints.  As stated in the Reardon Declaration, USPIS determined that revealing such "third party information to plaintiff is unlikely to add to the public understanding of how USPS or USPIS conducts its work or how well it performs its statutory duties."  (<u>See</u> Reardon Decl. ¶ 44.) Furthermore, plaintiff has not asserted "any discernible public interest" in the disclosure of third party information.  (<u>See</u> <u>id.</u> ¶ 47.)

In <u>Safecard Services v. SEC</u>, 926 F.2d 1197, 1205 (D.C. Cir. 1991), the D.C. Circuit held that the public interest in the disclosure of the identities of third parties referenced in law enforcement files is insubstantial.  The Court found that the FOIA plaintiff must show that there is significant "evidence that the agency [in question] denying the FOIA request is engaged in illegal activity."  <u>Id.</u> at 1206.  Furthermore, unless there is evidence that the person seeking access to the information, seeks the access "in order to confirm or refute [the] evidence [that the agency is engaged in illegal activity] . . . there is no reason to believe that the incremental public interest in such

-19-

information would ever be significant." Id.; see also Spirko,
147 F.3d at 999 (agreeing with district court's rationale that
USPS's withholding of 452 pages pursuant to Exemption 7(C) was
proper as none of disputed documents confirm or refute the
allegations of government misconduct).

Plaintiff has raised no allegation of misconduct by USPIS,
or USPS.  More specifically, there is no allegation that the
government committed misconduct in the investigation or
prosecution of plaintiff's case.  The Complaint only alleges that
plaintiff is entitled to additional latent prints.  (See Compl.)
While plaintiff may have a personal interest in the release of
the third party prints developed on Exhibit Q-2, such an interest
does not constitute a valid public interest in disclosure as
required by the FOIA and so cannot overcome the privacy interests
of the individuals, whose fingerprints are at stake.  (See
Reardon Decl. ¶ 47.)  Thus, plaintiff has failed to establish a
public interest in the information at issue which outweighs the
substantial privacy interests of the third parties that the USPIS
has protected pursuant to Exemption 7(C).  Having failed to
demonstrate the existence of an overriding public interest, USPIS
properly withheld the third party prints.  See e.g., Ajluni v.
FBI, 947 F. Supp. 599, 605 (N.D.N.Y. 1996) ("In the absence of
any strong countervailng public interest in disclosure, the
privacy interests of the individuals who are the subjects of the
redacted material must prevail.")

-20-

Lastly, USPIS has carefully reviewed document Q-2, and has released to plaintiff the portion of the document containing his fingerprints.  USPIS has determined that it was not possible to segregate any further portions of this document for release to plaintiff without a disclosure that could reasonably be expected to result in the harms cognizable under Exemption 7(C).  (See id. ¶ 51.)  To release more would surely violate the very privacy interest that is being protected.

## Conclusion

For the foregoing reasons, and based on the entire record herein, defendant respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,


_____
JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney


_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney


_____/s/_____
Dated:  April 23, 2008    Thomas E. Hitter
                          Attorney-Advisor
                          Office of Information and Privacy
                          United States Department of Justice
                          1425 New York Ave., NW, Suite 11050
                          Washington, DC  20530-0001
                          (202) 307-6003

UNITED STATES DISTIRCT COURT
FOR THE DISTIRCT OF COLUMBIA


MARK CLIFTON,            )
                     )
    Plaintiff      )
                     )
    v.             )    Civil Action No. 08-00052(JDB)
                     )
UNITES STATES POSTAL   )
 INSPECTION SERVICE,   )
                     )
    Defendant      )


## DECLARATION OF DAVID M. REARDON

I, David M. Reardon, declare the following to be true and correct:

1.    I am an Inspector Attorney serving with the Office of Counsel, United States Postal Inspection Service (USPIS).

2.    USPIS is the law enforcement arm of the United States Postal Service(USPS).

3.    The Chief Postal Inspector is the official custodian of all USPIS records, including those records relating to criminal investigations, maintained by USPIS.

4.    One of the delegated functions of my position is to provide legal advice concerning requests for access to USPIS records made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974 (PA), 5 U.S.C. § 552a.  I review requests under these Acts which are submitted or referred to the USPIS and the materials which have been located in response to record searches conducted by members of the Office of Counsel or at the direction of members of the Office of Counsel. On review, I provide advice and make determinations concerning the decision to release or withhold records which are responsive to a request in accordance with the provisions of the FOIA,PA and Postal Service regulations, 39 C.F.R.

§ 265.1.  I have the delegated authority to release or withhold records requested and to advocate on behalf of the USPIS in any action brought under the FOIA or PA.

5.   I make this declaration based on my personal knowledge, as well as information acquired in the performance of my official duties.

6.   This declaration details the chronology of administrative correspondence between USPIS and plaintiff regarding the FOIA request at issue in this litigation and describes the search conducted by USPIS in response to plaintiff's request.  This declaration also describes USPIS's processing of the three documents at issue, as well as the sixteen pages referred to USPIS by the U.S. Department of Justice's Executive Office for United States Attorneys (EOUSA) in response to plaintiff's request to that office.

7.   Plaintiff's Complaint, filed January 11, 2008, asserts that USPIS denied plaintiff a copy of his latent fingerprints on the documents at issue.  This declaration is made in support of the exemptions claimed under the FOIA, namely 5 U.S.C. § 552 (b)(7)(C), as applied to those documents.

## Chronology

8.   On November 18, 2002, USPIS received from plaintiff a request under the FOIA and PA, dated November 7, 2002. Plaintiff requested copies of the latent fingerprint impressions that had been used during the investigation of plaintiff, which were labeled for purposes of laboratory analysis as Exhibits Q-2 and K-1.  Plaintiff also requested the laboratory analysis of those prints.  Plaintiff included a copy of the laboratory analysis with his request. A copy of this letter, and its attachment, is attached as Exhibit 1.

9.   By letter dated November 26, 2002, USPIS acknowledged plaintiff's request and assigned it request number 2003-0053. A copy of this letter is attached as Exhibit 2.

10.  On August 21, 2003 a second request, dated May 20, 2003, was received from plaintiff.  Plaintiff again asked for a copy of the photograph of latent fingerprint impressions identified as Exhibit Q-2, and asked for a copy

2

of the photograph of latent fingerprints marked as Exhibit Q-1. A copy of this letter is attached as Exhibit 3.

11. On September 25, 2003, a letter of inquiry was received from plaintiff dated September 22, 2003, concerning the status of his first request, 2003-0053. A copy of this letter is attached as Exhibit 4.

12. By letter dated November 28, 2003, USPIS provided plaintiff with two pages of responsive records in response to both of his requests. A copy of this letter is attached as Exhibit 5.

13. On July 13, 2005 USPIS Office of Counsel received a referral from EOUSA, dated June 29, 2005. This referral concerned a FOIA request plaintiff made to EOUSA dated November 7, 2002. A copy of this referral, and its attachments, is attached as Exhibit 6. The request to EOUSA asks for the same material identified in plaintiff's request to USPIS, both dated November 7, 2002. See Exhibit 1.

14. The referral from EOUSA, consisted of sixteen pages of USPIS records found in EOUSA files and was forwarded to USPIS for processing and a direct response to the plaintiff under the FOIA.

15. By letter dated August 1, 2005, USPIS responded directly to plaintiff concerning the material referred to USPIS by EOUSA. In this response, five pages were released in part and eleven were withheld in full. A copy of this letter is attached as Exhibit 7.

16. On August 6, 2005, the letter sent to plaintiff on August 1, 2005 was returned as undeliverable. A copy of the notification of returned mail is attached as Exhibit 8.

17. On October 27, 2006, a letter was received by USPIS Office of Counsel from the USPS Records Office forwarding a letter from plaintiff dated October 16, 2006 requesting a status report on his FOIA request. A copy of this letter is attached as Exhibit 9.

18. On October 27, 2006, a letter was mailed to plaintiff in response to his October 16, 2006 letter. Plaintiff was provided with the returned August 1, 2005 letter and its

attachments. A copy of this letter is attached as Exhibit 10.

19. On November 15, 2006, the USPIS Office of Counsel received a letter from plaintiff dated November 8, 2006 requesting an update on the status of plaintiff's request. A copy of this letter is attached as Exhibit 11.

20. On February 16, 2007, a letter was mailed to plaintiff explaining that USPIS had complied with his request and all releasable material had previously been released. A copy of the August 1, 2005 response, and its attachments, was enclosed. A copy of this letter, and enclosures, is attached as Exhibit 12.

21. By letter dated April 12, 2007, plaintiff appealed the action of USPIS to the USPS, General Counsel. A copy of this letter is attached as Exhibit 13.

22. On June 5, 2007 the USPS affirmed the action of USPIS on both the requests to USPIS for copies of latent fingerprint impressions used in the criminal investigation of plaintiff, including the redactions made pursuant to Exemptions 6 and 7(C), and affirmed the action of USPIS on the documents referred by EOUSA. A copy of this letter is attached as Exhibit 14.

## Search

23. When USPIS conducts a search, in response to a FOIA request, the Information Disclosure Technician within the Office of Counsel, assigned to respond to the matter will conduct an electronic search of the agency's computer records and request materials from field divisions, the forensic laboratory, or other groups within USPIS which may have responsive records.

24. If the request deals with an active investigation or a case which is still in an open status the Information Disclosure Technician will contact the appropriate field division and the assigned case inspector to obtain the needed materials. If the requested records relate to a closed investigative file the Information Disclosure Technician will obtain the case file from the Inspection Service closed case storage center, located in Chicago, Illinois, and contact the field division and assigned case inspector to ensure that all records are reviewed.

4

25.  Because plaintiff's request concerned an investigation which was in a closed status at the time the search was conducted:  a search of USPIS computer records was conducted as well as searches of the records maintained by the field division, and the forensic laboratory.  In addition to these searches, a search of closed cases stored at the closed case storage center was conducted.

26.  In this case, once the records were obtained they were reviewed by the Information Disclosure Technician assigned to the FOIA request for a recommendation as to whether or not any of the material may be subject to an exemption from release.  The recommendation of the Information Disclosure Technician was reviewed by the Information Disclosure Specialist, the supervisor for the FOIA/PA Unit within the Office of Counsel.

27.  Pursuant to these searches, three documents were located.  Of these documents two were found to be responsive and are identified as Q-2 and K-1, which correspond to the Exhibit numbers applied by USPIS for purposes of the laboratory analysis during the criminal investigation.  Although not requested by plaintiff in his initial request letter dated November 7, 2002, Q-1 was reviewed and determined not be responsive, as it did not contain latent fingerprints.  Document Q-1 was first requested by plaintiff in a letter dated May 20, 2003.

28.  In his November 7, 2002 request, plaintiff also asked for the laboratory analysis of the above documents.  A copy of the laboratory analysis was submitted with plaintiff's request.  See Exhibit 1.

29.  Documents Q-1 and Q-2 are copies of photographs of exhibits, and K-1 is a copy of an exhibit, that were used in the investigation and conviction of plaintiff for violating 21 U.S.C. § 841 (a)(1), possession with intent to distribute a controlled substance, and 21 U.S.C. § 846, conspiracy to distribute a controlled substance and are the same documents at issue in this FOIA litigation.

30.  These records are criminal law enforcement records that are maintained in a system of records entitled "Inspection Service Investigative File System," which is exempted from the access provision of the Privacy Act, 5 U.S.C. § 552a(d)(1), pursuant to (j)(2) and (k)(2), as

implemented by 39 C.F.R. § 266.9(b)(2).  Therefore, in
order to provide plaintiff with the greatest possible
access to these requested records, USPIS reviewed all of
them for release under the FOIA.

### Processing of Plaintiff's Request to USPIS

31.  Document K-1 is a copy of the inked impressions of
plaintiff's fingerprints.  The inked impressions were taken
in 1982 in the course of plaintiff's arrest by the New York
City Police Department.  This document was located in the
investigative file related to the criminal investigation of
plaintiff for violations of 21 U.S.C. § 841 (a)(1) and 21
U.S.C. § 846.

32.  By letter dated November 28, 2003, document K-1 was
released to plaintiff in its entirety.  See Exhibit 5.

33.  Document Q-1 is a copy of a photograph of physical
evidence recovered by USPIS on October 18, 1996, after the
controlled delivery of a parcel to a residence where
plaintiff was located.  In the course of the investigation
of plaintiff, this evidence was submitted to the USPIS's
National Forensic Laboratory on November 15, 1996.

34.  The evidence was submitted to the National Forensic
Laboratory in order to locate any latent fingerprints or
other identifying marks on the item and develop them for
identification purposes.

35.  As stated in the National Forensic Laboratory's
January 14, 1997 analysis, which plaintiff attached to his
request, the forensic laboratory found no latent
fingerprints on the evidence.  See Exhibit 1.
Consequently, document Q-1, a photograph of this exhibit,
was not responsive to plaintiff's request.  Plaintiff was
advised of this by letter dated November 28, 2003.  See
Exhibit 5.

36.  Document Q-2 is a copy of a photograph of additional
physical evidence recovered by USPIS on October 18, 1996,
after the controlled delivery of a parcel to a residence
where plaintiff was located.  In the course of the
investigation of plaintiff, this evidence was submitted to
the USPIS's National Forensic Laboratory on November 15,
1996, in order to locate any latent fingerprints on the
item and develop them for identification purposes.

37. As stated in the laboratory examination analysis, dated January 14, 1997, twelve latent fingerprints and three latent palm prints were developed on the physical evidence. Of the total fifteen latent prints, one latent impression was identified as a print of plaintiff. The remaining latent prints were determined not be the plaintiff's, but were identified as prints of third parties.

38. By letter dated November 28, 2003, plaintiff was provided with document Q-2, a copy of a photograph of the physical evidence, in part. USPIS released the latent fingerprint that was identified as plaintiff's print. The remaining prints were withheld pursuant to FOIA Exemptions 6 (which USPIS does not assert in this litigation) and 7(C).

39. USPIS is a criminal and regulatory enforcement agency within the USPS and is responsible for, among other things, enforcing law related to the criminal misuse of the U.S. Mail. See 18 U.S.C. § 3061 and 39 C.F.R. § 233.

40. The identifying information located on the documents at issue was compiled for law enforcement purposes, during the course of USPIS's performance of its law enforcement function in preventing the criminal use of mail.

41. The documents were compiled in connection with a criminal investigation into violation of 21 U.S.C. § 841 (a)(1), possession with intent to distribute a controlled substance, and 21 U.S.C. § 846, conspiracy to distribute a controlled substance. These records were compiled for law enforcement purposes.

42. Exemption 7(C) first requires the identification of a privacy interest in the requested material, and then a public interest in the release. Once these interests are identified, USPIS balances the individual's right to personal privacy against the public's interest in shedding light on USPIS's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information is not used by USPIS in this balancing test.

43. The individuals whose identities, through their latent prints, have been protected as set forth above are not the

7

plaintiff.  Furthermore, USPIS provided plaintiff with all
the identifying information pertaining to him, located on
the documents at issue.

44.  Revealing the third party information to plaintiff is
unlikely to add to the public's understanding of how the
USPS and USPIS conducts it work or how well it performs its
statutory duties.  On balance, USPIS determined that the
substantial privacy interest in latent prints other than
plaintiff's, outweighs any public interest that would be
served by its release.  Such a release would be
"unwarranted" as required by 5 U.S.C. § 552(b)(7)(C).

45.  USPIS determined that disclosure of the third party
latent prints could allow for the identification of those
third parties by persons familiar with the circumstances
and facts of USPIS's investigation of plaintiff.  USPIS
determined that third parties could reasonably be expected
to be embarrassed or humiliated by being associated with
this criminal investigation, or contacted by plaintiff.
USPIS determined that disclosure of the third parties'
prints would invade the third parties' privacy, because
being associated with USPIS' criminal investigation into
plaintiff's unlawful actions carries a stigmatizing and
negative connotation.

46.  USPIS determined there was a strong privacy interest
in the latent finger and palm prints of third parties
located on document Q-2, and so they should be withheld
because disclosure of the information could reasonably be
expected to cause the third parties embarrassment,
harassment, and harm.

47.  Plaintiff did not assert any discernible public
interest in this particular information.  Plaintiff may
have an interest in the release of the eleven third party
fingerprints and three unidentified palm prints developed
on physical evidence identified in document Q-2, but such
an interest does not overcome the privacy interests of
these individuals.  The release of third party prints will
not enlighten the public about the operations or activities
of the USPIS or USPS.

48.  After balancing the interests as stake, the decision
to withhold third party latent prints pursuant to FOIA
Exemption 7(C) was proper.

## Processing of Documents Referred by EOUSA

49.  By letter dated June 29, 2005, EOUSA referred sixteen pages to USPIS in response to a November 7, 2002 request to that office.

50.  By letter dated August 1, 2005, USPIS released these records in part.  None of the documents referred by EOUSA, and processed by USPIS, contain fingerprints, latent, or otherwise, of plaintiff, or any other third parties. Accordingly, they are not the subject to plaintiff's Complaint, which asks only for production of his latent fingerprints.

51.  USPIS reviewed each page of the material identified as responsive to determine whether all non-exempt, reasonably segregable information was released to plaintiff.  As a result of this review, it has been determined that all responsive, non-exempt, reasonably segregable information has now been provided to plaintiff.

52.  I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of April, 2008.

David M. Reardon
Inspector Attorney
Office of Counsel
United States Postal Inspection Service

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 1

MARK R. CLIFTON
REG. NO. 16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON, N.J. 08320


November 7, 2002


UNITED STATES POSTAL INSPECTION SERVICE
R.J. NICHOLS
HQ - OFFICE OF COUNSEL
FOIA / PA SECTION
WASHINGTON, D.C. 20260-2181

    RE: UNITED STATES V MARK CLIFTON
        CASE NO. 7:96-CR-62-2 (MJH)
        DISCOVERY MATERIAL


Dear   U.S. POSTAL INSPECTOR     :


    Pursuant to the Freedom Of Information Privacy Act provided under 5 USC § 552, please send me a **picture copy** and laboratory analysis of the following evidence used in relation to the above referenced federal prosecution: (1) latent fingerprints labeled as **Exhibit Q-2** and (2) latent fingerprints labeled as **Exhibit K-1.** (see the attached Forensic Laboratory Examination Report)  The information requested is necessary and pertinent to prepare an appeal against the aforementioned criminal prosecution.  In support thereof an affidavit has been enclosed.
    Upon acceptance of this request please send me the available information at your earliest convenience,  Your cooperation is greatly appreciated.


                Sincerely


                *Mark R. Clifton*

                Mark R. Clifton


Rec'd 11-18-02
J. Eyre



FORENSIC LABORATORY EXAMINATION REPORT.

UNITED STATES POSTAL INSPECTION SERVICE
NATIONAL FORENSIC LABORATORY
22433 RANDOLPH DAVE
DULLES VA 20104-1000

January 14, 1997

Case Number 661-1198768-PMN(1); FP-07270(2)
Latent Print Examination
Date of Requests November 15 and December 23, 1996

D. M. Grisvold
Postal Inspector
P.O. Box 1450
Wilmington, NC  28402-1450

PROBLEM:     Examine Exhibits Q-1 and Q-2 for latent prints of value for
             identification and compare them with the inked finger
             prints of Mark R. Clifton, K-1.

FINDINGS:    Twelve latent finger prints and three latent palm prints
             were developed on Exhibit Q-2. No latent prints were
             developed on Exhibit Q-1.

             One latent finger print developed on the box, Q-2, was
             identified as having been made by Mark R. Clifton, K-1.
             This latent finger print could not have been made by any
             other person.

             The other latent prints remain unidentified.

REMARKS:     The latent prints developed were photographed for our
             files. The inked finger prints submitted will be retained
             for possible inclusion in PAFIS.

EXHIBITS:    Q-1 and Q-2 are enclosed under registered mail number
             R229 074 586.

Kenneth O. Smith
Forensic Latent Print Analyst

703-406 7100
FAX: 703-408-7115

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 2

November 26, 2002


Mr. Mark R. Clifton
Reg. No. 16744-056
Fairton FCI
P.O. Box 420
Fairton, NJ 08320-0420

RE:  FOIA # 2003-0053

Dear Mr. Clifton:

This will acknowledge receipt of your letter dated November 7, 2002, requesting
access to certain records that may be in the custody of the U.S. Postal Inspection
Service pertaining to you.

There will be a delay in responding to your letter as we are in the process of
conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection
Service records on a first-in, first-out basis.  We will be in contact with you as soon
as possible concerning this matter.

Sincerely,



J. G. Eyre
Information Disclosure Specialist

bcc:   FOIA #53-2003              SIGNED BY: *B. White*

<u>Clifton v. United States Postal Inspection Service</u>
No. 08-00052 (DDC) (JDB)




Reardon Declaration

Exhibit 3

U.S. Postal Service
## Routing Slip

| To: | Dept., Office or Room No. | |
|---|---|---|
| 1 Jane Eyre | Info Disclosure Specialist | ☐ Approval<br>☐ Signature<br>☐ Comment<br>☐ See Me<br>☐ As Requested<br>☒ Information<br>☐ Read and Return<br>☐ Read and File<br>☒ Necessary Action<br>☐ Investigate<br>☐ Recommendation<br>☐ Prepare Reply<br>☐ _____ |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |

| From: D. M. Griswold, Postal Inspector | Extension (910) 762-3212 |
|---|---|
| | Room No. |

Date: 08/19/2003

Remarks: Attached letter requests photos of documents from a case whch has been closed. Please feel free to contact me if you have any questions.

Rec'd 8/21/03 JN

Item 0.13. August 1976

MARK CLIFTON
REG. NO. 16744-056
FAIRTON F.C.I.
P.O. BOX 420
FAIRTON, N.J. 08320


May 20, 2003


UNITED STATES POSTAL INSPECTION SERVICE
NATIONAL FORENSIC LABORATORY
DENNIS M. GRISWOLD, POSTAL INSPECTOR
P.O. BOX 1450
WILMINGTON, N.C. 28402-1450

     RE:  CASE NO.:  661-1198768-PMN(1);  PE-07270 (1)
     TOOLMARK EXAMINATION

Dear U.S. Postal Inspector:

     I would like to obtain a copy of photographed documents filed with
this agency regarding a criminal investigation.  If there is a purchasing
fee, please send me the cost to obtain a copy of **photographed latent
fingerprints** marked as exhibits **Q-1** and **Q-2** regarding the above referenced
matter.  (see attached letter)


                    Sincerely



                    _Mark Clifton_
                    Mark Clifton



FORENSIC LABORATORY EXAMINATION REPORT.

UNITED STATES POSTAL INSPECTION SERVICE
NATIONAL FORENSIC LABORATORY
22433 RANDOLPH DRIVE
DULLES VA 20104-1000

January 14, 1997

Case Number 661-1198768-PMN(1); FP-07270(2)
Latent Print Examination
Date of Requests November 15 and December 23, 1996

D. M. Grisvold
Postal Inspector
P.O. Box 1450
Wilmington, NC 28402-1450

PROBLEM:     Examine Exhibits Q-1 and Q-2 for latent prints of value for
             identification and compare them with the inked finger
             prints of Mark R. Clifton, K-1.

FINDINGS:    Twelve latent finger prints and three latent palm prints
             were developed on Exhibit Q-2. No latent prints were
             developed on Exhibit Q-1.

             One latent finger print developed on the box, Q-2, was
             identified as having been made by Mark R. Clifton, K-1.
             This latent finger print could not have been made by any
             other person.

             The other latent prints remain unidentified.

REMARKS:     The latent prints developed were photographed for our
             files. The inked finger prints submitted will be retained
             for possible inclusion in PAFIS.

EXHIBITS:    Q-1 and Q-2 are enclosed under registered mail number
             R229 074 586.

Kenneth O. Smith
Forensic Latent Print Analyst

Clifton v. United States Postal Inspection Service
No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 4

MARK CLIFTON
REG. NO.  16744-056
FAIRTON  F.C.I.
P.O. BOX 420
FAIRTON, N.J. 08320

September 22, 2003

**RECEIVED**

U.S. POSTAL INSPECTION SERVICE
OFFICE OF COUNSEL  FOI / PA SECTION
475  L' ENFANT PLAZA, S.W. RM. 3411
WASHINGTON  D.C.  20260-2181

SEP 2 5 2003

Counsel
Office of the Chief Inspector

Dear Sir / Madam:

I am inquiring about a request  # 2003-0056  that was filed with
your agency on November 7, 2002 pertaining to some specific information
that you may have.  I have not received a response from your office
pertaining to the letter dated 11/7/02.  Please send me a response as
to my request because, the requested information is very pertinent to
my criminal case for which I am presently imprisoned.

Thank You

*Mark Clifton*
Mark Clifton

cc:  File



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF THE COUNSEL

November 26, 2002

Mr. Mark R. Clifton
Reg. No. 16744-056
Fairton FCI
P.O. Box 420
Fairton, NJ 08320-0420

RE:  FOIA # 2003-0053

Dear Mr. Clifton:

This will acknowledge receipt of your letter dated November 7, 2002, requesting access to certain records that may be in the custody of the U.S. Postal Inspection Service pertaining to you.

There will be a delay in responding to your letter as we are in the process of conducting appropriate file searches pertaining to your request.

As information, it is our policy to process requests for access to Postal Inspection Service records on a first-in, first-out basis.  We will be in contact with you as soon as possible concerning this matter.

Sincerely,

B. White

for  J. G. Eyre
Information Disclosure Specialist

475 L'ENFANT PLAZA SW, ROOM 3411
WASHINGTON DC 20260-2181
TELEPHONE: 202-268-4420
FAX: 202-268-7741

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 5

November 28, 2003


Mr. Mark Clifton
Reg. No. 16744-056
Fairton F.C.I.
P.O. Box 420
Fairton, NJ  08320-0420

RE:  FOIA # 2003-0053

Dear Mr. Clifton:

This is in further reference to your letters dated November 7, 2002, and May 20, 2003, requesting, pursuant to the Freedom of Information/Privacy Acts, access to latent fingerprints labeled as Exhibits Q-1, Q-2 and Exhibit K-1.

Enclosed are two pages of record material (Exhibits K-1 and Q-2) which can be released to you in their entirety.  Since no latent fingerprints were developed on Exhibit Q-1 this record is not available for disclosure.  Any latent fingerprints which may have been developed on Exhibit Q-2 would be exempt from disclosure under section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision. A copy of the appeal procedure is enclosed.

Sincerely,


M. R. Baxter
Information Disclosure Technician

Enclosures


Signed by:   __M. Baxter___





# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 6

FOIA 2005-FPIS-00047

 **UNITED STATES POSTAL SERVICE**

**RECEIVED**

JUL 1 3 2005

Counsel
Office of the Chief Inspector

July 11, 2005


LEE HEATH
CHIEF POSTAL INSPECTOR

ATTN:  Betty White

SUBJECT:  Release of Information – Mark R. Clifton


Attached are 16 pages of material referred by the Department of Justice for a determination of releasability under the Freedom of Information/Privacy Acts.

These documents appear to relate to matters under your jurisdiction.  They are being referred to your organization for processing and direct response to the requester.

Please create a separate entry in the FOIA/PA system under the name of Mark R. Clifton.


*Susie Travere*

Jane Eyre
Manager, Records Office

Attachments

ST



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

JUN 29 2005

**Katherine L. Myrick, Chief**                                    **14 Pages Referred**
**Freedom of Information Operations Unit**
**Drug Enforcement Administration**
**Department of Justice**
**700 Army Navy Drive**
**Arlington, VA 22202**

RECEIVED
JUL 1 1 2005
U.S. POSTAL SERVICE
PRIVACY AND FOIA PROGRAMS

**Jane Eyre, Manager**                                            **16 Pages Referred**
**Records Office**
**United States Postal Service**
**475 L'Enfant Plaza, S.W.**
**Washington, DC 20260-5202**

Requester:  **Mark R. Clifton**                Requester Number:    **02-3734**

Subject of Request: **Latent fingerprints labeled as Exhibit Q-2 and latent fingerprints**
**labeled as Exhibit K-1**

Dear FOIA/PA Contact Person:

        The enclosed Freedom of Information Act/Privacy Act request was received by this
office.  The paragraphs checked below apply:

1.    [  ]    As your office may have records responsive to this request, we are referring it to you for
              a direct response to the requester.

2.    [ X ]   **While processing this request, we located the enclosed records which originated in**
              **your office.  These records were found in the U.S. Attorney's Office files and may**
              **or may not be responsive to the request.  We are referring the material and a copy**
              **of the request to you for a direct response to the requester.**

3.    [  ]    **This office is also providing _____ page(s) of documents under a cover**
              **page titled "Background Information".  The attached records are provided to your**
              **agency to assist in processing your records.  These are <u>not</u> part of the referred**
              **records and should be kept as administrative records in this referral.**

        **A copy of our final determination letter is also enclosed for your reference.  Please**
        **note we have charged the requester $_____ for search/duplication costs**
        **incurred in the processing of this request.**

        We have notified the requester of this referral.

If you have any questions about this matter, please contact the FOIA/PA processor named below.

Sincerely,

Marie A. O'Rourke
Assistant Director

Name: Marsha Sutherland

Phone: (202) 616-6764

Enclosure(s)

## AFFIDAVIT IN SUPPORT OF AFFIANT'S
## REQUEST FOR LATENT FINGERPRINT COPIES

    I, Mark R. Clifton, Affiant hereby certify under penalty of perjury pursuant to 28 USC § 1746, the following statements are true and correct to the best of my knowledge:

    1.  I am the writer / affiant of this affidavit and requestor of the preceding letter requesting information regarding my arrest for which I am presently confined to federal prison.

    2.  My date of birth is August 6, 1965.

    3.  My place of birth is _BROOKLYN, NY_.

    4.  I am a United States Citizen.

    5.  My social security number is  # 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.

    6.  I am a federal prisoner serving a prison term of three hundred sixty months executed on May 28, 1997.

    7.  I was arrested on October 16, 1996 in Clinton, North Carolina for conspiracy to possess a schedule II controlled substance in violation of 21 USC § 846  in connection with  21 USC § 841 (a)(1).

    8. On the above arrest date, I was arrested by the United States Postal Inspector, Drug Enforcement Administration, and Sampson County Drug Task Force of Clinton, North Carolina.

    9.  A two count indictment was filed against me on November 7, 1996 in Fayetteville Division of the United States District Court for the Eastern District Of North Carolina.

    10.  I was prosecuted before the Honorable Judge, Malcom J. Howard under case number  7:96-CR-62-2.

    11.  I was convicted on February 6, 1997 pursuant to allegations charged by the federal government.

    Respectfully submitted on this _12_ day of November, 2002.

MARK R. CLIFTON
REG. NO.  16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON, N.J. 08320

SUSAN G. ROBINSON
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES
JANUARY 26, 2004

MARK R. CLIFTON
REG. NO. 16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON, N.J. 08320

EOUSA/FOIA/PA
02 NOV 18 PM 4: 15

November 7, 2002

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
FREEDOM OF INFORMATION  / PRIVACY ACT
600 E. STREET, N.W.;  RM. #7100
WASHINGTON, D.C. 20530

    RE:  UNITED STATES  V  MARK CLIFTON
         CASE NO.  7:96-CR-62-2  (MJH)
         DISCOVERY MATERIAL


Dear   Department Of Justice            :


    Pursuant to the Freedom Of Information Privacy Act provided under
5 USC § 552, please send me a **picture copy** and laboratory analysis of the
following evidence used in relation to the above referenced federal
prosecution: (1) latent fingerprints labeled as **Exhibit Q-2** and (2)
latent fingerprints labeled as **Exhibit K-1.** (see the attached Forensic
Laboratory Examination Report)  The information requested is necessary and
pertinent to prepare an appeal against the aforementioned criminal
prosecution.  In support thereof an affidavit has been enclosed.
    Upon acceptance of this request please send me the available
information at your earliest convenience.  Your cooperation is greatly
appreciated.


                    Sincerely


                    Mark R Clifton
                    _____
                    Mark R. Clifton

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 7



<small>UNITED STATES POSTAL INSPECTION SERVICE</small>

<small>OFFICE OF COUNSEL</small>

August 1, 2005

Mr. Mark R. Clifton
Reg. No. 16744-056
Fairton FCI
P.O. Box 420
Fairton, NJ  08320-0420

RE: FOIA No. 2005-FPIS-00047

Dear Mr. Clifton:

This is in reference to your Freedom of Information Act request addressed to the U.S. Department of Justice dated July 13, 2005, for access to records regarding you.

Found in the files of the U.S. Department of Justice were 17 pages of record material that originated with the U.S. Postal Inspection Service.  These pages were referred to this office for a releasability determination and direct response to you.

Enclosed are 5 pages in question that can be released to you.  Certain deletions have been made to this material pursuant to title 5, United States Code, section section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

In addition to these enclosures, there are 11 other pages which are exempt from disclosure in their entirety in accordance with section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; and section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

<small>1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-4041
FAX:  703-292-4083</small>

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision.  A copy of the appeal procedure is also enclosed.

Sincerely,

/s/

M. R. Baxter
Information Disclosure Technician

Enclosures



FORENSIC LABORATORY EXAMINATION REPORT.

United States Postal Inspection Service
National Forensic Laboratory
22433 Randolph Drive
Dulles VA 20104-1000

January 14, 1997

Case Number 661-1198768-PMN(1); FP-07270(2)
Latent Print Examination
Date of Requests November 15 and December 23, 1996

[REDACTED]    b7C

Postal Inspector
P.O. Box 1450
Wilmington, NC 28402-1450

PROBLEM:    Examine Exhibits Q-1 and Q-2 for latent prints of value for
            identification and compare them with the inked finger
            prints of Mark R. Clifton, K-1.

FINDINGS:   Twelve latent finger prints and three latent palm prints
            were developed on Exhibit Q-2. No latent prints were
            developed on Exhibit Q-1.

            One latent finger print developed on the box, Q-2, was
            identified as having been made by Mark R. Clifton, K-1.
            This latent finger print could not have been made by any
            other person.

            The other latent prints remain unidentified.

REMARKS:    The latent prints developed were photographed for our
            files. The inked finger prints submitted will be retained
            for possible inclusion in PAFIS.

EXHIBITS:   Q-1 and Q-2 are enclosed under registered mail number
            R229 074 586.

[REDACTED]    b7C

Forensic Latent Print Analyst



---

To: _____ **b7C**
Company:
Fax number:       +1 (000) 9198564487
Business phone:

From:             US Postal Inspection Service
Fax number:       +1 (000) 123-4567
Business phone:
Home phone:

Date & Time:      1/31/97  7:04:19 AM
Pages:            5
Re:               Re: Clifton Case

---

Attached are my CV and court questions.  My office phone number is _____ **b6**
_____ **b7C**

8 pages
Referral to
US Postal
Service



**U. S. Postal Inspection Service**
**152 N. Front Street**
**P. O. Box 1450**
**Wilmintgon, NC 28402-1450**
**Phone:  910/762-5545**
**Fax:      910/762-5579**

To: ████████  ████████ b7c , AUSA  RALEIGH

From: ████████  ████████ b7c , POSTAL INST.

_____

_____

5  Pages        **excluding this cover sheet**

| U.S. POSTAL SERVICE ROUTING SLIP | Dept., Office or Room No. | [ ] Approval<br>[ ] Signature<br>[ ] Comment<br>[ ] See Me<br>[X] As Requested<br>[ ] Information<br>[ ] Read and Return<br>[ ] Read and File<br>[ ] Necessary Action<br>[ ] Investigate<br>[ ] Recommendation<br>[ ] Prepare Reply |
|---|---|---|
| **To:**<br>1 ▓▓▓▓▓ *b7C* | | |
| 2 ASST. U. S. ATTORNEY | | |
| 3 EASTERN DISTRICT OF N. C. | | |
| 4 | | |
| 5 | | |

| **From:** ▓▓▓▓▓ *b7C* | **Extension** ▓▓▓▓ *b6* |
|---|---|
| | **Room No.** |

**Date:** 19-Dec-1996

**Remarks:**

ATTACHED ARE COPIES OF THE EXPRESS MAIL LABELS, SEARCH WARRANT'S AND AFFIDAVIT'S PER YOUR REQUEST.  IF YOU WOULD LIKE COPIES OF THE CRIME LAB REQUESTS OR ANY OTHER DOCUMENTATION PLEASE FEEL FREE TO CONTACT ME AT ▓▓▓▓▓▓ *b6*


*b7C*

PO BOX 1450
WILMINGTON NC 28402-1450

Item O-13 Aug 1976 (Facsimile) 20260-2174

Jan-27-97 05:14P



FORENSIC LABORATORY EXAMINATION REPORT

UNITED STATES POSTAL INSPECTION SERVICE
NATIONAL FORENSIC LABORATORY
22433 RANDOLPH DRIVE
DULLES VA 20104-1000

January 2, 1997

Case No. 661-1198768-PMN(1); PE-07270(1)
Toolmark Examination
Requested November 15, 1996

███████████  *b7C*

Postal Inspector
P.O. Box 1450
Wilmington, NC  28402-1450

**REQUEST:**    Determine if Exhibit 1 (razor knife) can be associated
with the cut marks along the edge of Exhibit 2 (parcel).

**RESULTS:**    Microscopic examination of Exhibit 1 revealed nothing
which could be used to associate Exhibit 1 with the cut
marks on Exhibit 2.

**EXHIBITS:**    The submitted exhibits will be returned upon completion of
other examinations.

██████████████████   *b7C*
██████████████████   *b6*

703-406-7100
FAX: 703 406-7115

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 8

UNITED STATES
POSTAL SERVICE

U.S. POSTAL INSPECTION SERVICE
1735 NORTH LYNN STREET, 4TH FLOOR
ARLINGTON, VA 22209-4028

MR MARK R CLIFTON
REG NO 16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON NJ 08320-0420

File
2005-FPIS-00047

Office of
Counsel

NIXIE    2010 1    07    08/06/05

RETURN TO SENDER
ATTEMPTED-NOT KNOWN
UNABLE TO FORWARD
RETURN TO SENDER

BOX 0 0560 0000

RETURN TO SENDER
CANNOT IDENTIFY
BY NAME OR NUMB

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

# <u>Clifton v. United States Postal Inspection Service</u>
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 9

RECORDS OFFICE                                      #2007-FPIS-00019



**UNITED STATES POSTAL SERVICE**

---

October 27, 2006

RECEIVED

OCT 27 2006

Office of Counsel
Office of the Chief Inspector

LEE HEATH
CHIEF POSTAL INSPECTOR

ATTN: Betty White

SUBJECT: Release of Information – MARK CLIFTON

The attached request for records under the provisions of both the Freedom of Information and Privacy Acts dated October 16, 2006, from Mark Clifton appears to relate to matters under your jurisdiction.  It is being referred to your organization for processing under our regulations located in the *Guide to Privacy and the Freedom of Information Act, Handbook AS-353, Chapters 3 and 4.*

If you have any questions, please call me at 202-268-4703.

*Alice M. Parks*

ALICE M PARKS

Attachment

475 L'ENFANT PLAZA SW, RM. 5821
WASHINGTON DC 20260-5821
(202)268-2608
FAX: (202)268-5353

October 16, 2006

OCT 2 4 2006

Jane Eyre, Manager
Records Office
United States Postal Service
475 L'enfant Plaza West S.W.
Washington, D.C. 20260-5202

Re: **Status of Executive Office for United States Attorneys'**
     **referral**

Dear Ms. Eyre:

     I had made a request for access to records pertaining to
myself and my request was reviewed under the Freedom of In-
formation Act. I directed my request to the Executive Office
for United States Attorneys. Specifically, I requested a
"picture copy" and laboratory analysis of latent fingerprints
labeled Exhibit Q-2 and latent fingerprints labeled Exhibit
K-1.

     EOUSA located 158 pages in its files that were deemed non-
responsive to my specific request. EOUSA also located an
additional sixteen pages that originated with the United States
Postal Service (USPS). EOUSA referred these pages to USPS for
processing and direct response to me. I was informed that in-
quiries regarding the status of EOUSA's referral may be sent
directly to your office. (See attached copy of appeal decision).

     The purpose of my letter is to ascertain the status of that
referral and the response from your office. My sincere hope is
that your office will be able to furnish me with the specific in-
formation I seek. I look forward to hearing from you in the near
future. Any assistance afforded me would be greatly appreciated.

                                   Respectfully submitted,

                                   Mark Clifton

                                   Mark R. Clifton
                                   Reg. No. 16744-056
                                   FCI Fort Dix (West)
                                   Unit 5803
                                   P.O. Box 7000
                                   Fort Dix, NJ 08640-0907



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                                    Washington, D.C. 20530

SEP 1 1 2006

Mr. Mark R. Clifton
Register No. 16744-056                        Re:    Appeal No. 05-2711
Federal Correctional Institution                     Request No. 02-3734
Post Office Box 7000                                  BVE:GLB:KAM
Fort Dix, NJ  08640

Dear Mr. Clifton:

You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to records pertaining to yourself. Specifically, you requested a "picture copy" and laboratory analysis of latent fingerprints labeled Exhibit Q-2 and latent fingerprints labeled Exhibit K-1.

After carefully considering your appeal, I am affirming EOUSA's action on your request. These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.81 (2006). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

EOUSA located 158 pages in its files, that were deemed non-responsive to your specific request. A member of my staff reviewed these pages and it was determined that EOUSA's response was correct.

EOUSA also located an additional fourteen pages that originated with the Drug Enforcement Administration (DEA) and an additional sixteen pages that originated with the United States Postal Service (USPS). EOUSA referred these pages to DEA and USPS for processing and direct response to you. These referrals were proper and in accordance with Department of Justice regulations. See 28 C.F.R. § 16.4(c) (2006). Inquiries regarding the status of EOUSA's referrals may be sent directly to these components at the following addresses:

Katherine L. Myrick, Chief
Freedom of Information Operations Unit
Drug Enforcement Administration
Department of Justice
700 Army Navy Drive
Arlington, VA  22202

- 2 -

Jane Eyre, Manager
Records Office
United States Postal Service
475 L'Enfant Plaza West SW.
Washington, DC  20260-5202

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

RECORDS OFFICE


**UNITED STATES**
**POSTAL SERVICE**

October 27, 2006

MARK CLIFTON
REG No. 16744-056
FCI – Fort Dix West
PO BOX 7000
FORT DIX, NJ  08640-0907

RE: FOIA Case No. 2007-FPRO-00046

Dear Mr. Clifton:

This responds to your Freedom of Information Act (FOIA) request dated October 16, 2006 in which you seek access to Postal Service records.

Based on the information provided by you, the agency official having jurisdiction over the subject matter of your request is Lee Heath, Chief Postal Inspector, 1735 N Lynn St., 4th Floor, Arlington VA 22209.  I have forwarded your request to that office for action and direct response to you.  You may contact Betty White, Information Disclosure Specialist at 703-292-3995.

You will receive a response to your request directly from that office.  Please feel free to contact us with any questions.

Sincerely,

*Alice M Parks*

ALICE M PARKS

cc:  Betty White

475 L'ENFANT PLAZA SW, RM. 5821
WASHINGTON DC  20260-5821
(202)268-2608
FAX:  (202)268-5353

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 10



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

October 27, 2006

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, NJ  08640-0907

RE: FOIA No. 2007-FPIS-00019

Dear Mr. Clifton:

This is in further reference to your letter dated October 14, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding you.

On August 6, 2005, our envelope addressed to you at Fairton FCI, Fairton, NJ was returned, marked "attempted-not known, unable to forward, return to sender".

Enclosed please find our August 1, 2005 letter and attachments.

Sincerely,

/s/

T. A. Warner
Information Disclosure Technician

Enclosures

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-3944
FAX:  703-292-4083

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 11

November 8, 2006

**RECEIVED**

NOV 1 5 2006

Office of Counsel
Office of the Chief Inspector

Lee Heath
Chief Postal Inspector
1735 N. Lynn Street, 4th Floor
Arlington, Virginia  22209

Attn:  Betty White, Information Disclosure Specialist
Re:  Status of Forwarded Request from USPS Records Office
     FOIA Case No. 2007-FPRO-00046

Dear Ms. White:

I had made a Freedom of Information Act (FOIA) request and had directed it to
the Executive Office for United States Attorneys.  Specifically, I requested a
photocopy of the twelve latent fingerprints and three latent palm prints develop-
ed from an exhibit known as Exhibit Q-2 and a photocopy of my own inked finger-
prints that were submitted for analysis along with two exhibits, one known as
Q-1 and one known as Exhibit Q-2.

EOUSA located 158 pages in its files that were deemed non-responsive to my speci-
fic request.  EOUSA also located an additional sixteen pages that originated
with the United States Postal Service (USPS).  EOUSA referred these pages to
USPS for processing and direct response to me.

I then contacted Jane Eyre, Manager, Records Office, United States Postal Service,
475 L'Enfant Plaza SW, Washington, D.C.  20260-0001, to ascertain the status of
EOUSA's referral.  That office, in turn, referred me to your office.  (Please see
attached copy of referral letter.)

I'm writing to you to ascertain the status of that referral.  After I started
this letter, I found a document among my paperwork that might make it easier for
you to comply with my request.  It's a forensic laboratory examination report
from the United States Postal Inspection Service in Dullas, Virginia.  (Please
see attached copy.)  I'm hoping this additional information will prove helpful.

My sincere hope is that your office will be able to furnish me with the specific
information I seek.  I look forward to hearing from you in the near future.  Any
assistance afforded me will be greatly appreciated.

Very truly yours,

Mark R. Clifton
16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, New Jersey  08640-0907

-1-

RECORDS OFFICE

 **UNITED STATES POSTAL SERVICE**

October 27, 2006

MARK CLIFTON
REG No. 16744-056
FCI – Fort Dix West
PO BOX 7000
FORT DIX, NJ  08640-0907

RE: FOIA Case No. 2007-FPRO-00046

Dear Mr. Clifton:

This responds to your Freedom of Information Act (FOIA) request dated October 16, 2006 in which you seek access to Postal Service records.

Based on the information provided by you, the agency official having jurisdiction over the subject matter of your request is Lee Heath, Chief Postal Inspector, 1735 N Lynn St., 4th Floor, Arlington VA 22209.  I have forwarded your request to that office for action and direct response to you.  You may contact Betty White, Information Disclosure Specialist at 703-292-3995.

You will receive a response to your request directly from that office.  Please feel free to contact us with any questions.

Sincerely,

*Alice M. Parks*

ALICE M PARKS

cc:  Betty White

475 L'ENFANT PLAZA SW, RM. 5821
WASHINGTON DC  20260-5821
(202)268-2608
FAX: (202)268-5353



FORENSIC LABORATORY EXAMINATION REPORT.

UNITED STATES POSTAL INSPECTION SERVICE
NATIONAL FORENSIC LABORATORY
22433 RANDOLPH DRIVE
DULLES VA 20104-1000

January 14, 1997.

Case Number 661-1198768-PMN(1); FP-07270(2)
Latent Print Examination
Date of Requests November 15 and December 23, 1996

D. M. Griswold
Postal Inspector
P.O. Box 1450
Wilmington, NC  28402-1450

**PROBLEM:**  Examine Exhibits Q-1 and Q-2 for latent prints of value for identification and compare them with the inked finger prints of Mark R. Clifton, K-1.

**FINDINGS:**  Twelve latent finger prints and three latent palm prints were developed on Exhibit Q-2. No latent prints were developed on Exhibit Q-1.

One latent finger print developed on the box, Q-2, was identified as having been made by Mark R. Clifton, K-1. This latent finger print could not have been made by any other person.

The other latent prints remain unidentified.

**REMARKS:**  The latent prints developed were photographed for our files. The inked finger prints submitted will be retained for possible inclusion in PAFIS.

**EXHIBITS:**  Q-1 and Q-2 are enclosed under registered mail number R229 074 586.

Kenneth O. Smith
Forensic Latent Print Analyst

703-406-7100
FAX: 703-406-7115

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 12



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

February 16, 2007

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, NJ  08640-0907

RE: FOIA No. 2007-FPIS-00041

Dear Mr. Clifton:

This is in further reference to your letter dated November 8, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding a referral from the Executive Office of United States Attorneys.

Our records indicate that this office previously responded to your latest query by letters dated August 1, 2005, and October 27, 2006.

We have again enclosed another copy of our initial response letter and all releasable pages.

Please be advised that the Freedom of Information Act (FOIA), 5 USC §552, is a records and document statute that permits access only to federal agency records unless the records qualify for one of several exemptions.

The core purpose of the FOIA is to provide the public with information about the conduct of government agencies and does not require the Postal Service to provide you with information that is not contained in its records.  The FOIA does not require an agency to create documents in response to an individual's request for information nor is it intended to compel agencies to become *ad hoc* investigators for requesters.

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE:  703-292-3944
FAX:  703-292-4083

This is our final response regarding this matter.  If you are dissatisfied with our response, you have a right to appeal this decision.  I have enclosed another copy of the appeal procedures.

Sincerely,

/s/

M. Renee Baxter
Information Disclosure Technician

Enclosures:  Letter dated August 1, 2005
             Responsive pages (5)

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 13

April 12, 2007

Chief Counsel
Customer Programs
U.S. Postal Service
475 L' Enfant Plaza, SW
Washington, D.C. 20260-1135



RE: FOIA NO. 2007-FPRO-00046

Dear Chief Counsel,

This is an "Administrative Appeal" under the Freedom of Information Act, title 5 U.S.C. § 552(a)(6), and pursuant to 28 C.F.R. § 16.8.

On March 23, 2007, I received a letter from M. Renee Baxter, Information Disclosure Technician, dated February 16, 2007, of your agency denying my request for a photo-copy of the twelve latent fingerprints and three latent palm developed from an exhibit known as exhibit Q-2 and a photo-copy of my own inked fingerprints that were submitted for analysis along with two exhibits , one known as exhibit Q-1 and the other known as exhibit Q-2. The two exhibits were submitted to the United States Postal Service National Forensic Laboratory at 22433 Randolph Drive, Dulles, Virginia 20104-1000, by D.M. Griswold, Postal Inspector, P.O. Box 1450, Wilmington, North Carolina 28402-1450. In a response dated January 14, 1997, Kenneth O. Smith, Forensic Latent Print Analyst, of the National Forensic Laboratory, sent Mr. Griswold a report of his findings. (please see attached copy) This was furnished to the office of lee Heath, Chief Postal Inspector, to assist in complying with my request.

This reply indicated that an "Appeal Letter" could be sent to you. I am enclosing copies of the majority of my exchange of my correspondence with your agency so that you can see exactly what files I have requested and the insubstantial grounds on which my request has been denied. Please note that on several occasions an inordinate amount of time has passed from the time your agency sent a particular response until I actually received the response. (For example, the response from your agency date August 1, 2005, I didn't receive until November, 2006. The delay was probably due to the fact that the Federal Bureau of Prisons moved me from the institution at fairton, New Jersey to the institution at Fort Dix, New Jersey.)

Also please note that most contracts I've had with employees of the USPS have been positive, (See letter of Alice M. Parks, dated October 27, 2006). In contrast, the response from M. Renee Baxter, dated February 16, 2007, wherein, she tells me that, "The core purpose of the FOIA is to provide the public with information about the conduct of government agencies and does not require the Postal Service to provide you with information that is not contained in its records." (The Postal Service's own records confirm that the information I seek is indeed contained in its records.) Ms. Baxter goes on to inform me that, " the FOIA does not require an agency to create documents in response to an individual's request for information nor is it intended to compel agencies to become ad hoc investigators for requesters." The information I seek was the sole basis for the Court's imposition of a 30-year sentence in my case, thus my fervent quest to obtain the information.

You will note that your agency has withheld the entire documents that I requested. Since the FOIA provides that "any reasonable segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt...", I believe that your agency has not complied with the FOIA. I believe that there must be additional segregable portions which do not fall within the FOIA exemptions and which must be released.

If you choose to continue to withhold some of all of the material which was denied in my initial request to your agency, I ask that you send me an index of such material,(Vaughn Index, see Vaughn v. Roven, 484 F. 2d 820 (D.C. Cir. 1973) together with the justification for the denial of each item which is still withheld.

Please be advised that although the denial from your agency was dated February 16, 2007, I did not receive it until March 23, 2007. The cause for the delay can be attributed to the fact that the Federal Bureau of Prisons has once again moved me from the prison at Fort Dix (West) to the prions at Fort Dix (East).

Respectfully submitted,

Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, New Jersey 08640-0907

(2)



FORENSIC LABORATORY EXAMINATION REPORT.

UNITED STATES POSTAL INSPECTION SERVICE
NATIONAL FORENSIC LABORATORY
22433 RANDOLPH DRIVE
DULLES VA 20104-1000

January 14, 1997

Case Number 661-1198768-PMN(1); FP-07270(2)
Latent Print Examination
Date of Requests November 15 and December 23, 1996

D. M. Griswold
Postal Inspector
P.O. Box 1450
Wilmington, NC 28402-1450

PROBLEM:     Examine Exhibits Q-1 and Q-2 for latent prints of value for
             identification and compare them with the inked finger
             prints of Mark R. Clifton, K-1.

FINDINGS:    Twelve latent finger prints and three latent palm prints
             were developed on Exhibit Q-2. No latent prints were
             developed on Exhibit Q-1.

             One latent finger print developed on the box, Q-2, was
             identified as having been made by Mark R. Clifton, K-1.
             This latent finger print could not have been made by any
             other person.

             The other latent prints remain unidentified.

REMARKS:     The latent prints developed were photographed for our
             files. The inked finger prints submitted will be retained
             for possible inclusion in PAFIS.

EXHIBITS:    Q-1 and Q-2 are enclosed under registered mail number
             R229 074 586.

Kenneth O. Smith
Forensic Latent Print Analyst

703-406 7100
Fax: 703-406-7115



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

February 16, 2007

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, NJ  08640-0907

RE: FOIA No. 2007-FPIS-00041

Dear Mr. Clifton:

This is in further reference to your letter dated November 8, 2006, requesting, pursuant to the Freedom of Information/Privacy Acts, access to certain records that may be in the custody of the U.S. Postal Inspection Service regarding a referral from the Executive Office of United States Attorneys.

Our records indicate that this office previously responded to your latest query by letters dated August 1, 2005, and October 27, 2006.

We have again enclosed another copy of our initial response letter and all releasable pages.

Please be advised that the Freedom of Information Act (FOIA), 5 USC §552, is a records and document statute that permits access only to federal agency records unless the records qualify for one of several exemptions.

The core purpose of the FOIA is to provide the public with information about the conduct of government agencies and does not require the Postal Service to provide you with information that is not contained in its records. The FOIA does not require an agency to create documents in response to an individual's request for information nor is it intended to compel agencies to become *ad hoc* investigators for requesters.

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA  22209-4039
TELEPHONE: 703-292-3944
FAX: 703-292-4083

This is our final response regarding this matter.  If you are dissatisfied with our response, you have a right to appeal this decision.  I have enclosed another copy of the appeal procedures.

Sincerely,

M. Renee Baxter
Information Disclosure Technician

Enclosures:  Letter dated August 1, 2005
             Responsive pages (5)

November 8, 2006

Lee Heath
Chief Postal Inspector
1735 N. Lynn Street, 4th Floor
Arlington, Virginia  22209

Attn:  Betty White, Information Disclosure Specialist
Re:  Status of Forwarded Request from USPS Records Office
     FOIA Case No. 2007-FPRO-00046

Dear Ms. White:

I had made a Freedom of Information Act (FOIA) request and had directed it to
the Executive Office for United States Attorneys.  Specifically, I requested a
photocopy of the twelve latent fingerprints and three latent palm prints develop-
ed from an exhibit known as Exhibit Q-2 and a photocopy of my own inked finger-
prints that were submitted for analysis along with two exhibits, one known as
Q-1 and one known as Exhibit Q-2.

EOUSA located 158 pages in its files that were deemed non-responsive to my speci-
fic request.  EOUSA also located an additional sixteen pages that originated
with the United States Postal Service (USPS).  EOUSA referred these pages to
USPS for processing and direct response to me.

I then contacted Jane Eyre, Manager, Records Office, United States Postal Service,
475 L'Enfant Plaza SW, Washington, D.C.  20260-0001, to ascertain the status of
EOUSA's referral.  That office, in turn, referred me to your office.  (Please see
attached copy of referral letter.)

I'm writing to you to ascertain the status of that referral.  After I started
this letter, I found a document among my paperwork that might make it easier for
you to comply with my request.  It's a forensic laboratory examination report
from the United States Postal Inspection Service in Dullas, Virginia.  (Please
see attached copy.)  I'm hoping this additional information will prove helpful.

My sincere hope is that your office will be able to furnish me with the specific
information I seek.  I look forward to hearing from you in the near future.  Any
assistance afforded me will be greatly appreciated.

Very truly yours,

Mark R. Clifton
16744-056
FCI Fort Dix (West)
P.O. Box 7000
Fort Dix, New Jersey  08640-0907

-1-

RECORDS OFFICE

**UNITED STATES**
**POSTAL SERVICE**

October 27, 2006

MARK CLIFTON
REG No. 16744-056
FCI – Fort Dix West
PO BOX 7000
FORT DIX, NJ  08640-0907

RE: FOIA Case No. 2007-FPRO-00046

Dear Mr. Clifton:

This responds to your Freedom of Information Act (FOIA) request dated October 16, 2006 in which you seek access to Postal Service records.

Based on the information provided by you, the agency official having jurisdiction over the subject matter of your request is Lee Heath, Chief Postal Inspector, 1735 N Lynn St. 4th Floor, Arlington VA 22209.  I have forwarded your request to that office for action and direct response to you.  You may contact Betty White, Information Disclosure Specialist at 703-292-3995.

You will receive a response to your request directly from that office.  Please feel free to contact us with any questions.

Sincerely,

*Alice M. Parks*

ALICE M PARKS

cc:  Betty White

475 L'ENFANT PLAZA SW, RM. 5821
WASHINGTON DC  20260-5821
(202)268-2608
FAX: (202)268-5353



UNITED STATES POSTAL INSPECTION SERVICE

OFFICE OF COUNSEL

August 1, 2005

Mr. Mark R. Clifton
Reg. No. 16744-056
Fairton FCI
P.O. Box 420
Fairton, NJ 08320-0420

RE: FOIA No. 2005-FPIS-00047

Dear Mr. Clifton:

This is in reference to your Freedom of Information Act request addressed to the U.S. Department of Justice dated July 13, 2005, for access to records regarding you.

Found in the files of the U.S. Department of Justice were 17 pages of record material that originated with the U.S. Postal Inspection Service. These pages were referred to this office for a releasability determination and direct response to you.

Enclosed are 5 pages in question that can be released to you. Certain deletions have been made to this material pursuant to title 5, United States Code, section section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

In addition to these enclosures, there are 11 other pages which are exempt from disclosure in their entirety in accordance with section 552(b)(2), which concerns records related solely to the internal personnel rules and practices of an agency; section 552(b)(5), which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the U.S. Postal Service; and section 552(b)(6), where release of personnel and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552(b)(7)(C), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

1735 N. LYNN STREET, ROOM 4039
ARLINGTON, VA 22209-4039
TELEPHONE: 703-292-4041
FAX: 703-292-4083

As provided in title 39, Code of Federal Regulations, part 265, you have a right to appeal this decision.  A copy of the appeal procedure is also enclosed.

Sincerely,

/s/

M. R. Baxter
Information Disclosure Technician

Enclosures

MARK R. CLIFTON
REG. NO. 16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON, N.J. 08320

November 7, 2002

UNITED STATES POSTAL INSPECTION SERVICE
R.J. NICHOLS
HQ - OFFICE OF COUNSEL
FOIA / PA SECTION
WASHINGTON, D.C. 20260-2181

RE: UNITED STATES  V  MARK CLIFTON
    CASE NO.  7:96-CR-62-2  (MJH)
    DISCOVERY MATERIAL

Dear    U.S. POSTAL INSPECTOR

     Pursuant to the Freedom Of Information Privacy Act, provided under
5 USC § 552, please send me a **picture copy** and laboratory analysis of the
following evidence used in relation to the above referenced federal
prosecution: (1) latent fingerprints labeled as **Exhibit Q-2** and (2)
latent fingerprints labeled as **Exhibit K-1**. (see the attached Forensic
Laboratory Examination Report)  The information requested is necessary and
pertinent to prepare an appeal against the aforementioned criminal
prosecution. In support thereof an affidavit has been enclosed.
     Upon acceptance of this request please send me the available
information at your earliest convenience. Your cooperation is greatly
appreciated.

                              Sincerely

                              _____

                              Mark R. Clifton

## AFFIDAVIT IN SUPPORT OF AFFIANT'S
## REQUEST FOR LATENT FINGERPRINT COPIES

I, Mark R. Clifton, Affiant hereby certify under penalty of perjury pursuant to 28 USC § 1746, the following statements are true and correct to the best of my knowledge:

1.  I am the writer / affiant of this affidavit and requestor of the preceding letter requesting information regarding my arrest for which I am presently confined to federal prison.

2.  My date of birth is August 6, 1965.

3.  My place of birth is _____ .

4.  I am a United States Citizen.

5.  My social security number is  # 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.

6.  I am a federal prisoner serving a prison term of three hundred sixty months executed on May 28, 1997.

7.  I was arrested on October 16, 1996 in Clinton, North Carolina for conspiracy to possess a schedule II controlled substance in violation of 21 USC § 846  in connection with  21 USC § 841 (a)(1).

8. On the above arrest date, I was arrested by the United States Postal Inspector, Drug Enforcement Administration, and Sampson County Drug Task Force of Clinton, North Carolina.

9.  A two count indictment was filed against me on November 7, 1996 in Fayetteville Division of the United States District Court for the Eastern District Of North Carolina.

10.  I was prosecuted before the Honorable Judge, Malcom J. Howard under case number  7:96-CR-62-2.

11.  I was convicted on February 6, 1997 pursuant to allegations charged by the federal government.

Respectfully submitted on this _____ day of November, 2002.

MARK R. CLIFTON
REG. NO.  16744-056
FAIRTON FCI
P.O. BOX 420
FAIRTON, N.J. 08320

CHIEF COUNSEL/
CUSTOMER PROGRAMS
U.S POSTAL SERVICE
475 L'ENFANT PLAZA, SW
WASHINGTON, D.C. 20260-1135

MARK R. CLIXTON
16744-056
FCI FORT DIX (EAST)
P.O. BOX 2000
FORT DIX, NEW JERSEY
08640

P.O. BOX 5000
FORT DIX, NJ 08640     5/3/04

THE ___ ___ ___ WAS PROCESSED

___ CLOSURES.
N ___ THER OPENED
E ___ E RAISES
C ___ HICH
L ___ YOU

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Reardon Declaration

Exhibit 14

CORPORATE LAW



UNITED STATES
POSTAL SERVICE

_____

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

June 5, 2007

Mr. Mark R. Clifton
Reg. No. 16744-056
FCI Fort Dix (East)
P.O. Box 2000
Fort Dix, NJ  08640-0907

Freedom of Information Act Appeal 07-082

Dear Mr. Clifton:

This responds to your letter dated April 12, 2007, which was received in our office
on May 8, 2007.  In your letter, you appeal the response to your request for
information pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

     I.     Background

Your appeal concerns two sets of correspondence which are described below.

     A.  Fingerprint Records

By letters dated November 7, 2002, and May 20, 2003, you requested access to
latent fingerprint records labeled Exhibits Q-1, Q-2 and K-1 in the custody of the
U.S. Postal Inspection Service.  In your letter of April 12, 2007, you stated that your
request for this information was denied.  Review of Postal Inspection Service
records reveals that M.R. Baxter, Information Disclosure Technician, Postal
Inspection Service, responded your request by letter dated November 23, 2003.
Enclosed with that letter were two pages of record material (Exhibits K-1 and Q-2).
The Inspection Service informed you that no latent fingerprints were developed on
Exhibit Q-1; consequently, no responsive records were available for disclosure in
relation to that request.  You were informed that access to any latent fingerprints
developed on Exhibit Q-2 were exempt from disclosure under FOIA Exemptions 6
and 7(C).[1]  5 U.S.C. § 552(b)(6), (b)(7)(C).

By letter dated November 7, 2002, addressed to the U.S. Department of Justice,
you requested access to records concerning you.  On June 29, 2005, the U.S.

_____

[1] The latent fingerprints that were withheld concerned an unidentified person.

475 L'ENFANT PLAZA SW
WASHINGTON, DC  20260-1135
WWW.USPS.COM

B. Other Records Pertaining to You

Department of Justice, Executive Office for United States Attorneys (EOUSA), referred 17 pages of records material that originated with this agency to the U.S. Postal Inspection Service for processing. Thereafter, by letter dated August 1, 2005, the Postal Inspection Service granted your request in part. You were granted five pages of material with certain redactions. The redactions were made to the material pursuant to Exemptions 6 and 7(C). 5 U.S.C. § 552(b)(6), (b)(7)(C). Eleven other pages of material were identified as exempt from disclosure in their entirety. These pages were withheld pursuant to FOIA Exemptions 2, 5, 6, 7(C). 5 U.S.C. § 552(b)(2), (b)(5), (b)((6) and (b)(7)(C).

By letter dated October 14, 2006, you requested information concerning the status of the referral from EOUSA to the U.S. Postal Inspection Service. By letter dated October 27, 2006, the Postal Inspection Service responded to your request. The Postal Inspection Service informed you that on August 6, 2005, the material addressed to you at the Fairton Federal Correctional Institution (FCI), Fairton, New Jersey was returned, marked "attempted-not known, unable to forward, return to sender." As a result, the Postal Inspection Service enclosed with its October 27 letter a second copy of the August 1, 2005, response and its attachments.

By letter dated November 8, 2006, you duplicated your request for the status of the EOUSA referral to the U.S. Postal Inspection Service. The Postal Inspection Service responded to your request by letter dated February 16, 2007. In your appeal, you allege that the Postal Inspection denied your request for documents under the FOIA. However, review of the records shows that that the Postal Inspection Service informed you that it had responded to your requests. The Inspection Service enclosed a third set of documents accompanied by the initial response letters of August 1, 2005 and October 27, 2006.[2]

II.    Analysis

After careful review, we are upholding the initial decisions provided on November 23, 2002 and August 1, 2005 for the reasons set forth below.

As background, the FOIA generally requires government agencies to disclose records within their possession. The Act contains several exemptions, however, that permit agencies to withhold certain records. 5 U.S.C. § 552(b)(1)-(9). With exception of material provided to you on November 23, 2003, and again enclosed with this letter, and records provided to you by letter dated August 1, 2005, the records referenced above were properly withheld from disclosure pursuant to FOIA Exemptions 2, 5, 6, and 7(C). 5 U.S.C. § 552(b)(2), (b)(5), (b)(7)(C).

---

[2] We note that you included with your April 12 appeal a copy of the U.S. Postal Inspection Service documents.

Exemption 2 applies to information concerning routine, internal matters of no interest to the general public. See Department of the Air Force v. Rose, 425 U.S. 352, 369 (1976). Examples of information that may be withheld pursuant to Exemption 2 are purely administrative documents that only relate to matters of internal significance, such as routing slips. In the instant matter, a case file checklist was properly withheld under Exemption 2.

Records were also properly withheld under Exemption 5. Exemption 5 permits agencies to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption permits agencies to withhold records that would be privileged in the context of civil discovery. NLRB v. Sears. Roebuck & Co.. 421 U.S. 132, 149 (1975). One privilege recognized under Exemption 5 is the "deliberative process" privilege. This privilege is intended to protect the free flow of ideas in the decision-making process of government agencies, and it protects internal documents that are both "predecisional" and "deliberative." See NLRB v. Sears. Roebuck & Co., 421 U.S. at 150-52. Once it is established that records are "intra-agency" and "predecisional," the records are exempt from disclosure under FOIA Exemption 5 to the extent that they contain "deliberative" information. In this case, the notes and memoranda by the forensic examiners and postal examiners are "deliberative" as that term has been defined for purposes of Exemption 5 by the federal courts. The withheld information in this case includes the requests for laboratory examinations, forensic reports, analyses, conclusions, and memoranda containing recommendations of Postal Inspectors and forensic examiners who prepared the memoranda. This type of information is "deliberative" within the meaning of FOIA Exemption 5. See Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980). Even factual information may be protected by the deliberative process privilege when the information is "inextricably intertwined" with deliberative information, see EPA v. Mink. 410 U.S. 73, 90-93 (1973), or when disclosure of factual material would reveal the deliberative process of the agency, see National Wildlife Federation v. United States Forest Service, 861 F.2d 1114,1118-19 (9th Cir. 1988). Accordingly, we are upholding the decision of the Inspection Service to withhold documents in their entirety pursuant to Exemption 5.

The initial decisions of the Inspection Service also relied in part on FOIA Exemption 6, which permits agencies to withhold "personnel files and medical files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6). However, because the records also qualify for the application of Exemption 7(C), and Exemption 7(C) provides greater protection of personal privacy than Exemption 6, we will limit our discussion to the application of Exemption 7(C). FOIA Exemption 7(C) applies to "records or information compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). Records of agency investigations that focus on specifically alleged acts which, if proved, could result in criminal or civil sanctions are "compiled for law enforcement purposes" within the meaning of FOIA Exemption 7. Stern v. FBI, 737 F.2d 84, 89 (D.C. Cir. 1984).

- 4 -

Exemption 7(C) permits agencies to withhold records compiled for law enforcement purposes the disclosure of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). The exemption protects the privacy interests of any individuals mentioned in records compiled for law enforcement purposes, whether they are the subjects of an investigation, witnesses, or third parties. King v. Department of Justice, 830 F.2d 210, 233 (D.C. Cir. 1987). Exemption 7(C) protects both information that is in itself embarrassing or intimate, and information that might cause adverse effects on an individual's life if it were disclosed. L & C Marine Transport. Ltd. v. United States, 740 F.2d 919, 923 (11th Cir. 1984). An individual does not lose his or her privacy interest under Exemption 7(C) because the individual's identity may be otherwise discoverable, id. at 922, or even if the individual's name has been disclosed elsewhere, Kirk v. Department of Justice, 704 F. Supp. 288, 292 (D.D.C. 1989). The protection of personal privacy under Exemption 7(C) continues after an investigation is closed, and it is not destroyed by the passage of time. See Keys v. Department of Justice 830 F.2d 337, 348 (D.C. Cir. 1987).

FOIA Exemption 7(C) requires us to weigh the privacy interests of the named and unnamed individuals against the public interest, if any, that would be served by disclosure. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 762 (1989). In this case, there is no public interest in disclosure sufficient to outweigh the individuals' privacy interests. Although you may have a strong personal interest in obtaining the information, the FOIA requires that we balance the individuals' privacy interests against the interest of the public in general—shedding light on the conduct of government agencies—and not the particular interest of the requester. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. at 771-73. Disclosure of the withheld information would not contribute significantly to the public's knowledge of the operations and activities of the Postal Service. Therefore, the records are exempt from disclosure under FOIA Exemption 7(C), and were properly withheld.

We also note that the Privacy Act does not provide you with a right of access to the records you are requesting. Under the Act, individuals generally are entitled to obtain access to records concerning themselves that are maintained in a system of records covered by the Act. See 5 U.S.C. § 552a(d)(1). The Privacy Act contains exemptions, however, that permit agencies to exempt certain systems of records from the Act's access provisions. These exemptions apply to systems of records maintained for law enforcement purposes, see 5 U.S.C. § 552a(j)(2) and (k)(2); and the Postal Service has issued regulations that apply these exemptions to the investigative files of the Postal Inspection Service. See 39 C.F.R. § 266.9(b)(2). Because the records you are requesting are maintained in Inspection Service investigative files, the Privacy Act does not require the Postal Service to provide you with access to the records.

Finally, in your appeal, you request a "Vaughn Index" which describes each withheld record and specifies the exemption or exemptions that apply to the record. In some

cases, courts engaged in judicial review of denials of FOIA requests have required agencies to submit detailed indices of withheld records. <u>See</u>, <u>e.g.</u>, <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977 (1974). A Vaughn Index is not required, however, at the administrative level of review. <u>See Mayock v. INS</u>, 714 F. Supp. 1558, 1567 (N.D. Cal. 1989), <u>rev'd and remanded on other grounds sub nom. Mayock v. Nelson</u>, 938 F.2d 1006 (9th Cir. 1991). "Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the administrative process." <u>Judicial Watch, Inc. v. Clinton</u>, 880 F. Supp. 1, 11 (D.D.C. 1995), <u>aff'd</u>, 76 F.3d 1232 (D.C. Cir. 1996). Therefore, we decline to provide you with a Vaughn Index.

As a courtesy, we are enclosing copies of the initial response letters dated November 23, 2003, August 1, 2005, October 27, 2006, and February 16, 2007, accompanied by all segregable, releasable documents previously disclosed to you.

This is the final decision of the Postal Service on your right of access pursuant to the FOIA to these records. You may obtain judicial review of this decision by bringing suit for that purpose in the United States District Court for the district in which you reside or have your principal place of business, the district in which the records are located, or in the District of Columbia.

Thank you for your interest.

For the General Counsel,

Anthony F. Alverno
Chief Counsel
Customer Programs

Enclosures

cc:    Ms. Baxter
       Ms. Eyre

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MARK CLIFTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-00052 (JDB) |
| | ) | |
| UNITED STATES POSTAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

DECLARATION OF JOHN W. KORNMEIER

I, John W. Kornmeier declare the following to be a true and correct statement of facts:

1) I am an attorney advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include: acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974, 5 U.S.C. §552a ("PA"); the review of FOIA/PA requests for access to records located in this office and 94 United States Attorney's offices ("USAO's") and the case files arising therefrom; the review of correspondence related to requests; the review of searches conducted in response to requests; the location of responsive records; and preparation of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

2) As an attorney advisor of the FOIA/PA Unit, EOUSA, I have authority to release and/or withhold records requested under the FOIA/PA, and to advocate the position of the EOUSA in actions brought under these Acts. The statements I make hereinafter are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties.

3) Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request made to by the above-captioned Plaintiff, Mark Clifton

(hereinafter referred to as "Mr. Clifton"). I have reviewed his Complaint whereby he seeks to have the Court order the production of photo copies of the "latent print of his left index finger."

4) By letter dated November 7, 2002, Mr. Clifton submitted a request to EOUSA for a "<u>picture copy</u> and laboratory analysis" (emphasis in the original) of certain latent finger prints. <u>See</u> Exhibit A to the Complaint for a copy of this November 7, 2002 letter.

5) By letter dated June 29, 2005, EOUSA responded to Mr. Clifton that it had located documents that originated with other agencies and that it was referring fourteen pages to the Drug Enforcement Administration (DEA), and sixteen pages to the United States Postal Service (USPS), for direct response to Mr. Clifton.[1] <u>See</u> Exhibit P to the Complaint for a copy of the June 29, 2005 response.

6) By memorandum dated June 29, 2005, EOUSA referred fourteen pages of records that originated with DEA that appeared responsive to Mr. Clifton's request dated November 7, 2002 to DEA for processing and direct response to Mr. Clifton. There were no copies of fingerprints, latent or otherwise, among the documents referred to DEA. I have received a copy of the DEA's response which shows that by letter dated October 31, 2007, DEA responded directly to Mr. Clifton. A copy of this letter is attached as Exhibit A.

7) By memorandum dated June 29, 2005, EOUSA referred sixteen pages of records that originated with USPS that appeared responsive to Mr. Clifton's request dated November 7, 2002 to USPS for processing and direct response to Mr. Clifton.

8) I declare under penalty of perjury that the foregoing is true and correct. Executed on April 2 3, 2008.

John W. Kornmeier

---

[1] When EOUSA received Mr. Clifton's request, it asked the FOIA representative for the USAO for the Eastern District of North Carolina to search for Mr. Clifton's file. She employed the Legal Information Office Network System ("LIONS"), and contacted Criminal AUSA John Bennett, the Civil FOIA Contact, and all staff. It was determined that the filed existed, but she was unable to locate it. EOUSA initially informed Mr. Clifton, by letter dated December 30, 2002, that it was unable to locate the records Mr. Clifton requested. <u>See</u> Exhibit F to the Complaint. Mr. Clifton subsequently appealed to the Office of Information and Privacy (OIP). <u>See</u> Exhibit G to the Complaint. At the request of OIP a further search was conducted. Pursuant to this search the file was located and the FOIA contact searched it for all potentially responsive records. She forwarded all the records she found to EOUSA for processing.

- 2 -

# Clifton v. United States Postal Inspection Service
## No. 08-00052 (DDC) (JDB)

Kornmeier Declaration

Exhibit A

OCT 3 1 2007

**U.S. Department of Justice**
Drug Enforcement Administration

---

DEA Case Number: 05-1218-P

Subject: CLIFTON, MARK R.

Referred to DEA by: EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS
                    (EOUSA)


Mark R. Clifton
Reg. No. 16744-056
FCI Otisville
P.O. Box 1000
Otisville, NY  10963

Dear Mark R. Clifton:

    This is in response to your Freedom of Information/Privacy Act (FOI/PA) inquiry dated October 16, 2006, to the Drug Enforcement Administration.

    We have completed our review of the referred DEA documents *(14 pages)* pursuant to your FOI/PA request dated November 7, 2002, to the above agency. The processing of your request identified certain materials that will be released to you with this letter. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail. The documents are being forwarded to you with this letter.

    Five of the 14 referred pages were found to be duplicate copies. Six of the 14 referred pages were processed under your previously processed DEA request number 99-0463-P. Please be advised that DEA will take no further action with the above duplicate and previously processed pages.

    If you wish to appeal any denial of your request, you may do so within sixty (60) days from the date of this letter pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

DEA Case Number:  05-1218-P

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF INFORMATION AND PRIVACY
NYAV BLDG., 11TH FLOOR
WASHINGTON, D.C. 20530

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Number of Pages Withheld:  02

Number of Pages Released:  01

Number of Duplicate Pages:  05

Number of Previously Processed Pages:  06

Applicable Sections of the Freedom of Information and/or Privacy Act:

| Freedom of Information Act 5 U.S.C. 522 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [x ] (b)(5) | [x ] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [ ] (b)(2) | [ ] (b)(6) | [ ] (b)(7)(D) | [x ] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [x ] (b)(7)(F) | | |

## FREEDOM OF INFORMATION ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.


## PRIVACY ACT
### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Defendant's Motion for Summary Judgment, Defendant's Statement of Material Facts as to Which There is No Genuine Issue, Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, declarations, exhibits, and proposed order were served upon plaintiff pro se by deposit of a copy thereof in the U.S. mail, postage prepaid, first class mail, addressed to:

                    Mr. Mark Clifton
                    Register No. 16744-056
                    F.C.I. Otisville
                    Post Office Box 1000
                    Otisville, NY  10963

on this 23rd day of April 2008.


                              /s/
            _____
            THOMAS E. HITTER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CLIFTON,                         )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )   Civil Action No. 08-00052 (JDB)
                                      )
UNITED STATES POSTAL                  )
  INSPECTION SERVICE,                 )
                                      )
        Defendant.                    )
_____)

<u>ORDER</u>

Upon consideration of Defendant's Motion for Summary Judgment, of all papers filed with respect thereto, and of the entire record herein, and it appearing to the Court that the granting of defendant's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, would be just and proper, it is by the Court this _____ day of _____ 2008,

ORDERED that Defendant's Motion for Summary Judgment be, and it hereby is, granted; and it is further

ORDERED that this action be, and it hereby is, dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Mr. Mark Clifton              Thomas E. Hitter
Register No. 16744056         Attorney-Advisor
F.C.I. Otisville              Office of Information and Privacy
Post Office Box 1000          United States Department of Justice
Otisville, NY 10963           1425 New York Ave., NW, Suite 11050
                              Washington, DC  20530-0001