UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 3 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mark Clifton,
      Plaintiff,

-against-                                          Civil Action No. 08-00052(JDB)

United States Postal Inspection
Service,
      Respondant.

## PLAINTIFF"S REPLY MOTION FOR SUMMARY JUDGMENT

    Plaintiff hereby moves this Court, pursuant to **Rule 56 of the Federal Rules of Civil Procedure,** for an Order granting **Summary Judgment** on the grounds. Also, pursuant to **Local Civil Rule 7(h),** Plaintiff introduce evidence that placed a genuine material issuess of fact in dispute.

    Plaintiff sought access to copies of the [photographed] **(latent-finger print)** impressions that had been used during United States Postal Inspection Service (USPIS), criminal investigation of Plaintiff, which were labeled for purposes of **laboratory analysis,** as Exhibits Q-2 and K1. (See: Degf. Mot. Sum.Ju. pg. 1 & 2)

    Plaintiff also requested a copy of the laboratory analysis of those prints and included a copy of the laboratory analysis

(1)

with his request.

By letter dated November 7, 2002, Plaintiff, also submitted a request to the **executive Office** for the **United States Attorney (EOUSA)**, a component of the **United States Department** of Justice pursuant to the **FOIA** and **Privacy Act**. See, (**Def. Mot. Sum. Jug. Pg. 2**).

By letter dated November 26, 2002, **(USPIS)** acknowledged Plaintiff's request of November 7, 2002, and assigned it **(request Number 2003-0053)**. See, (Def. Mot. Sum. Jug. pg. 2)

By letter dated May 20, 2003, Plaintiff submitted a second request to **(USPIS)** pursuant to **FOIA**. Plaintiff again sought a copy of [photographed latent print impressions] labeled as **Exhibit Q-2**, during USPIS's laboratory analysis and also asked for a copy of [photographed latent print impressions] labeled as **Exhibit Q-2**, during UPSIS's laboratory analysis, and also asked for a copy of [photographed latent fingerprints] identified as **Exhibit Q-1**. See, (Def. Mot. Sum. Jug. pg. 2).

The Plaintiff's contend in bad faith the (FOIA), defendant's made numerous false statements in it's "Motion for Summary Judgment, and Memorandum of Points and Authorities in support of defendant's Motion for Summary Judgment."

Such false statements made by the defendant's is as follows: (1) "By letter dated November 28, 2003, USPIS provided Plaintiff with document Q-2, a copy of the photograph of the evidence, in part." See, (Def.Mot.Sum.Jug. pg.5).
(2) "USPIS released the portion of the document Q-2 that was

(2)

consisted of a copy of the latent print that was identified as Plaintiff's print, and withheld the remaining portions of the document, which consisted of third party ptrints pursuant to Execmptions 6 and 7(c), of the FOIA." See, (Deff. Mot. Sum . Jug. pg. 5).

(3) "By letter dated April 12, 2007, Plaintiff administratively appealed the actions of UPSIS to the USPIS challenging the withholding madfe by USPIS.

By letter dated June 5, 2007, USPS affirmed the action of USPIS on the requests from Plaintiff for latent fingerprint impressions used hin criminal investigation, including the redactions made pursuant to execmption 6 and 7(c). See, (Def.Mem.Sun.Jug. pg. 6 and 7).

## Argument

Plaintiff's contend the defendant above outlined false statements are a continuous displayed of bad faith from the start of a request for personal latent fingerprints and proof of this accusction;  on November 28, 2003, the **United States Postal Inspection service,** forwarded the following response to Plaintiff.  Recorded Material **(Exhibits K-1 and Q-2)**

> " Enclosed are two pages of record material (Exhibits K-1 and Q-2) which can be released to you in their <u>entirety</u>. Since no latent fingerprints were developed on Exhibit Q-1 this record is not available for disclosure.

(3)

> Any latent fingerprints which may have been developed on Exhibit Q-2 would be execmpt from disclosure under Section 552(b)(6), where release of personnal privacy; and Section 552 (b)(7)(c), where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy."
> See, (Reardon Decl. Exhibit 5)

Plaintiff's contend the above letter is written in a contradictory manner meaning in one breath the defendant stated "Exhibit K-1 and Q-2) whic can be released to you in their entirety."

Then in another breath the defendant states "any latent fingerprints which may have been developed on Exhibit Q-2 would be exempt from disclosure under Section 552 (b)(6). Where release of personal and similar files would constitute a clearly unwarranted invasion of personal privacy; and section 552 (b)(7)(c)."

The defendant, is trying to use the above November 28, 2008, rewsponse letter to Plaintiff November 7, 2002, request letter for his personal latent fingerprints, as an excuse for wantonness act of a **Brady** violation committed at Plaintiff trial.

Furthermore, the defendant has taken great pain to use Section 552 (b)(6) and Section 552 (b)(709c), as a shield to prevent Plaintiff from further disclosure on Exhibit Q-2.

(4)

Plaintiff's contend the defendant prejudicial statement made in its own motion for **Summary Judgment** and **Memorandum** in support of **Summary Judgment**, clearly shows the defendant's bad faith intention to withhold material documented evidence. That was favorable to the Plaintiff's innocence in his criminal prosecution case.

> **United States v. Agurs**, 427 U.S. at 104: "The Court has applied a strict standard of materiality, just because they involve prosecutorial misconduct, but more importantly because they involve a corruption of the truth seeking function of the trial process."

Plaintiff's will admit to the fact that due to the defendant continuous showing of bad faith effort to withhold material evidence (**latent prints**) on Exhibit Q-2.

Plaintiff now moves the Court to compel the defendant to further disclosure of third parties latent prints found on the box, containing the drugs, even though the Plaintiff request for the third party latent prints is a personal guest to over-turn his conviction.

However, Plaintiff merit this right once he presented clear and convincing evidence of the defendant show of bad faith where a blatant **Brady violation** has surly been committed in the instance case. "Public at large has an important stake in ensuring that criminal justice is fairly administered; to the extent disclosure may remedy and deter **Brady violations**, society stands to gain."

(5)

Ferri v. Bell, 645 F.2d 1213, 1218(3d Cir. 1981)(Prisoner sought information to overturn a conviction).

Plaintiff's contend such results give birth to a simultaneously advances an indirect public purpose satisfying the standard for disclosure under the privacy - based exemptions. See, Ferri v. Bell, 671 F.2d 769, 771(3d Cir. 1982) "The purpose of the remand is simply to determine whether a Brady claim exists that is sufficiently colorable so that the public interest in fair administration of justice warrants disclosure despite exemption 7(c).

As a rule, the public interest in exposing government correction and wrong doing is the primary rationale for FOIA. See, N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159(1978) The basic purpose of FOIA is to ensure an informed citizenry vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed."

The defendant's in its memorandum states "Lastly, USPIS has carefully reviewed document Q-2, and has released to plaintiff the portion of the document containing his fingerprints.

USPIS has determined that it was not possible to segregate any further portions of this document for release to plaintiff without a disclosure that could reasonably be expected to result in the hears congnizable under Exemption 7(c).

(6)

To release more would surely violate the very privacy interest that is being protected." See, (Def. Mot. Sum. Jug. pg. 20).

Plaintiff's contend the defendant is in error with the false belief that it can only release a portion of the document Q-2 containing only Plaintiff's fingerprints behind the shield of **Exemption 7(c)**, when the Plaintiff's fingerprints and the third parties prints are inextricably intertwined that it is impossible to separate them.. The issue of whether they are intertwined is itself a matter of fact which must be determined by the trial court as the trier of fact. See, **E.P.A. v. Mink**, 410 U.S. 73, 35 L.Ed.2d 119, 93 S.Ct. 827(1973).

Yet in this regard, administrative agencies should consider the example set by government investigative agencies following the passage of the **Jencks Act.** 18 U.S.C. § 3500(1970) confronted with a congressional mandate to disclose information relevant to the testimony of witnesses in criminal trials, investigative agencies adopted procedures that assured proper disclosure. See, **Vaughn v. Rosen**, 484 F.2d 820(1973).

Congress has directed the Federal Courts to require more evidence of exempt status than mere location of records in a law enforcement file. See, **Celcum Communication Corp. v. F.C.C.**, &*( F.2d 67(D.C. Cir. 1986).

(7)

## IN CONCLUSION

Plaintiff, **Mark Clifton**, prays that this Honorable Court will grant **Summary Judgment** to compel the government to further release discovery on the develop third parties latent prints. Due to the defendant's intentional show of "**bad faith**" to violate its <u>Brady</u> obligation to the Plaintiff, trial court and jury. All resulting in a gross prejudice toward Plaintiff, to not receive due process, the process due to him in receiving a fair trial.

*Mark Clifton*
Mark Clifton

(8)

## PROOF OF SERVICE

I certify that on June 26, 2008, I mark Clifton, mailed a copy of the enclosed reply motion for Summary Judgment via <u>First Class Mail</u> to the following parties:

       Thomas E. Hitter
       Attorney - Advisor
       Office of Information and Privacy
       United States Department of Justice
       1425 New York Ave., NW Suite 11050
       Washington, DC 20530-0001

I, Mark Clifton, do certify under the penalty of perjury that the forgoing is true and correct pursuant to 28 U.S.C. § 1746.

Dated: June 26, 2008

cc: Clerk of Court
    File

*[signature: Mark Clifton]*
Mark Clifton
Fed.Reg.No.16744-056
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963