UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CLIFTON,                      )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    Civil Action No. 08-00052 (JDB)
                                   )
UNITED STATES POSTAL               )
   INSPECTION SERVICE,             )
                                   )
        Defendant.                 )
_____    )

DEFENDANT'S OPPOSITION TO PLAINTIFF'S "REPLY MOTION
FOR SUMMARY JUDGMENT" AND REPLY IN FURTHER SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

Plaintiff commenced this action pro se on January 11, 2008,
pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552
(2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-
175, 121 Stat. 2524, and the Privacy Act of 1974, 5 U.S.C. § 552a
(2006), seeking the release of records concerning himself, that
are maintained by the United States Postal Inspection Service
(USPIS).  On April 23, 2008, defendant moved for summary judgment
on the basis that no records were improperly withheld.  On
June 30, 2008, plaintiff filed a "Reply Motion for Summary
Judgment" [hereinafter Plaintiff's Motion].[1]  Defendant now files

_____

[1] Defendant has construed plaintiff's June 30, 2008 filing
as a cross motion for summary judgment, as well as an opposition
to defendant's motion for summary judgment.  Defendant also notes
that plaintiff did not comply with Local Rule 7(h) that each
motion for summary judgment "shall be accompanied by a statement
of material fact."  See L. Cv. R. 7(h).  As plaintiff did not
oppose defendant's statement of facts, the court may, pursuant to
(continued...)

-2-

this reply memorandum in support of its motion for summary
judgment and in opposition to plaintiff's cross-motion.

Based upon defendant's motion for summary judgment, the
accompanying declarations of David M. Reardon, Inspector
Attorney, Office of Counsel, USPIS, United States Postal Service
(USPS) [hereinafter Reardon Declaration], and John W. Kornmeier,
Attorney-Advisor, Executive Office for United States Attorneys,
United States Department of Justice, filed April 23, 2008, the
entire record herein, and for the reasons set forth below,
defendant respectfully submits that plaintiff's arguments are
without legal merit and defendant is entitled to judgment as a
matter of law pursuant to Rule 56 of the Federal Rules of Civil
Procedure.

<u>Argument</u>

Plaintiff's "Reply Motion for Summary Judgment" consists of
three primary arguments, each of which challenges the propriety
of defendant's withholdings.  As clearly shown by the record in
this case, however, defendant has amply demonstrated that it has
released all portions of the records responsive to plaintiff's
request that are not exempt from disclosure under the FOIA.  (<u>See</u>
Memorandum of Points and Authorities in Support of Defendant's

---

[1](...continued)
Local Rule 7(h), assume the facts identified by defendant are
admitted.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Hunter v. Rice</u>, 480 F. Supp. 2d 125,
130 (D.D.C. 2007), <u>aff'd</u>, No. 07-5163, 2007 U.S. App. LEXIS 26709
(D.C. Cir).

-3-

Motion for Summary Judgment [hereinafter Defendant's Memorandum],
filed Apr. 23, 2008, at 8-20.)

First, plaintiff argues that the "contradictory manner" in
which defendant's November 28, 2003 letter was written is
evidence of defendant's "bad faith to withhold material
evidence." (Pl.'s Mot. at 3-4.) Defendant acknowledges that its
November 28, 2003 letter to plaintiff, written in response to
plaintiff's FOIA request, was not altogether clear. (See Reardon
Decl. ¶ 12 Ex. 5.) The letter first stated that the two
documents at issue, labeled as K-1 and Q-2, "can be released to
you in their entirety," and then, two sentences thereafter,
informed plaintiff that "[a]ny latent fingerprints which may have
been developed on Exhibit Q-2 would be exempt from disclosure."
(Id.)

After thoroughly reviewing the administrative file, the
declarant went into considerable detail to resolve any ambiguity
in that letter. (See id. ¶¶ 31-38.) The declarant carefully
detailed USPIS's processing of each of the responsive documents.
(See id. ¶¶ 31-48.) Most notably, the declarant emphasized that
USPIS released document K-1 with no redactions (id. ¶ 31), and
provided plaintiff with document Q-2 in part (id. ¶ 38). With
regard to document Q-2, the declaration specifically states that
"USPIS released the latent fingerprint that was identified as
plaintiff's print" and "[t]he remaining prints were withheld

-4-

pursuant to FOIA Exemptions 6 and 7(C)." (Id.) While admittedly
the FOIA response letter could have been more clearly written,
this lack of clarity does not give rise to a showing of bad faith
as plaintiff suggests. See, e.g., Accuracy in Media, Inc. v.
Nat'l Park Serv., 194 F.3d 120, 125 (D.C. Cir. 1999) (holding
that alleged discrepancies identified in published materials
concerning highly publicized matter was not evidence of bad
faith); see also Blue v. Bureau of Prisons, 570 F.2d 529, 534
(5th Cir. 1978) (finding no bad faith as the agency's non-
disclosure was not "designed to avoid embarrassment or to thwart
the requestor"). USPIS's thorough explanation of the November
28, 2003 letter and its handling of plaintiff's FOIA request,
demonstrates its good faith effort to clarify any confusion.

Second, plaintiff argues that there is a public interest in
the third-party fingerprints that "warrants disclosure despite
[E]xemption 7(C)." (Pl.'s Mot. at 6.) Specifically, plaintiff
asserts there is a public interest "in exposing government . . .
wrongdoing" under the FOIA, "where a blatant Brady violation has
surly [sic] been committed." (Id. at 5-6.)

With regard to plaintiff's seeming allegations of government
misconduct at his criminal trial, plaintiff has not met the
standard established by the Supreme Court in NARA v. Favish, 541
U.S. 157 (2004), that is necessary to compel disclosure under the
FOIA. Plaintiff merely raises vague allegations against

-5-

defendant, claiming that the agency has acted in "bad faith" or that it has made "numerous false statements."  (Pl.'s Mot. at 2, 4-5.)  Plaintiff produced no evidence, however, to "warrant a belief by a reasonable person that [an] alleged Government impropriety might have occurred." Favish, 541 U.S. at 175; see Summers v. U.S. Dep't of Justice, No. 98-1837, slip op. at 19 (D.D.C. Apr. 13, 2004) (citing Favish and finding no merit to plaintiff's allegations because "plaintiff has not provided any evidence that the FBI acted improperly").  Accordingly, "[p]laintiff [has not asserted] any discernible public interest" in the information withheld.  (Reardon Decl. ¶ 47.)

As to plaintiff's contention that defendant is using the FOIA to suppress material to which plaintiff is entitled under Brady v. Maryland, 373 U.S. 83 (1963) (see Pl.'s Mot. at 4-5), the FOIA is not the proper avenue to raise Brady-type allegations.  See, e.g., Billington v. Dep't of Justice, 11 F. Supp. 2d 45, 63 (D.D.C. 1998) (stating that "requests for Brady material are 'outside the proper role of FOIA'" (quoting Johnson v. Dep't of Justice, 758 F. Supp. 2, 5 (D.D.C. 1991))), aff'd in pertinent part, 233 F.3d 581 (D.C. Cir. 2000).  As this Court has previously held, a requester does not have greater rights under the FOIA when he is seeking exculpatory statements that he believes should have been produced at trial under Brady.  See Billington, 11 F. Supp. 2d at 63.  Consequently, defendant is not

-6-

required under the FOIA to determine whether the responsive material constitutes, or would have constituted, Brady material in plaintiff's prosecution. See, e.g., Johnson, 758 F. Supp. at 5 (holding that the FBI FOIA section did not have "competence nor the authority to make Brady-type judgments" and "[j]udicial process is available both pre-trial and post-trial for these purposes").

In fact, rather than asserting the type of "public interest" necessary under the FOIA, which requires a showing that disclosure would "shed[] light on an agency's performance of its statutory duties," U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989), plaintiff continues to argue that he seeks the material at issue to overturn his conviction. (See generally, Compl. & Pl.'s Mot.) Courts have consistently found that such an interest is personal to the FOIA requester, and does not further the public interest. See, e.g., Neely v. FBI, 208 F.3d 461, 464 (4th Cir. 2000) (stating that "courts have sensibly refused to recognize, for purposes of FOIA, a public interest in nothing more than the fairness of a criminal defendant's own trial"); Taylor v. U.S. Dep't of Justice, 257 F. Supp. 2d 101, 110 (D.D.C. 2003) (finding no public interest in disclosure of third-party information that the requester asserted might assist him in challenging his conviction), reconsideration denied, 268 F. Supp. 2d 34 (D.D.C.

-7-

2003), <u>appeal dismissed sub nom.</u> <u>Taylor v. FBI</u>, No. 03-5111, 2003
WL 22005968 (D.C. Cir. Aug. 19, 2003).  Consequently, any agency
is not required to "forego FOIA exemptions for a document in its
possession because the document has been identified as possibly
exculpatory."  <u>Johnson</u>, 758 F. Supp. at 5.  As previously
described, in making its disclosure determination, defendant
weighed the interests at stake, and determined that the
"plaintiff may have an interest in the release of the [third-
party prints], but such an interest does not overcome the privacy
interests of these individuals."  (Reardon Decl. ¶ 47.)

Furthermore, plaintiff's reliance on <u>Ferri v. Bell</u>, 645 F.2d
1213 (3d Cir. 1981), <u>vacated and reinstated in part on reh'g</u>, 671
F.2d 769 (3d Cir. 1982), to establish an "indirect public
purpose" in disclosure of third-party fingerprints (Pl.'s Mot. at
6), is unavailing in this Circuit.  <u>See, e.g.</u>, <u>Oguaju v. United
States</u>, 288 F.3d 448, 451 (D.C. Cir. 2002) (holding that while
the Third Circuit, in <u>Ferri</u>, "once indulged the argument" that
proving a <u>Brady</u> violation could serve [an] 'indirect public
purpose,' that decision was prior to the Supreme Court's holding
in <u>Reporter's Committee</u>), <u>vacated & remanded</u>, 541 U.S. 970, <u>on
remand</u>, 378 F.3d 1115 (D.C. Cir.) (reaffirming prior decision),
<u>reh'g denied</u>, 386 F.3d 273 (D.C. Cir. 2004), <u>cert. denied</u>, 544
U.S. 983 (2005).  This Court has consistently found that "a bald
accusation of a <u>Brady</u> violation" is insufficient to demonstrate a

-8-

public interest under the FOIA.  See Oguaju, 288 F.3d at 451; see also Canning v. U.S. Dep't of Justice, 919 F. Supp. 451, 457 (D.D.C. 1994) (holding that "unsupported allegations" of Brady violations were "insufficient to meet the 'public interest' prong of the Exemption 7(C) balancing").  Plaintiff raises no specific allegations of misconduct during the investigation or prosecution of him by USPIS or USPS, but only appears to incorrectly assert that the FOIA requires the release of this information to him under Brady.  (Def.'s Mot. at 19.)

     Lastly, plaintiff appears to argue that defendant did not properly segregate the releaseable information from the exempt portions.  Plaintiff raises the unusual argument that the FOIA requires defendant to release third-party fingerprints if those prints are "inextricably intertwined" with plaintiff's prints. (Pl.'s Mot. at 7.)  Plaintiff's argument wrongly suggests that such a finding is a basis for disclosure under the FOIA.  In fact, Courts have consistently held the reverse:  that when releaseable information is inextricably intertwined with exempted portions of a record, the otherwise releaseable material should be withheld.  See, e.g., Delta Ltd. v. U.S. Customs & Border Prot. Bureau, 384 F. Supp. 2d 138, 151-52 (D.D.C. 2005) (finding that factual portions of records were inextricably intertwined with deliberative portions protected under Exemption 5 and therefore were not releaseable); McMillian v. BOP, No. 03-1210,

-9-

2004 WL 4953170 (D.D.C. July, 23, 2004) (finding no portion of a
transcript between plaintiff and his attorney could be released
since all parts of the conversation were inextricably intertwined
with material exempt under Exemption 7(C)).  Here, as the
declarant attests, all reasonably segregable information was
released to plaintiff.  (Reardon Decl. ¶ 51.)

     Plaintiff also appears to argue that the Jencks Act, 18
U.S.C. § 3500 (2006), requires defendant to further segregate
releaseable information.  The Jencks Act, however, is
inapplicable to this action.  That statute applies to federal
prosecutions and mandates disclosure of information during a
prosecution if that information is relevant to the testimony of
witnesses.  See id.  Plaintiff cites to Vaughn v. Rosen, 484 F.2d
820 (D.C. Cir. 1973) as support for the Jencks Act's
applicability to FOIA.  (Pl.'s Mot. at 7.)  While the Court in
Vaughn v. Rosen did cite to the Jencks Act, if did so for the
limited purpose of recommending that agencies adopt internal FOIA
procedures, similar to those applied under the Jencks Act, to
allow for the easy segregation of disclosable information from
that which is exempt.  Vaughn, 484 F.3d at 828 n.23.

     As described in the Reardon Declaration, which is to be
"accorded a presumption of good faith," SafeCard Servs., Inc. v.
SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991), defendant has
"reviewed each page of the material identified as responsive to

-10-

determine whether all non-exempt, reasonably segregable
information was released to plaintiff." (Reardon Decl. ¶ 51.)
Based on this review, defendant "determined that all responsive,
non-exempt, reasonably segregable information has now been
provided to plaintiff." (Id.)  As defendant previously stated,
there is nothing more that can be released without disclosing the
very information that warrants protection.  (Def.'s Mem. at 20.)

    In addition to his three primary arguments, plaintiff makes
other allegations that warrant only minimal discussion here.
First, plaintiff states that "more evidence of exempt status than
the mere location of a record in a law enforcement file" is
necessary.  (Pl.'s Mot. at 7.)  While this proposition is true,
plaintiff has failed to articulate its applicability to this
action.  Defendant has not only clearly demonstrated that the
USPIS's records in this instance were compiled for a law
enforcement purpose (Def.'s Mem. at 10-13; Reardon Decl. ¶¶ 39-
41), but defendant also has performed a balancing of public and
private interests, necessary when applying Exemption 7(C) and
provided a detailed description of that balancing under this law
enforcement exemption.  (Def.'s Mem. at 12-20; Reardon Decl.
¶¶ 42-48.)

    Finally, plaintiff seemingly concludes by requesting
discovery "on the develop [sic] third parties latent prints."  To
the extent plaintiff is seeking discovery, there has been no

-11-

showing by plaintiff of any bad faith by defendant in processing the responsive documents that would require discovery.[2]  If plaintiff is in fact requesting discovery, it can only be an improper attempt to obtain the contents of the withheld material. See, e.g., Tax Analysts v. IRS, 410 F.3d 715, 722 (D.C. Cir. 2005) (reasoning that "[Appellants's] demand for further inquiry into the substance of the documents would, if granted, turn FOIA on its head, awarding Appellant in discovery the very remedy for which it seeks to prevail in the suit"); Johnson 758 F. Supp. at 4 ("FOIA is not a discovery statute.").

## Conclusion

For the foregoing reasons, and based on the entire record herein, defendant respectfully requests that its motion for

---

[2]  Plaintiff has made claims throughout his motion that defendant has acted in bad faith, but he has offered no evidence to support this allegation other than his personal opinion. (See, e.g., Pl.'s Mot. at 5.)

-12-

summary judgment be granted and that plaintiff's cross-motion be

denied.

Respectfully submitted,


_____
JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney


_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney


_____/s/_____

Dated:   July 22, 2008      Thomas E. Hitter
                            Attorney-Advisor
                            Office of Information and Privacy
                            United States Department of Justice
                            1425 New York Ave., NW, Suite 11050
                            Washington, DC  20530-0001
                            (202) 307-6003

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CLIFTON,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    Civil Action No. 08-00052 (JDB)
                                 )
UNITED STATES POSTAL             )
  INSPECTION SERVICE,            )
                                 )
        Defendant.               )
_____  )

<u>ORDER</u>

Upon consideration of defendant's Motion for Summary Judgment, plaintiff's "Reply Motion for Summary Judgement," of all the papers filed with respect thereto, and of the entire record herein, and it appearing to the Court that the granting of defendant's motion, and the denial of plaintiff's motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, would be just and proper, it is by the Court this _____ day of _____ 2008,

ORDERED that defendant's Motion for Summary Judgment be, and it hereby is, granted; and it is further

ORDERED that plaintiff's "Reply Motion for Summary Judgment" be, and it hereby is, denied; and it is further

-2-

ORDERED that this action be, and it hereby is, dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Mr. Mark Clifton                    Thomas E. Hitter
Register No. 16744056               Attorney-Advisor
F.C.I. Otisville                    Office of Information and Privacy
Post Office Box 1000                United States Department of Justice
Otisville, NY 10963                 1425 New York Ave., NW, Suite 11050
                                    Washington, DC  20530-0001

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Defendant's Opposition to Plaintiff's "Reply Motion for Summary Judgment" and Reply in Further Support of Defendant's Motion for Summary Judgment and proposed order were served upon plaintiff pro se by deposit of a copy thereof in the U.S. mail, postage prepaid, first class mail, addressed to:

                    Mr. Mark Clifton
                    Register No. 16744-056
                    F.C.I. Otisville
                    Post Office Box 1000
                    Otisville, NY  10963

on this 22nd day of July 2008.


                              _____/s/_____
                              THOMAS E. HITTER