UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **MARK CLIFTON,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-0052 (JDB) |
| **UNITED STATES POSTAL INSPECTION SERVICE,** | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

In this suit brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the plaintiff argues that he is entitled to receive an unredacted copy of a photograph showing third parties' latent fingerprints on a box that contained illegal drugs; that box was used as evidence in plaintiff's prosecution on federal drug charges. Because the plaintiff has not shown that his interest in the third parties' latent prints outweighs their privacy interests, the defendant's motion for summary judgment will be granted.

By letter request to multiple agency departments, the plaintiff requested from his criminal investigation file "a picture copy and laboratory analysis of . . . (1) latent fingerprints labeled as Exhibit Q-2 and (2) latent fingerprints labeled as Exhibit K-1" and "a copy of photographed latent fingerprints marked as exhibit[] Q-1."[1] As to Exhibit Q-1, the defendant United States Postal Inspection Service advised the plaintiff that there was no photograph of latent fingerprints and, therefore, no document responsive to his request. (Def.'s Mot. for Summ. J. at 5, 7.) As to

---

[1] Copies of the letters requesting the documents are appended as Exhibits 1 and 3 to the Declaration of David Reardon, Apr. 23, 2008, filed with and in support of the Defendant's Motion for Summary Judgment.

Exhibit K-1, the defendant released to the plaintiff a copy of a photograph of all the fingerprints on Exhibit K-1, all of which were plaintiff's fingerprints. As to Exhibit Q-2, on which the dispute in this action centers, the defendant released to plaintiff a copy of a photograph of Exhibit Q-2 that showed only the plaintiff's fingerprints, with the fingerprints of third parties redacted. (*Id.*) In explaining the redaction, the defendant asserted FOIA Exemption 7(C), which exempts from disclosure any record or information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[2] Plaintiff now asks this Court to require the defendant to disclose in full the photograph of Exhibit Q-2 showing the third parties' latent fingerprints . (*See* Pl.'s Opp'n at 5.)[3]

Based on the parties' submissions, it appears that there is no dispute that the photograph at issue was compiled for law enforcement purposes, and also no dispute that the disclosure of images of a person's fingerprints, a unique identifier, could reasonably be expected to constitute an unwarranted invasion of privacy. Rather, the plaintiff argues that even though the fingerprints belong to third parties, because his request is made in an effort to overturn his criminal conviction on federal charges for drug trafficking, the third parties' interest in privacy is outweighed by his interest in the information. (*Id.*) In support of his argument, the plaintiff asserts that a *Brady* violation "has surely been committed in the instant case." (*Id.*)[4]

---

[2] Originally, the defendant cited more than one justification for withholding the images of third parties' fingerprints, but now is defending its decision only under Exemption 7C.

[3] Plaintiff has styled his opposition as a Reply Motion for Summary Judgment. Defendants have construed it as both an opposition and a motion for summary judgment. This Court will treat it as an opposition.

[4] Plaintiff also points to an apparent mistake in one of the defendant's letters that said it was releasing two documents in their entirety, when in fact it was releasing only one document in

For the reasons stated in the defendant's reply (*see* Def.'s Reply at 3-8), the plaintiff's *Brady* argument is both misplaced and ineffective. It is misplaced because a *Brady* violation is a matter appropriately addressed to the court that sentenced the prisoner, not through a FOIA action. *See Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear a convict's complaint regarding errors that occurred before or during sentencing). It is ineffective because the plaintiff here merely asserts a *Brady* violation, without providing any supporting facts. Such a conclusory assertion does not give this Court any factual basis upon which to conclude that the plaintiff's interest in the information outweighs the third parties' legitimate interest in keeping the images of their fingerprints private. The D.C. Circuit has made clear, in accord with the Supreme Court's decision in *National Archives and Records Admin. v. Favish,* 541 U.S. 157 (2004), that a bald assertion of a *Brady* violation does not meet the standard required under Exemption 7(C) to outweigh the cognizable privacy interests in the records at issue. *Oguaju v. United States,* 378 F.3d 1115, 1116-17 (D.C. Cir. 2004) (reaffirming its holding upon remand for reconsideration in light of *Favish*).

On this record, it is clear that the defendant properly applied Exemption 7(C) to withhold the photographic images of third parties' fingerprints, and segregated and disclosed the information in that photograph that was not exempt. As the plaintiff has not made a showing that would support the conclusion that the government acted improperly with respect to his rights

---

its entirety and releasing the other with redactions. (*See* Pl.'s Opp'n at 3-4.) The remainder of the letter explained the redactions, and the error is obviously just that, an error. Plaintiff's efforts to capitalize on what is clearly a mistaken choice of words in one letter lacks merit and cannot be bootstrapped into an issue of any substance.

under *Brady*, he has not shown that he is entitled to the requested information in derogation of the privacy interests of the third parties. *Oguaju*, 378 F.3d. at 1116. Accordingly, the defendant's motion for summary judgment will be granted by separate order accompanying this memorandum opinion.

/s/
JOHN D. BATES
United States District Judge

Date: December 22, 2008